IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2005 MAY 16 A 9:58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIE C. ALEXANDER and )
BELINDA N. PITMAN, )
 )
    Plaintiffs, )
 ) 2:05CV449-T
VS. )
 )
 ) **DEMAND FOR JURY TRIAL**
 )
CERTEGY CHECK SERVICES, INC., )
 )
    **Defendant.**

## CLASS ACTION COMPLAINT

Plaintiffs, Willie C. Alexander and Belinda N. Pitman by and through the undersigned attorneys, bring this action against Defendant Certegy Check Services, Inc. (hereinafter "Defendant" or "Certegy") on the grounds and in the amounts set forth herein.

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq. Plaintiffs seek statutory damages, punitive damages, costs and attorneys fees.

### THE PARTIES

2. Plaintiff Willie C. Alexander (Alexander) is a consumer, a resident and a citizen of Bullock County in the State of Alabama and of the United States. Alexander is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Plaintiff Belinda N. Pitman (Pitman) is a consumer, a resident and a citizen of Mobile County in the State of Alabama and of the United States. Pitman is a "consumer" as

1

defined by § 1681a(c) of the FCRA.

4. Defendant Certegy is a corporation doing business in Alabama and incorporated under the laws of Delaware. Certegy's principal place of business is Alpharetta, Georgia.

5. Certegy is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6. Certegy dispenses such consumer reports to third party subscribers under a contract for monetary compensation.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

8. Venue is proper in the Middle District of Alabama pursuant to FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

9. On or about September 23rd 2004 Alexander was shopping at a Wal-Mart retail store located in Eufaula, Alabama and attempted to cash a check from his employer.

10. After presentation of the check, a Wal-Mart employee refused to accept it based on information contained in a consumer report provided by the Defendant, Certegy.

11. Plaintiff received a receipt from the Wal-Mart clerk which contained the

following language: "We cannot cash this check. Our decision was based on information provided by Certegy Check Services, Inc. The Fair Credit Reporting Act gives you the right to know what is in your check transactions file at Certegy. You have the right to a free copy of your file from Certegy if you request it within 60 days. If you find the information in the file is inaccurate, you have a right to dispute it with Certegy. You can contact Certegy Check Services at 866-278-5478, or P.O. Box 30046, Tampa, FL 33630-3046."

12. Plaintiff, on or about September 28th 2004, contacted the Defendant by mail according to the instructions on the denial receipt and requested a copy of his consumer report maintained by Certegy that contained the adverse information.

13. The Plaintiff received a letter from the Defendant on or about October 12th 2004 requesting the following information: Driver License or ID number, State of Issuance, Date of Birth, Check Routing and Account Number, Date and Dollar amount of Transaction, and Merchant or Name of Store.

14. On or about October 13th 2004, the Plaintiff provided to the Defendant all the information sought by its October 12 letter.

15. The Plaintiff received a second letter from the Defendant on or about November 5th 2004 referring to and describing its business practices and its check authorizing services.

16. At the end of the correspondence, the Defendant states "there were no returned checks on file; the check fell outside of approval guidelines. Unfortunately, we did not have any additional information at the time to override the decline..."

17. After review of the November 5th 2004 letter, which did not disclose a copy of his consumer report, Plaintiff sent another request sometime in November, 2004 requesting a copy

3

of his consumer file from Certegy.

18. Plaintiff received no response from Certegy to his second request.

19. Plaintiff requested a copy of his file for a third time on or about December 10, 2004.

20. The Plaintiff has received no further responses from Certegy regarding his requests for a copy of his consumer file.

21. Plaintiff Pitman, on or about December 22nd 2004, wrote a check for $98.02 at Bed, Bath & Beyond, a department store located in Mobile Alabama.

22. After presentation of the check, a Bed Bath & Beyond employee refused to accept it based on information contained in a consumer report provided by the Defendant, Certegy.

23. Pitman received a phone number and instructions to contact Defendant regarding the decision made to refuse her check from the Bed Bath & Beyond clerk.

24. Pitman, on or about December 29th 2004, contacted the Defendant by mail and by telephone requesting a copy of her consumer report maintained by Certegy.

25. Pitman received a letter from the Defendant on or about January 5th 2004 requesting the following information: Driver License or ID number, State of Issuance, Date of Birth, Check Routing and Account Number, Date and Dollar amount of Transaction, and Merchant or Name of Store.

26. Immediately after receiving the letter, she provided to the Defendant all the information requested.

27. Pitman has received no further responses from Certegy regarding her requests for her consumer file.

4

## FAIR CREDIT REPORTING ACT

28.    The Fair Credit Reporting Act was enacted to require consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner that is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information. 15 U.S.C. § 1681(b).

29.    Whenever a consumer is subjected to an adverse action based in whole or in part on a consumer report he or she is entitled to a free copy of his or her consumer file.[1]

30.    Section 1681g states the following:

**(a) Information on file; sources; report recipients**

Every consumer reporting agency shall, upon request, and subject to section 1681h (a)(1) of this title, clearly and accurately disclose to the consumer:
**(1)** All information in the consumer's file at the time of the request, except that nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.
**(2)** The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.
**(3)**    **(A)** Identification of each person (including each end-user identified under section 1681e (e)(1) of this title) that procured a consumer report—
**(i)** for employment purposes, during the 2-year period preceding the date on which the request is made; or
**(ii)** for any other purpose, during the 1-year period preceding the date on which the request is made.

---
[1] See 15 U.S.C. § 1681j(b)

    **(B)** An identification of a person under subparagraph (A) shall include—

      **(i)** the name of the person or, if applicable, the trade name (written in full) under which such person conducts business; and

      **(ii)** upon request of the consumer, the address and telephone number of the person.

    **(C)** Subparagraph (A) does not apply if—

      **(i)** the end user is an agency or department of the United States Government that procures the report from the person for purposes of determining the eligibility of the consumer to whom the report relates to receive access or continued access to classified information (as defined in section 1681b (b)(4)(E)(i) of this title); and

      **(ii)** the head of the agency or department makes a written finding as prescribed under section 1681b (b)(4)(A) of this title.

 **(4)** The dates, original payees and amounts of any checks upon which is based any adverse characterization of the consumer, included in the file at the time of the disclosure.

 **(5)** A record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer.

  **(b) Exempt information**

The requirements of subsection (a) of this section respecting the disclosure of sources of information and the recipients of consumer reports do not apply to information received or consumer reports furnished prior to the effective date of this subchapter except to the extent that the matter involved is contained in the files of the consumer reporting agency on that date.

  **(c) Summary of rights required to be included with disclosure**

   **(1) Summary of rights**

    A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section—

    **(A)** a written summary of all of the rights that the consumer has under this subchapter; and

    **(B)** in the case of a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours.

   **(2) Specific items required to be included**

The summary of rights required under paragraph (1) shall include—

    **(A)** a brief description of this subchapter and all rights of consumers under this subchapter;

    **(B)** an explanation of how the consumer may exercise the rights of the consumer under this subchapter;
    **(C)** a list of all Federal agencies responsible for enforcing any provision of this subchapter and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;
    **(D)** a statement that the consumer may have additional rights under State law and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general to learn of those rights; and
    **(E)** a statement that a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 1681c of this title or cannot be verified.

**(3) Form of summary of rights**
For purposes of this subsection and any disclosure by a consumer reporting agency required under this subchapter with respect to consumers' rights, the Federal Trade Commission (after consultation with each Federal agency referred to in section 1681s (b) of this title) shall prescribe the form and content of any such disclosure of the rights of consumers required under this subchapter. A consumer reporting agency shall be in compliance with this subsection if it provides disclosures under paragraph (1) that are substantially similar to the Federal Trade Commission prescription under this paragraph.

  31. Certegy is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

  32. Certegy prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding the Plaintiffs, as defined in the FCRA 15 U.S.C. § 1681a(d).

  33. Certegy and its subscribers have access to consumer credit reports, prepared by Certegy, from the same data pool, in the same database, and Certegy has duties to each consumer, including Plaintiffs, about whom they report, as provided for in the FCRA.

  34. Defendant Certegy provides credit, debit and merchant card processing, e-banking, check risk management and check cashing services to over 6,000 financial institutions,

117,000 retailers and 100 million consumers worldwide. Certegy collects data pertaining to consumers throughout the United States, the United Kingdom, Ireland, France, Chile, Brazil, Australia and New Zealand. [2]

35. The FCRA, § 610(c), 15 U.S.C. § 1681h(c), requires Certegy to provide "trained personnel" to explain Certegy's consumer reports to consumers who telephone Certegy seeking information.

36. Every day, Certegy receives thousands of inquiries from consumers claiming that their consumer reports contain inaccurate information or other erroneous information. Certegy is required by law to reinvestigate alleged inaccuracies and report the results of its reinvestigations to consumers along with a copy of the consumer's revised report. Because it is not allowed to charge consumers for these reinvestigations, it conducts reinvestigations that are perfunctory and superficial at best and it fails to send consumers copies of their reports. By failing to send free copies of the consumers' revised consumer reports, Certegy is intentionally violating disclosure mandates of the FCRA and consumers such as plaintiffs are denied the opportunity to see the reports and request a reinvestigation of any inaccurate information contained therein.

37. Certegy is apparently disseminating false and inaccurate credit data about the plaintiffs.

38. Plaintiffs seek to review their consumer reports from Defendant Certegy in order to learn what it is reporting about them and exercise their rights under the FCRA.

## CLASS ALLEGATIONS

39. Plaintiffs pray that this Court will certify this action as a class action as provided

---

[2] See: http://www.corporate-ir.net/ireye/ir_site.zhtml?ticker=CEY&script=2100

by Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs bring this action on behalf of themselves and all members of the following class:

40.   All consumers in the United States and its Territories who requested a consumer disclosure from Defendant pursuant to 15 U.S.C. § 1681j(b) and to whom the Defendant failed to send a free consumer disclosure that complies 15 U.S.C. § 1691g.

41.   The members of the class are sufficiently numerous that joinder of all members is impractical.

42.   There are numerous questions of law and fact common to the class. These common questions include but are not limited to the following:

   a.   whether the Defendant violated the provisions of the Fair Credit Reporting Act;

   b.   how frequently and persistently the Defendant failed to comply with the provisions of the FCRA;

   c.   the nature of the Defendant's noncompliance with the FCRA;

   d.   whether the Defendant is liable for exemplary or punitive damages based upon its behavior vis a vis the class;

   e.   if the Defendant is found liable for punitive damages, the appropriate measure of such damages; and

   f.   the amount of statutory and/or actual damages that the Plaintiffs and the class members are entitled to recover.

43.   Plaintiffs further aver that their claims as representatives of the class are typical of

the class.

44.     Plaintiffs further aver that in a representative capacity they will fairly and adequately protect the interests of the class members.

45.     Names and addresses of class members are presently unknown to Plaintiffs but can be readily ascertained from the Defendant's business records.

46.     The common questions of law and fact predominate over any questions affecting only individual class members. The claims that the Defendant failed to send the Plaintiffs and class members free copies of their consumer reports as required by the FCRA focuses on the conduct of the Defendant. The Plaintiffs' and class members' conduct is not properly at issue in this litigation.

47.     The class action proceeding will provide a practical basis for the determination of all interests of the parties, will prevent inconsistent adjudications, will maximize judicial economy and is superior to all other available methods for the fair and efficient adjudication of the controversy.

**COUNT ONE**
*Failure to comply with 15 U.S.C. § 1681g and § 1681j of the*
*Fair Credit Reporting Act by Defendant Certegy*

48.     This count is against Defendant Certegy for its willful and/or negligent violations of 15 U.S.C. § 1681g and § 1681j of the FCRA.

49.     Plaintiffs re-allege the above paragraphs of this complaint as if fully set out herein.

50.     After adverse action was taken by its subscribers as stated above and plaintiffs requested copies of their files and Certegy was required under 15 U.S.C. § 1681j to provide to

them a free copy of all information their files.

51. Specifically Certegy was required to comply with the mandates of 15 U.S.C. § 1691g.

52. Due to Defendant's failure to provide the Plaintiffs with a free and complete copy of their consumer reports following the adverse actions plaintiffs were unsure and unaware of what their credit report contained and whether Certegy had in fact published inaccurate information about them to third parties.

53. Defendant's failure to send the Plaintiffs a copy of their consumer reports free of charge following adverse action constituted a willful and/or negligent violation of the FCRA, 15 U.S.C. § 1681j(b), and/or § 1681g. Plaintiffs are entitled to actual and/or statutory damages as provided for in 15 U.S.C. §§ 1681n and/or 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court will enter an Order:

a. Certifying this matter as a class pursuant to Fed. R. Civ. P. 23 and naming the Plaintiffs as class representatives;

b. Naming Plaintiffs' counsel as class counsel;

c. Awarding actual damages, statutory damages, and/or punitive damages;

d. Awarding attorneys' fees and costs incurred in this action; and

e. Awarding such other and further relief as the Court may deem just and equitable.

**DATED** this the _____ day of May, 2005

_/s/ Earl P. Underwood, Jr._
Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, Alabama 36533
(251) 990-5558
(251) 990-0626 (facsimile)

_/s/ Jim S. Calton, Jr._
JIM S. CALTON, JR.

Calton & Calton
226 East Broad Street
Eufaula, AL 36027
(334) 687-3563
(334) 687-3564

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

_/s/ Earl P. Underwood, Jr._
Earl P. Underwood, Jr.

**Please serve this complaint by certified mail on:**

Certegy Check Services, Inc.
Corporation Service Company
40 Technology Parkway South
Norcross, Georgia 30092