**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **WILLIE C. ALEXANDER and** ) | |
| **BELINDA N. PITMAN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No.: 2:05-cv-0449-T-M** |
| ) | |
| **CERTEGY CHECK SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

<u>ANSWER</u>

Comes now Certegy Check Services, Inc. ("Certegy"), and answers the Complaint as follows:

<u>**First Defense**</u>

The plaintiffs' Complaint is due to be dismissed because (1) the claims and parties are improperly joined; (2) venue is improper as to plaintiff Pitman; and (3) the Complaint fails to state a claim against Certegy upon which relief can be granted.

<u>**Second Defense**</u>

Certegy answers the individually numbered or headed paragraphs of the Complaint as follows:

<u>Preliminary Statement</u>

1.      Certegy denies that it violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA"), and denies that it caused any damage to Plaintiffs.  Certegy admits that, in their Prayer for Relief, plaintiffs seek "actual damages, statutory damages, and/or punitive damages" and attorney's fees.  Certegy denies any other averments of material fact set out in paragraph 1 of the Complaint and demands strict proof thereof.

<u>The Parties</u>

2.      Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint and therefore demands strict proof thereof.

3.      Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint and therefore demands strict proof thereof.

4.      Certegy admits that it is a corporation doing business in Alabama and incorporated under the laws of the State of Delaware.  Certegy's principal place of business is St. Petersburg, Florida.

5.      Certegy admits that it is a consumer reporting agency as defined in the FCRA.  The remaining averments contained in paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent paragraph 5 is deemed to include any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

<u>Jurisdiction and Venue</u>

7.      Certegy denies that it is liable to plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. §§ 1601, *et seq*., or any other law. The remaining averments of paragraph 7 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent paragraph 7 is deemed to include

any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

8.     Certegy denies that venue is proper as to plaintiff Pitman.  Certegy is without knowledge or information sufficient to form a belief at this time with respect to whether venue is proper as to plaintiff Alexander and therefore demands strict proof thereof.

<u>Factual Allegations</u>

9.     Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint and therefore demands strict proof thereof.

10.     Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the Complaint and therefore demands strict proof thereof.

11.     Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the Complaint and therefore demands strict proof thereof.

12.     Certegy denies that plaintiff Alexander contacted Certegy by mail, as alleged in paragraph 12 of the Complaint.  Certegy admits that it received a letter dated September 28, 2004, signed by Jim S. Calton, Jr., in which Mr. Calton stated that Willie C. Alexander was his client and including the statement:  "You are hereby put on notice that we request a copy of Mr. Alexander's credit report and the reason for the denial of this transaction under the Fair Credit reporting Act (FCRA)."  Certegy denies all other

averments of material fact set out in paragraph 12 of the Complaint and demands strict proof thereof.

13.     Certegy admits that it sent a letter, dated October 12, 2004, to Mr. Jim S. Calton, Jr., requesting certain information concerning his client, Willie C. Alexander, including the information specified in paragraph 13 of the Complaint.  Certegy denies all other averments of material fact set out in paragraph 13 of the Complaint and demands strict proof thereof.

14.     Certegy admits that, on or about October 29, 2004, Certegy received from Mr. Calton a copy of his October 12, 2004, letter with information inserted in the blanks next to the categories of information requested in the original October 12 letter.  Certegy denies all other averments of material fact set out in paragraph 14 of the Complaint, including the accuracy and sufficiency of the information provided in such blanks, and demands strict proof thereof.

15.     Certegy admits that it sent a letter, dated November 5, 2004, to Jim S. Calton, Jr., referencing Willie C. Alexander, which letter speaks for itself.  To the extent that any of the averments set out in paragraph 15 of the Complaint are inconsistent with such letter, Certegy denies such averments and demands strict proof thereof.

16.     In answer to paragraph 16 of the Complaint, Certegy admits that the language quoted in such paragraph is a portion of the language appearing in the November 5 letter (except that the punctuation is not accurately presented), but denies that the quoted portion, standing alone, constitutes an accurate reflection of the entire substance of the letter.

17.     Denied.

18.    Denied.

19.    In answer to paragraph 19 of the Complaint, Certegy admits that it has in its file an undated letter that appears to have been signed by plaintiff Alexander.  Certegy believes that this letter was received by Certegy on December 22, 2004.  This letter states in part, "Please send me all information in my file according to the Certegy receipt, and let me know why Walmart and Certegy refused to cash my paycheck."  Certegy denies all averments of material fact set out in paragraph 19 of the Complaint except those expressly admitted herein and denies strict proof thereof.

20.    Denied.

21.    Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of the Complaint and therefore demands strict proof thereof.

22.    Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the Complaint and therefore demands strict proof thereof.

23.    Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the Complaint and therefore demands strict proof thereof.

24.    In answer to paragraph 24 of the Complaint, Certegy admits that it has in its file a copy of a letter dated December 29, 2004, signed by a Belinda N. Pitman, requesting a "free copy of the 'Consumer Report' Certegy [*sic*] maintains on me." Certegy denies all other material averments set out in paragraph 24 and demands strict proof thereof.

25.    In answer to paragraph 25 of the Complaint, Certegy admits that it sent a letter, dated January 4, 2005, to Belinda N. Pitman, requesting certain information, including that listed in paragraph 25 of the Complaint. Certegy denies any other material averments set out in paragraph 25 and demands strict proof thereof.

26.    Certegy admits that it received a copy of the January 4 letter, with the requested information written in, on January 17, 2005, but does not admit to the accuracy or sufficiency of the information therein provided.  Certegy denies any other material averments set out in paragraph 26, and demands strict proof thereof.

27.    Certegy admits that it does not appear from the records presently available that a further response was sent to plaintiff Pitman.  Certegy reserves the right to amend this response upon completion of its internal investigation and further discovery in this action.  Certegy denies any other material averments set out in paragraph 26 and demands strict proof thereof.

<u>Fair Credit Reporting Act</u>

28.    Paragraph 28 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

29.    Paragraph 29 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

30.    Paragraph 30 purports to be an accurate excerpt from a federal statute. Certegy defers to the statute, which speaks for itself. To the extent the quoted language

differs in any way from the official text of the federal statute in question, Certegy denies such averment and demands strict proof thereof.

31.    Paragraph 31 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

32.    Paragraph 32 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

33.    Paragraph 33 contains conclusions of law to which no response is required.  Certegy admits that it has access to limited checkwriting data about some consumers and that it stores some data electronically, but denies that it prepares and has access to consumer credit reports as it understands that term to be commonly used.  To the extent this paragraph is deemed to make any other averments of material fact, Certegy denies such averments and demands strict proof thereof.

34.    Certegy admits that it provides check authorization and risk management services to a number of retail and financial institutions based in the United States.  Certegy denies all other material averments of paragraph 34 of the Complaint and demands strict proof thereof.

35.    Paragraph 35 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

36.    Paragraph 36 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

37.    Denied.

38.    Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38 of the Complaint and therefore demands strict proof thereof.

<u>Class Allegations</u>

39.    In answer to paragraph 39 of the Complaint, Certegy says that the matters alleged in the Complaint are not entitled to and cannot qualify for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that plaintiffs are members of any alleged class for purpose of the matters set out in their Complaint.

40.    In answer to paragraph 40 of the Complaint, Certegy denies that there is any class of consumers as alleged in the Complaint.  To the extent paragraph 40 is deemed to contain any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

41.    Paragraph 41 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

42.    Paragraph 42 and each of its subparts contain conclusions of law to which no response is required.  To the extent this paragraph or any part or subpart thereof is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

43.    Paragraph 43 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

44.    Paragraph 44 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

45.    In answer to paragraph 45 of the Complaint, Certegy denies that there is any putative class as described in the Complaint and denies all material averments set out in paragraph 45 of the Complaint and demands strict proof thereof.

46.    Paragraph 46 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

47.    Paragraph 47 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

COUNT ONE

48.    Certegy denies that it willfully or negligently violated 15 U.S.C. § 1681g and § 1681j of the FCRA, or any other law.  Certegy denies all material averments set out in paragraph 48 of the Complaint and demands strict proof thereof.

49.    In response to paragraph 49 of the Complaint, Certegy adopts and incorporates its responses as set out in paragraph 1 through 48 above.

50.    Paragraph 50 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

51.    Paragraph 51 contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

52.    Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52 of the Complaint and therefore demands strict proof thereof.

53.    Denied.

### Third Defense

Certegy denies that plaintiffs are entitled to any of the relief requested in the Complaint.

### Fourth Defense

Certegy denies all material averments of material fact set out in the Complaint except those expressly admitted in the Second Defense, above.

### Fifth Defense

The plaintiffs' claims may be barred by the applicable statute of limitations and by laches.

### Sixth Defense

The plaintiffs have waived, released, or are otherwise estopped from asserting the claims alleged in their Complaint.

### Seventh Defense

Certegy has at all material times complied fully with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*., and all Federal Regulations promulgated pursuant to the Fair Credit Reporting Act.

### Eighth Defense

The plaintiffs have no private right of action against Certegy under the Fair Credit Reporting Act.

### Ninth Defense

The plaintiffs' claims against Certegy are barred by qualified immunity under the Fair Credit Reporting Act.

### Tenth Defense

Certegy denies that the plaintiffs have been injured, damaged, or harmed as a result of any act or omission on the part of Certegy or its agents, employees, or servants.

### Eleventh Defense

Certegy avers that there is no causal relationship between its conduct and the plaintiffs' alleged injuries, if any, that are the basis of this lawsuit.

### Twelfth Defense

The plaintiffs are barred from recovery, in whole or in part, by their own contributory negligence.

### Thirteenth Defense

The plaintiffs are barred from recovery, in whole or in part, by the doctrine of unclean hands.

### Fourteenth Defense

Certegy has acted at all times in good faith, with due care, and without malice or intent to injure the plaintiffs.

### Fifteenth Defense

Certegy owes no legal duty to the plaintiffs.

### Sixteenth Defense

Certegy denies that it breached any duty or obligation allegedly owed to the plaintiffs.

### Seventeenth Defense

Certegy denies that the claims asserted by plaintiffs in the Complaint are eligible for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that there is any putative class entitled to relief on any claim asserted in the Complaint. Certegy reserves the right to present evidence and argument to the Court at the appropriate time with respect to plaintiffs' claim for class certification under Rule 23.


The parties have not yet conducted discovery in this case. Certegy thus reserves the right to amend its Answer to add or supplement its affirmative defenses as may be appropriate.



   _s/ James C. Barton, Jr._____
James C. Barton, Jr.
Alabama State Bar No.: ASB-0237-B51J
jbartonjr@jbpp.com

Anne P. Wheeler
Alabama State Bar No.: ASB-7112-R65A
awheeler@jbpp.com

12

Alan D. Mathis
Alabama State Bar No.: ASB-8922-A59M

Attorneys for Defendant
Certegy Check Services, Inc.


**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203
Telephone: 205-458-9400
Facsimile: 205-458-9500

**OF COUNSEL**


## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:


Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, Alabama 36533

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, Alabama 36027


On this, the 8th day of June, 2005.


_s/ James C. Barton, Jr._____
OF COUNSEL

W0512306.DOC