IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. ALEXANDER and <br> BELINDA N. PITMAN, <br>       Plaintiffs, <br> v. <br> CERTEGY CHECK SERVICES, INC., <br>       Defendant. | CIVIL ACTION NO. 2:05CV449-T |

## ORDER

On 16 May 2005, the plaintiffs filed a Class Action Complaint, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, et seq. (Doc. # 1). The plaintiffs seek "actual damages, statutory damage, and/or punitive damages" and attorney fees. The defendants filed their Answer to the Complaint on 8 June 2005 (Doc. # 5). They allege, inter alia, that the complaint "is due to be dismissed because (1) the claims and parties are improperly joined; (2) venue is improper as to plaintiff Pitman; and (3) the Complaint fails to state a claim against Certegy upon which relief can be granted".

Because the plaintiffs set forth comprehensive allegations against the defendant and seek class certification, the court has determined that this case should be managed outside the routine scheduling procedures employed by the court. Accordingly, it is ORDERED as follows:

1. On or before 20 July 2005, the defendants shall file a Motion To Dismiss the complaint on the grounds that they have recited in their Answer, or any

applicable grounds, along with their brief in support of the motion.

2. On or before 4 August 2005, the plaintiffs shall file their responsive brief. The motion will be deemed submitted at that time, and the court will not accept any further pleadings on the motion.

3. The parties are reminded that, at this juncture, the court will not consider matters beyond the pleadings, and they are cautioned to refrain from submitting evidence on the motion.

4. The parties are DIRECTED to confer, particularly on the second ground cited by the defendant (venue), to determine whether argument on the motion is necessary before submitting briefs.

5. The parties are ADVISED that, should the plaintiffs survive the defendant's motion to dismiss, the court contemplates a determination on class certification before the issuance of a scheduling order.

DONE this 22nd day of June, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE