**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| WILLIE C. ALEXANDER and<br>BELINDA N. PITMAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Case No.: 2:05-cv-0449-T-M<br>) |
| CERTEGY CHECK SERVICES, INC., | )<br>) |
| Defendant. | ) |

## REPORT OF PARTIES' PLANNING MEETING

1.   <u>Meeting of Parties</u>.   Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February 13, 2006, at the offices of Donaldson & Guin, LLC, 2 North 20th Street, Suite 1100, Birmingham, AL 35203, attended by the following counsel of record:

   On behalf of plaintiffs, by:

      Tammy M. Stokes
      Donaldson & Guin, LLC
      2 North 20th Street, Suite 1100
      Birmingham, AL 35203

      Earl P. Underwood, Jr. (participating by telephone)
      21 South Section Street
      P.O. Box 969
      Fairhope, Alabama 36533

      Jim S. Calton, Jr. (participating by telephone)
      Calton & Calton
      226 East Broad Street
      Eufaula, Alabama 36027

   On behalf of defendant by:

      Anne P. Wheeler
      Joseph W. Carlisle
      Johnston Barton Proctor & Powell LLP
      2900 AmSouth/Harbert Plaza
      1901 – 6th Avenue, North
      Birmingham, Alabama 35203

2. <u>Pre-Discovery Disclosures</u>. The parties have previously exchanged the disclosures required by Rule 26.1(a)(1).

3. <u>Discovery Plan</u>. The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects:

      (1) Whether the defendant violated the terms of the Fair Credit Reporting Act, 15 U.S.C. 1681.

      (2) If so, what was the nature of the violation(s).

      (3) What damages, if any, were incurred by plaintiffs as a result of any alleged violation?

      (4) Whether the certification of a class is appropriate.

   b. Plaintiffs should be allowed until September 1, 2006, to file a motion for class certification with all supporting evidence, legal authorities, and argument in support of class treatment.

      Defendant shall have 30 days file its opposition to class certification.

      Plaintiffs shall have 15 days to reply to defendant's opposition.

      Defendant shall have 15 days to file a response to plaintiffs' reply.

   c. All discovery shall be commenced in time to be completed within 90 days after final disposition of plaintiffs' motion for class certification, including any appeal.

   d. Maximum of 40 interrogatories by each party to any other party.

   e. Unlimited number of requests for admission by each party to any other party.

   f. Maximum of 10 depositions by plaintiffs and 10 by defendant. (Additional depositions may be taken by agreement of the parties.)

   g. Each deposition, other than the deposition of a party, shall be limited to a maximum of 6 hours unless extended by agreement of parties.

   h. Reports from retained experts under Rule 26(a)(2) are due:
      From plaintiffs within 30 days after final disposition of the motion for class certification.

      From defendant within 60 days after final disposition of the motion for class certification.

  i. Supplementation of responses under Rule 26(e) due by the date set for the completion of discovery.

4. <u>Other items</u>.

  a. The parties do not request a conference with the court before entry of the scheduling order.

  b. Plaintiffs should be allowed until May 1, 2006, to join additional parties and to amend the pleadings.

  c. Defendant should be allowed until June 1, 2006, to join additional parties and to amend the pleadings.

  d. All potentially dispositive motions should be filed within 30 days of the completion of discovery.

  e. The parties request a final pretrial conference following submission of any dispositive motions or within 90 days from the deadline for filing dispositive motions.

  f. The parties have been engaged in settlement discussions and will continue to pursue such discussions prior to the convening of the pre-trial conference.

  g. Final lists of trial witnesses and exhibits required under Rule 26(a)(3) shall be served:

    By plaintiffs: no later than 30 days before trial;

    By defendant: no later than 20 days before trial.

  h. Parties should have 10 days after service of witness and exhibit lists to serve objections under Rule 26(a)(3).

5. <u>Trial setting</u>. The case should be ready for trial by September 1, 2007, and at this time is expected to take approximately 4 days to try.

Dated: February 14, 2006

              Respectfully submitted

3

        /s/ Earl P. Underwood, Jr.
        Counsel for Plaintiffs

Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, Alabama 36027
Telephone: (334) 687-3563
Facsimile: (334) 687-3564

David R. Donaldson
Tammy M. Stokes
Donaldson & Guin, LLC
2 North 20th Street, Suite 1100
Birmingham, AL 35203
Telephone: (205) 226-2282
Facsimile: (205) 226-2357

    OF COUNSEL

        /s/ Anne P. Wheeler
        Counsel for Defendant

Anne P. Wheeler
Joseph W. Carlisle
JOHNSTON BARTON
PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 – 6th Avenue, North, Suite 2900
Birmingham, Alabama 35203
Telephone:  (205) 458-9400
Facsimile:   (205) 458-9500

    OF COUNSEL

W0543962.2DOC