# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE C. ALEXANDER and | ) | |
| BELINDA N. PITMAN, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:05-cv-0449-WKW** |
| | ) | |
| CERTEGY CHECK SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO QUASH SUBPOENAS

Comes now defendant Certegy Check Services, Inc. ("Certegy") and moves this Court pursuant to Rule 45(c)(3)(A) to quash (1) the Subpoena which plaintiffs in this action caused to be served on Bed Bath & Beyond, Inc. ("BB&B") and (2) the Subpoena which plaintiffs in this action caused to be served on Wal-Mart Stores, Inc. ("Wal-Mart"), for the production of certain documents in their possession, including all correspondence, transactional documents, and agreements with Certegy. As grounds for this motion, Certegy would show the Court as follows:

1. The Subpoena served on BB&B commands BB&B to produce and permit inspection and copying of the following:

> Any and all documents in your possession that relate in any way to Belinda Pitman ... and/or Certegy Check Services, Inc. ("Certegy"). This request includes but is not limited to, all correspondence and other communications with either Pitman or Certegy, its officers, employees or attorneys; any documents relating to the December 22, 2004 transaction between Bed, Bath & Beyond and Pitman; and any contracts or agreements between Bed, Bath & Beyond and Certegy concerning Certegy's check authorization services.

2.      The Subpoena served on Wal-Mart commands it to produce and permit inspection

and copying of the following:

> Any and all documents in your possession that relate in any way to
> Willie C. Alexander ... and/or Certegy Check Services, Inc.
> ("Certegy").  This request includes but is not limited to, all
> correspondence and other communications with either Alexander
> or Certegy, its officers, employees or attorneys; any documents
> relating to the September 23, 2004 transaction between Wal-Mart
> and Alexander...; and any contracts or agreements between Wal-
> Mart and Certegy concerning Certegy's check authorization
> services.

3.      In their Complaint, plaintiffs claim that Certegy violated the Fair Credit Reporting

Act by failing to provide them with a copy of their respective consumer reports.  Plaintiff

Alexander alleges that he requested a copy of his consumer report from Certegy after Wal-Mart

declined to cash a payroll check he presented at a Wal-Mart retail outlet.  Plaintiff Pitman alleges

that she requested a copy of her consumer report from Certegy after BB&B declined to accept a

check she presented at one of its retail outlets.  Plaintiffs claim that Wal-Mart and BB&B, in the

respective transactions, based the decision to decline the check on information received from

Certegy.  Plaintiffs do not challenge the actions of Wal-Mart or BB&B in declining their checks;

they merely claim that Certegy subsequently failed to provide them with copies of their

consumer reports.

4.      Certegy has previously produced to plaintiffs copies of their respective consumer

reports and also copies of all records it has relating to the two transactions in question.  Plaintiff

now seeks to obtain from Wal-Mart and from BB&B a copy of all documents in either's custody

that relate in any way to Certegy.  Plaintiffs do not limit the documents requested in the

subpoena to documents that have any relationship with the plaintiffs or with their transactions, and the subpoenas are thus greatly overbroad and burdensome.

5.     This extremely broad request is not limited in any way to the plaintiffs' own transactions, but is worded in such a way that it appears to include correspondence and records relating to transactions of an unknown number of other retail customers who are not parties in this action and who have a right to privacy and confidentiality with respect to their personal financial transactions.  Plaintiffs are not entitled to personal information concerning persons not party to this action.  Such information is private and confidential and is neither relevant to any claims asserted by plaintiffs or reasonably calculated to lead to any admissible or relevant information.

6.     The subpoenas also seek any and all correspondence and agreements between Wal-Mart and Certegy and between BB&B and Certegy, none of which has any bearing at all on any transaction involving either plaintiff.   Plaintiffs do not assert any claims against Wal-Mart or BB&B, and their claims do not arise from anything that either of these vendors did.  Plaintiffs simply claim that *Certegy*, acting solely on its own, violated the federal statute by failing to send them copies of their consumer reports.  Any agreements and correspondence between Certegy and the two subpoena recipients are entirely irrelevant to the plaintiffs' claims and are not calculated to lead to the discovery of admissible evidence.

7.     The documents described in the subpoenas constitute trade secrets and proprietary and confidential commercial information which is irrelevant to the claims alleged in the Complaint.

WHEREFORE, Certegy respectfully moves this Court to quash the subpoenas that plaintiffs have caused to be issued to Bed, Bath & Beyond, Inc., and to Wal-Mart Stores, Inc.

Respectfully submitted,


/s/ Anne P Wheeler
Anne P. Wheeler
Alabama State Bar No.: ASB 7112-R65A
awheeler@jbpp.com
Joseph W. Carlisle
Alabama State Bar No.: ASB 1197-E68C
jcarlisle@jbpp.com

Attorneys for Defendant
Certegy Check Services, Inc.

JOHNSTON BARTON
PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

OF COUNSEL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Earl P. Underwood, Jr.
> 21 South Section Street
> P.O. Box 969
> Fairhope, Alabama 36533

> Jim S. Calton, Jr.
> Calton & Calton
> 226 East Broad Street
> Eufaula, Alabama 36027

> David R. Donaldson
> Tammy M. Stokes
> Donaldson & Guin, LLC
> 2 North 20th Street, Suite 1100
> Birmingham, AL 35203

On this, the 11th day of May, 2006.

> /s/ Anne P. Wheeler
> Of Counsel

W0556850.DOC