## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

WILLIE C. ALEXANDER and ) 
BELINDA N. PITMAN, 

        ) 

    Plaintiffs,           **Case 05-CV-0449-WKW**

        ) 

          **CLASS ACTION**

VS.         ) 

        )     **OPPOSED**

CERTEGY CHECK SERVICES, 
INC.,         ) 

    Defendant.

## MOTION FOR ORDER COMPELLING COMPLIANCE WITH PLAINTIFFS' DISCOVERY REQUESTS AND TO STRIKE CANNED OBJECTIONS

Now come the Plaintiffs and show the court as follows:

### INTRODUCTION

This is a class action wherein Plaintiffs allege that the Defendant has negligently or intentionally failed to comply with provisions of the Fair Credit Reporting Act. Plaintiffs aver that Certegy failed to provide them and a class of similarly situated individuals with copies of their consumer reports in accordance with 15 U.S.C. §§ 1681g and 1681j. Further in their first amended complaint they allege Certegy failed to comply with 15 U.S.C. §§ 1681m(a) and 1681m(b) after using information contained in their consumer reports in a manner that was adverse to them. They seek statutory damages of between $100.00 and $1,000.00 per class member pursuant to 15 U.S.C. § 1681n.

### FACTS RELEVANT TO THIS MOTION

1.     On or about February 14, 2006 the parties filed their Report of Rule 26(f) Planning Meeting.

2.    Pursuant to the uniform scheduling order, Plaintiffs served Interrogatories, Requests for Production and Requests for Admissions on the Defendant on March 8, 2006.

3.    The Defendant served non-verified response to the interrogatories on March 24, 2006 and Requests for production on April 14, 2006.

4.    The Defendant served a verified response to the interrogatories on April 18, 2006.

5.    The responses that were served were insufficient, evasive and contained canned or boilerplate objections as follows:

6.    Plaintiff has made numerous attempts to obtain these materials without court intervention as follows:

(a) On April 21, 2006, Plaintiffs faxed and mailed a 7 page letter concerning the insufficient responses and canned objections to Plaintiffs' Request for Production. (See attached Plaintiffs' Exhibit 1)

(b) On April 21, 2006 Plaintiffs faxed and mailed a 3 page letter concerning the insufficient responses and canned objections to Plaintiffs' Interrogatory requests. (See attached Plaintiffs' Exhibit 2)

(c) On April 28, Plaintiffs met with Defense counsel in Birmingham and discussed the insufficient responses and unwarranted objections to Plaintiffs' discovery.

(d) On May 8, 2006 Plaintiffs emailed Defense counsel seeking full responses to the discovery sought.

(e) On May 12, 2006, Plaintiffs received an email from Defense counsel assuring Plaintiffs that additional discovery was forthcoming

(f) On May 15, 2006 Plaintiffs emailed Defense counsel seeking a discussion concerning the unwarranted objections.

(g) On May 15, 2006 Plaintiffs received an email from Defense counsel containing a letter that provided supplemental responses to several discovery items.

(h) On May 15, 2006, Plaintiffs responded to Defense counsel's email by requesting the supplemental responses be placed in the form of sworn answers to Plaintiffs' interrogatory requests and contact Plaintiffs concerning the unwarranted objections.

(i) On May 18, 2006, Plaintiffs received an email from Defense counsel stating that Certegy's current manual would be converted to electronic form and a CD-R would be forthcoming.

(j) On May 20, 2006, Plaintiffs emailed Defense counsel and sought the amended discovery responses and also informed counsel that Plaintiffs intended to file a motion with the court concerning the frivolous objections.

(k) On May 23, 2006, Plaintiffs received an email from Defense counsel stating that it was their "hope" that the discovery would be out by the end of the week.

(l) On May 24, 2006, Plaintiffs emailed Defense counsel and informed them that a Motion to Compel would be filed with the court On May 26, 2006. There has been no further communication with Defendant.

Hereinafter is each request for production and interrogatory that the Plaintiffs contend are "evasive and incomplete" per Rule 37(a)(3) and the answers to each by Defendant. Followed by the Defendant's response is the Plaintiff's explanation as to why the answer is evasive and incomplete and why the objections made by Defendant should be stricken.

## REQUEST FOR PRODUCTION AND CERTEGY'S RESPONSES

Defendant filed a total of seven (7) canned objections found in the preamble to the Defendant's answers. Plaintiff responds to each and every objection as follows:

**1st Objection by Defendant:**

"Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek information protected by the attorney-client privilege or by the work product doctrine, including materials that are prepared in anticipation of litigation or are otherwise outside the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure or other applicable law."

**Plaintiff's Response to Objection:[1]**

FRCP 34 states in pertinent part "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The objection above is a canned objection and does not state with specificity why any of plaintiffs' requests are improper.

Additionally, since there was a claim of privilege being made by defendant, a log of any documents being withheld as subject to any claim of privilege should have been produced by the Defendant which was requested by the plaintiffs.

**2nd Objection by Defendant:**

"Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek the identities or information concerning the financial affairs

---

[1] These responses are from the April 21, 2006, letter from Plaintiffs to Defense Counsel regarding document requests attached hereto as Exhibit One.

or other matters of or concerning persons and entities that are not parties to this litigation or to whom Certegy has a duty of confidentiality."

**Plaintiff's Response to Objection:**

Defendant has asserted another canned objection. Plaintiff requested the Defendant to re-state this objection and tell the plaintiffs what it is that is being objected to. Additionally, Plaintiffs do not know what definitions are objectionable. Also, Plaintiffs are unsure what requests is Certegy claiming that Plaintiffs are seeking confidential information about non-parties. Simply put, Defendant's objection is extremely vague and unclear.

In addition, plaintiffs concerns on number one apply to this objection as well.

**3rd Objection by Defendant:**

"Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek to impose additional duties on Certegy or seek to obtain information beyond the scope of discovery permitted or provided for under Rule 26 of the Federal Rules of Civil Procedure."

**Plaintiff's Response to Objection:**

Plaintiffs have asked Defendant to re-state this objection and inform the Plaintiffs as to what it that is being objected to. Plaintiff is unsure as to which instructions that Certegy is claiming are objectionable and the reasons for the objection.

**4th Objection by Defendant:**

"Certegy objects to all requests for production and to the definitions and instructions that preface them to the extent they seek information or records that are proprietary in nature or that would, if produced, result in the disclosure of trade secrets or confidential or proprietary information of Certegy."

**Plaintiff's Response to Objection:**

To the extent applicable, Plaintiffs have informed the Defendant that they are willing to enter into a protective order regarding Certegy's legitimate trade secrets.

**5th Objection by Defendant:**

"Certegy objects to all requests for production and to the definitions and instructions that preface them as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, for reasons including specifically but not limited to the extent to which individual requests for production seek disclosure of matters exceeding the time and jurisdictional scope and limits of the claims asserted."

**Plaintiff's Response to Objection:**

This is another canned and meaningless objection by the Defendant. Plaintiffs seek the Defendant to restate this objection and to inform Plaintiff what the specific objection is.

**6th Objection by Defendant:**

"Certegy objects to all requests for production and to the definitions and instructions that preface them to the extent they misstate the law, involve interpretations of legal authorities or concepts, or depend upon erroneous statements of the law or its application to the matters at issue in this action."

**Plaintiff's Response to Objection:**

This is another canned and meaningless objection by the Defendant. This objection should be stricken or the Defendant should restate the objection more specifically so Plaintiff may properly respond.

**7th Objection by Defendant:**

"Certegy objects to all requests for production and to the definitions and instructions that preface them as being unduly burdensome to the extent they purport to require Certegy to search

all of its records to identify all such records that might have any reference to or concern or relate in any way to the named plaintiffs. As is made clear in Certegy's responses to plaintiffs' interrogatories, Certegy does not maintain records based on names of consumers and does not have the ability to retrieve records based solely on the names of the plaintiffs. To the extent that plaintiffs' production requests can be answered through Certegy's usual and customary search procedures and to the extent any request is not otherwise objected to by Certegy, Certegy will seek to identify and to produce the documents requested."

**Plaintiff's Response to Objection:**

This is another canned and meaningless objection by the Defendant. This objection should be stricken or the Defendant should restate the objection more specifically so Plaintiff may properly respond.

**Request for Production Responses by Defendant**

**REQUEST FOR PRODUCTION NO. 1.:**

All documents in your possession which list, bear, or contain the name or personal identifiers of plaintiffs. (Please note that we are not seeking anything anywhere herein that is subject to attorney client privilege.)

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy will produce the requested documents at a time and place to be mutually agreed upon."

**Plaintiff's Response to Objection:**

This is another canned objection to a straight forward request. Plaintiffs are only asking for any documents that contain any of the Plaintiffs' personal identifiers. Plaintiffs are unsure how this request is vague, ambiguous, irrelevant and not reasonably calculated to lead to discoverable evidence. This is a FCRA case and Certegy documents with the Plaintiffs' personal information on them are certainly relevant.

**REQUEST FOR PRODUCTION NO. 2:**

All consumer credit reports, credit applications, employment investigative reports, account information, mortgage reports, credit scoring data or other personal identifying information in your possession which list, bear, or contain the name or any of the personal identifiers of plaintiffs.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it does not possess any credit reports, credit applications, employment investigative reports, mortgage reports, or credit scoring data. Subject to and without waiver of its general and specific objections, Certegy further states that as to account information or other personal identifying information, Certegy either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon."

**Plaintiff's Response to Objection:**

This is another canned objection to a straight forward request. Plaintiffs are only asking for any documents and consumer reports that contain any of the Plaintiffs' personal identifiers. Plaintiff is unsure once again how this request is vague, ambiguous, irrelevant, and not

reasonably calculated to lead to the discovery of admissible evidence. This is a FCRA case and Certegy documents with the Plaintiffs' personal information on them are certainly relevant.

**REQUEST FOR PRODUCTION NO. 3:**

All correspondence, of whatever form and kind, between you and any third party, in your possession, which lists, bears, or contains the name or personal identifiers of plaintiff.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy has already produced or will produce the requested documents at a time and place to be mutually agreed upon."

**Plaintiff's Response to Objection:**

This is another canned objection to a straight forward request. Plaintiffs are only asking for any documents and correspondence that contain any of the Plaintiffs' personal identifiers. Plaintiff is unsure once again how this request is vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. This is a FCRA case and documents in Certegy's possession with the Plaintiffs' personal information on them are certainly relevant.

**REQUEST FOR PRODUCTION NO. 4:**

Each and every document and record of communication, including any information stored in electronic form, regarding plaintiffs.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon."

**Plaintiff's Response to Objection:**

This is another canned objection to a straight forward request. Plaintiffs are only asking for any documents and correspondence that contain any of the Plaintiffs' personal identifiers. Plaintiff is unsure once again how this request is vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. This is a FCRA case and documents in Certegy's possession with the Plaintiffs' personal information on them are certainly relevant.

**REQUEST FOR PRODUCTION NO. 5:**

All documents identified in response to the interrogatories served herewith.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon."

**Plaintiff's Response to Objection:**

This response by Defendant to this request is perplexing. Plaintiffs are requesting documents that are referred to and/or referenced in Certegy's interrogatory responses. Plaintiff is

unsure once again how this request is vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents in your possession or control relevant to your compliance with the FCRA, including but not limited to all documents reflecting procedures designed to assure compliance with the FCRA, all training materials provided to employees pertaining to the FCRA and all correspondence (other than communications with your counsel of record during the course of this litigation) pertaining to the FCRA.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, seeking a legal conclusion, seeking to shift the burden of proof and production from plaintiffs to Certegy, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy refers plaintiffs to documents that have been or will be produced in this action."

**Plaintiff's Response to Objection:**

Since this is a suit which challenges Certegy's FCRA procedures and its compliance with the statute Plaintiffs are unsure how a request for its policy and procedure manuals are "overly broad, unduly burdensome, vague, ambiguous, irrelevant, seeking a legal conclusion, seeking to shift the burden of proof and production from plaintiffs to Certegy, and not reasonably calculated to lead to the discovery of admissible evidence."

**REQUEST FOR PRODUCTION NO. 8:**

If you contend that you are not a "credit reporting agency" within the meaning of the Fair Credit Reporting Act, produce all documents in your possession or control relevant to that contention or which may lead to documents relevant to that contention.

**Response**:

"Certegy objects to this request as being potentially overly broad, unduly burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking a legal conclusion, and not reflecting accurately the terms of the Fair Credit Reporting Act. Certegy further objects on the grounds that it is not required to prove a negative and that there are no documents or records in Certegy's possession which would support a conclusion that Certegy is a credit reporting agency, as Certegy understands that concept under the statute in question."

**Plaintiff's Response to Objection:**

This is another canned objection. If Certegy has no such documents then it should so state. However, if there are such documents then the Defendant should produce the requested documents.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents evidencing that you sent copies of consumer files to consumers upon request as described in Interrogatory number 20.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy directs the plaintiffs to its response to interrogatory 20."

**Plaintiff's Response to Objection:**

This is another canned objection. This request is not vague, ambiguous, irrelevant, and is calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 14:

Produce all correspondence, computer database printouts or other documents relating to any consumers' requests for information from their consumer files since May 2003, including but not limited to both the consumers' request for such information and your response(s) to the consumers regarding such requests.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence."

**Plaintiff's Response to Objection:**

This is a proper request under Rule 34 of the Federal Rules of Evidence and there is no valid objection to it. Defendant should provide those documents.

## REQUEST FOR PRODUCTION NO. 15:

Produce copies of all documents that relate in any way to your policies and procedures you maintain for processing requests you receive for consumer files and/or credit reports from consumers when said consumers have had their checks rejected or denied in connection with a transaction with a business for which Certegy screens checks. If such policies and/or procedures have been changed at any time during the past three years, please provide copies of all

documents relating to your policies and/or procedures both before and after the change and any concerning the reason for the change.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon."

**Plaintiff's Response to Objection:**

This response does not comply with Rule 34(b) and contains frivolous and canned objections.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents related to any agreement or contract between you, Bed, Bath and Beyond and/or Wal-Mart.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are either proprietary or confidential or both."

**Plaintiff's Response to Objection:**

This response does not comply with Rule 34 and contains frivolous and canned objections.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents, including any information stored in electronic form, regarding the contractual relationship between you and any entity who has reported any information to you regarding the named plaintiffs herein.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are proprietary and/or confidential."

**Plaintiff's Response to Objection:**

This response does not comply with Rule 34 and contains frivolous and canned objections.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of any and all documents relating in any manner to your "V.I.P., Gold" membership or other programs relating to increased or enhanced check writing limits benefits that you have offered to consumers at any time in the past three years, including but not limited to all marketing materials, internal memoranda, financial forecasts, research or other related documents relating to any such programs.

**Response:**

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are proprietary in nature."

**Plaintiff's Response to Objection:**

This response does not comply with Rule 34 and contains frivolous and canned objections.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all references, opinions, manuals or other written document or material used or relied upon by you for training purposes and/or to comply with federal and state laws that regulate you and the services you perform. Please note that we are requesting all editions or versions of such manuals and/or references.

**Response**:

"Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon."

**Plaintiff's Response to Objection:**

This response does not comply with Rule 34 and contains frivolous and canned objections.

## INTERROGATORIES AND CERTEGY'S RESPONSES

**INTERROGATORY NO. 4:**

Please explain exactly what Certegy does for its customers with regard to the use of personal checks in general and specifically what Certegy's role and actions were with regard to any checks presented by the named plaintiffs.

**Response:**

Certegy objects to Interrogatory Number 4 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, specifically but not exclusively to the extent that it requests information concerning policies, procedures, and transactions that are not at issue in this action. Subject to and without waiver of its general and specific objections, Certegy states that it provides a check authorization and warranty service that assists Certegy's clients in assessing the risk of accepting checks for cashing or payment. In the event that Certegy's customers use the warranty service, Certegy, under certain terms and conditions, warrants its authorization of a consumer's check. In the transactions at issue in this action, Mr. Alexander presented a payroll check to Wal-Mart to be cashed. Certegy responded to Wal-Mart's query with a Code 2 Decline, indicating that this transaction fell outside of its guidelines and that it would not warrant the check. Ms. Pitman presented a check to Bed, Bath and Beyond for the payment of a purchase. Certegy responded to Bed, Bath and Beyond's query with a Code 2 Decline, indicating that this transaction fell outside of its guidelines and that it would not warrant the check.

**Plaintiff's Response to Objection:[2]**

This response contains another canned objection that doesn't specifically explain to the Plaintiffs what it is that Certegy is objecting to, although Certegy appears to have answered the question at least in part. Plaintiff is unsure why Defendant is making any objection.

---

[2] These responses are from the April 21, 2006, letter from Plaintiffs to Defense Counsel regarding document requests attached hereto as Exhibit Two.

**INTERROGATORY NO. 5:**

Please explain in detail the circumstance under which Certegy either denies a consumer's payment by check or recommends that its subscriber not accept a consumer's check.

**Response**:

Certegy objects to Interrogatory Number 5 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it maintains computerized files containing returned check information and information about relatively recent check transactions processed by Certegy's clients. The information in such files is limited to transactions involving Certegy customers. For example, if a consumer had had a check returned for insufficient funds, Certegy would generally not be aware of that fact unless the payee on such check was a Certegy customer and had reported the information to Certegy. Certegy has also developed check review guidelines aimed at helping its customers detect and avoid fraudulent check transactions. Utilizing this information and its guidelines, Certegy informs its clients of its risk assessment, allowing the client to decide whether to accept the consumer's check.

**Plaintiff's Response to Objection:**

The objection states that the interrogatory is "overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." This is another groundless and frivolous objection made by the Defendant.

**INTERROGATORY NO. 6:**

Please identify by name and address every credit-reporting agency from which you have obtained any information concerning consumers in connection with your check screening during the last 5 years.

**Response:**

Certegy objects to Interrogatory Number 6 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it does not obtain from credit reporting agencies information concerning consumers in connection with its check authorization and warranty service.

**Plaintiff's Response to Objection:**

The objection states that the interrogatory is "overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." This is another groundless and frivolous objection made by the Defendant.

**INTERROGATORY NO. 7:**

Please identify any "affiliates" you have had in the past five years.

**Response:**

Certegy objects to Interrogatory Number 7 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Response to Objection:**

This response contains another frivolous objection and has not been answered.

**INTERROGATORY NO. 8:**

Please identify any and all types of information that you maintain in your own records about consumers.

**Response:**

Certegy objects to Interrogatory Number 8 on the grounds that it is overly broad, vague,

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it receives and maintains information concerning relatively recent check transactions which have been processed by Certegy's clients. Information in Certegy's computerized database consists solely of information referable to a consumer's transactions with one or more of Certegy's clients and consists of, among other items, the check number, check amount, MICR number and/or driver's license number. The database does not include a consumer's name and address, or phone number.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been fully answered.


**INTERROGATORY NO. 9:**

Please explain in detail the action taken and any and all reason(s) for said action regarding Mr. Willie C. Alexander's check of $375.05 presented to Wal-Mart on or about September 23, 2004, including in your response the specific "guidelines" you contend the transaction did not meet.

**Response:**

Certegy objects to Interrogatory Number 9 on the grounds that it seeks protected proprietary information, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objection, Certegy states any action taken with respect to Mr. Alexander's check, whether adverse or not, was taken by Wal-Mart. Certegy did not take any action with regard to Mr. Alexander's check. Further, Certegy refers the plaintiffs to its response to Interrogatory Number 4.

**Plaintiff's Response to Objection:**

Defendant has not fully answered interrogatory number 9. The definition of "adverse action" found in the F.C.R.A includes the following "an action taken or a determination that is made in connection with a transaction that was initiated by the consumer that is adverse to the interest of that consumer" See 15 U.S.C. § 1681(a)(k)(b)iv.

**INTERROGATORY NO. 10:**

Please explain in detail the action taken and the reasons for taking such action regarding Ms. Belinda N. Pitman's check payment of $98.02 to Bed, Bath & Beyond on or about December 22, 2004, including in your response the specific "guidelines" you contend the Transaction did not meet.

**Response:**

Certegy objects to Interrogatory Number 10 on the grounds that it seeks protected proprietary information and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that any action taken with respect to Ms. Pitman's check, whether adverse or not, was taken by Bed Bath & Beyond. Certegy did not take any action with regard to Ms. Pitman's check. Further, Certegy refers the plaintiffs to its response to Interrogatory Number 4.

**Plaintiff's Response to Objection:**

Defendant has not fully answered interrogatory number 10. The definition of "adverse action" found in the F.C.R.A includes the following "an action taken or a determination that is made in connection with a transaction that was initiated by the consumer that is adverse to the interest of that consumer" See 15 U.S.C. § 1681(a)(k)(b)iv.

**INTERROGATORY NO. 11:**

Please state whether you have ever obtained a consumer file or report from any consumer reporting agency other than yourself and if so, please state the purpose for which you obtained the consumer file or report.

**Response:**

Certegy objects to Interrogatory Number 11 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been answered.


**INTERROGATORY NO. 12:**

Please explain in detail whether you maintain a record of the transactions in which you have taken or recommended an adverse action regarding a consumer's check and/or consumer's attempt to cash a check from a third-party. Include in your response the manner in which any such records are maintained and the period of time for which such records have been maintained.

**Response:**

Certegy objects to Interrogatory Number 12 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states as follows: Certegy does not take adverse actions against consumers. Further, Certegy states that it does not maintain a record specific to transactions in which Certegy has recommended an adverse action regarding a consumer's check and/or a consumer's attempt to cash a check from a third-party. Instead, this information is maintained as part of a consumer's file, and these records are not indexed, catalogued, or searchable on the basis of whether Certegy recommended such action. Certegy also refers plaintiffs to its response to Interrogatory Number 5.

**Plaintiff's Response to Objection:**

Defendant has again made a frivolous objection and has not answered the interrogatory in full.  It is obvious that reporting or recommending that a merchant decline a consumer's check is an adverse action as that term is used in the Fair Credit Reporting Act. Therefore, the Plaintiff is entitled a complete answer to this interrogatory.

**INTERROGATORY NO. 13:**

Please explain in detail whether you maintain a record of the transactions in which a consumer has requested a copy of his consumer file and/or consumer report after having had a payment by check denied or an attempt to cash a third-party check denied based in whole or in part on a Certegy report. Include in your response the manner in which any such records are maintained and the period of time for which such records have been maintained.

**Response:**

Certegy objects to Interrogatory Number 13 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it does not maintain a record specific to the transactions in which a consumer has requested a copy of his/her consumer file and/or consumer report after having had a payment by check denied or an attempt to cash a third-party check denied. Instead, Certegy maintains a record of telephone calls and correspondence received from consumers, covering a variety of inquiries and requests. These records remain current on the computer system for 90 days, after which they are archived. These records are not indexed, catalogued, or searchable on the basis of whether a consumer did or did not request a consumer report.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection.

**INTERROGATORY NO. 14:**

Please identify any and all contract(s) or agreement(s) between you and Wal-Mart in effect at any time during the past three years.

**Response:** Certegy objects to Interrogatory Number 14 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been answered.

**INTERROGATORY NO. 15:**

Please identify any and all contract(s) or agreement(s) between you and Bed, Bath and Beyond in effect at any time during the past three years.

**Response:**

Certegy objects to Interrogatory Number 15 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been answered.

**INTERROGATORY NO. 16:**

Please identify by time, date and place any contact you or any of your agents, employees or representatives have had with Mr. Willie C. Alexander and/or Belinda N. Pitman. In your response, please identify the name, address and position of each such agent, employee or representative acting on your behalf, the nature of the contact, the occasion for the contact and the contents of any conversation or remarks made during the contact, and whether there

exists any record relevant or related to any such contact, and if so, the contents of the record, the name, address of the custodian thereof, or attach a copy of all such records hereto.

**Response:**

Certegy objects to Interrogatory Number 16 on the grounds that it is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states as follows. According to Certegy's records, Mr. Alexander first contacted Certegy by mail, through his attorney Jim Calton on September 28, 2004. At that time Mr. Calton requested Mr. Alexander's "credit report" and the reason for Wal-Mart's decision not to cash Mr. Alexander's check. Janelle Fidalgo, an information consultant in Certegy's Customer Care Department, responded to Mr. Calton via mail on October 12, 2004 and informed Mr. Calton that Certegy did not maintain credit reports. Ms. Fidalgo also asked Mr. Caltan to provide additional identification information that was necessary in order for Certegy to retrieve records relating to the transaction in question. On October 29, 2004, Certegy received the additional identification information it had requested from Mr. Calton. On November 5, 2004, Diane Bowles, a supervisor in Certegy's Customer Care Department, informed Mr. Calton, via letter, that Mr. Alexander's decline was caused by his transaction falling outside of Certegy's check approval guidelines. On November 17, 2004, Janelle Fidalgo also informed Mr. Calton, via letter, that Mr. Alexander's decline was caused by his transaction falling outside of Certegy's check approval guidelines. On December 22, 2004, Certegy received a letter from Mr. Alexander requesting information from his file and the reason for his decline. This letter did not make any reference to the earlier correspondence between Certegy and Mr. Alexander's lawyer, and did not provide any of the other identifying information that Mr. Alexander's lawyer and, presumably, Mr. Alexander knew, from the previous correspondence, was required in order for Certegy to retrieve

Mr. Alexander's Information. Because Mr. Alexander's letter did not include the necessary identifying information, Annalu Varanda, an information consultant in Certegy's Customer Care Department, sent Mr. Alexander a letter on December 22, 2004, requesting the additional Identification Information in order to provide the information Mr. Alexander requested. Certegy received no response to this request.

On December 22, 2004, Ms. Pitman contacted Certegy via telephone and spoke with K. Brown, a Certegy customer care representative, who explained to Ms. Pitman that the transaction she questioned fell outside of Certegy's check approval guidelines. On December 29, 2004, Ms. Pitman contacted Certegy via mail and requested her consumer report. On January 4, 2005, Annalu Varanda sent Ms. Pitman letter requesting additional identification information required in order for Certegy to provide Ms. Pitman with the information she requested. On January 17, 2005, Ms. Pitman contacted Certegy via telephone and was again informed that her transaction fell outside of Certegy's check approval guidelines. On January 17, 2005, Certegy received, via mall, the additional identification information it had requested from Ms. Pitman on January 4, 2005. Documents relevant to this Interrogatory will be produced as part of Certegy's Response to Plaintiffs' Requests for Production of Documents.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection.


**INTERROGATORY NO. 18:**

Please identify all information that you must have in order to access consumer's file that is in your possession.

**Response:**

Certegy objects to Interrogatory Number 18 on the grounds that it is overly broad, vague,

and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that in order to generate and disclose a consumer's file, Certegy must have the consumer's Driver's License Number and the Full MICR Number (which consists of the consumer's account number and the bank routing number). In addition, under 15 U.S.C. § 1681h(a)(1), Certegy is required to obtain proper identification from a consumer before making a disclosure. Therefore, for verification purposes and in order to protect consumers, Certegy also requires a consumer provide his/her name, address and date of birth before Certegy can provide a consumer a copy of his/her file.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been answered properly.

**INTERROGATORY NO. 19:**

Please state the number of consumers who have requested since May 2003, a copy of the information in their file from you after their checks have been rejected or their attempts to cash a third-party check have been denied.

**Response:**

Certegy objects to Interrogatory Number 19 on the grounds that it is overly broad, unduly burdensome, vague, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy refers plaintiffs to the response to Interrogatory Numbers 12 and 13.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been answered properly.

**INTERROGATORY NO. 20:**

Please state the number of consumers to whom you have given a copy of their consumer file since May 2003. If the number of consumers is less than fifty, please identify the consumers by name and address.

**Response:**

Certegy objects to Interrogatory Number 20 on the grounds that it is overly broad, unduly burdensome, vague, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects to Interrogatory Number 20 on the grounds that it seeks the identities or information concerning the financial affairs or other matters of or concerning persons and entities that are not parties to this litigation or to whom Certegy has a duty of confidentiality.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been answered properly.


**INTERROGATORY NO. 21:**

Please explain the difference between your "Warranty" and "Pathways" programs including which programs the instant transactions were subject to.

**Response:**

Certegy objects to Interrogatory Number 21 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it offers the "Pathways" service to some clients, whereby Certegy assists these clients in assessing the risk of accepting a check for payment based on the information contained in Certegy's files and the application of Certegy's check acceptance guidelines. This program does not include a warrant of the check. Ms. Pitman's transaction was processed under the "Pathways" program. Neither plaintiff's

transaction entailed the "Warranty" program. I don't think this is correct. Mary: please confirm. (Bed Bath & Beyond is a warranty client) Ms. Pitman's transaction would fall into the warranty category Wal-mart would be a Pathways client)

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and the answer supplied by the Defendant appears to be incorrect or incomplete.

**INTERROGATORY NO. 22:**

Please define the term "Negative Data Exchange" as it is used on page 56 of CERT/ALEX.

**Response:**

Certegy objects to Interrogatory Number 22 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states this term refers to information a history of checks being returned for insufficient funds. The transactions at issue in this action do not involve such negative information, concerning either plaintiff.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection.

**INTERROGATORY NO. 23:**

State all dates during which "The 'Consumer Report' is a letter that explains the reason for the decline," has been the definition of a consumer report used by you.

**Response:**

Certegy objects to Interrogatory Number 23 on the grounds that it is overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence, and erroneously

assumes that a consumer report is a letter explaining the reason for a transaction's being declined by a vendor.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection and has not been answered properly. It was clearly stated in Certegy's manual that a consumer report is a letter that explains the reason for a decline. Plaintiffs' interrogatory simply asks during what time period it has been Certegy's policy.

**INTERROGATORY NO. 24:**

List the full names and job description of the person or persons who authored or contributed to your "Customer Care Operation Manual."

**Response:**

Certegy objects to Interrogatory Number 24 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy says that the manual in question is subject to frequent revision and it is not possible to identify all the individuals who may have contributed information to it. Beginning in the spring of 2005, the person responsible for overseeing revisions and updating to the manual has been Mary Wood, Team Supervisor, Customer Care.

**Plaintiff's Response to Objection:**

This response contains a frivolous objection.

**ARGUMENT**

Attorney for the movant, prior to filing this Motion, has endeavored to resolve the subject of this discovery motion through correspondence by mail, email, and discussions with opposing counsel in this matter as shown above. As stated specifically herein almost all of the "answers" are evasive and incomplete. Based on the answers and objections provided by the Defendant, the Plaintiff is filing this motion to compel.

In construing the federal discovery rule, federal courts have recognized that discovery is designed to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble, 356 U.S. 677, 682, 78 S.Ct. 983, 986-87, 2 L.Ed.2d 1077 (1958). Under the 2000 amendments, FRCP 26(b)(1) states that the scope of discovery is any matter "relevant to the claim or defense of any party," and makes discoverable any information "regarding any matter, not privileged, that is relevant to the claim or defense of any party," including non-admissible relevant evidence that is "reasonably calculated to lead to the discovery of admissible evidence." "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

## CERTEGY'S CANNED OBJECTIONS SHOULD BE OVERRULED

### Objections to Interrogatories

With regard to its objections to Plaintiff's First Interrogatories Certegy has not properly objected and therefore waived said objections by its use of canned objections. Objections to interrogatories should be sufficiently specific to the end that a court may, in considering such objections with the interrogatory propounded, ascertain there from their claimed objectionable

character; general objections to interrogatories are not proper. Bowles v Safeway Stores, Inc. (1945, DC Mo) 4 FRD 469. The plain language of Fed. R. Civ. P. 33(b)(4) clearly requires the statement of specific objections to a request for interrogatories and the rule provides that failure to do so may result in a waiver of the objection. While Fed. R. Civ. P. 34 does not explicitly provide for waiver when objections are not stated, Fed. R. Civ. P. 34(b), like Rule 33(b)(4), requires the reasons for any objections to be explicitly stated. Therefore, the waiver is an implicit one. Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255 (D.N.C. 2001) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown. Fed Rules Civ Proc R 33(b) Mere recitation of [the] familiar litany that interrogatory is overly broad, burdensome, oppressive and irrelevant does not suffice as specific objection. Momah v Albert Einstein Medical Ctr. (1996, ED Pa) 164 FRD 412.

**Objections to Request for Production**

Although FRCP 34, which governs production of documents and things, does not provide any language with respect to specificity and waiver of objections, which FRCP 33, which governs interrogatories, does, no reason exists to distinguish between interrogatories and requests for production as to these matters. Pulsecard, Inc. v Discover Card Servs. (1996, DC Kan) 168 FRD 295. There are only three appropriate responses to request for production of documents: (1) objection to scope, time, method and manner of requested production, (2) answer agreeing to requested scope, time, place and manner of production, or (3) response offering good faith, reasonable alternative production, which is definite in scope, time, place and manner. Jayne H. Lee, Inc. v Flagstaff Indus. Corp. (1997, DC Md) 173 FRD 651, 38 FR Serv 3d 1347.

If documents are relevant and not prepared in anticipation of litigation, they are discoverable without showing of undue hardship or of good cause. Thomas Organ Co. v

Jadranska Slobodna Plovidba (1972, ND Ill) 54 FRD 367, 15 FR Serv 2d 1343  Rule 34(a)

indicates by its express terms, scope of discovery thereunder is defined in Rule 26(b); thus,

discovery under Rule 34(a) is not limited to matters admissible at trial, and, generally, matters

are discoverable if relevant to subject matter involved unless privileged or prepared in

anticipation of litigation, or unless they reveal acts known and opinions held by experts, or

unless such discovery would cause undue annoyance, embarrassment, oppression, or expense.

Morales v Turman (1972, ED Tex) 59 FRD 157, 17 FR Serv 2d 1039.


## CONCLUSION

Certegy has failed to identify with specific facts why responding to any of the discovery

requests would be an onerous burden.  Thus, the only objections, if any, to be considered by the

Court are whether the discovery is calculated to lead to admissible evidence.  Each of Plaintiff's

discovery requests is calculated to lead to admissible evidence and Defendant's objections have

no basis in law or fact.  Accordingly, Plaintiffs asks that Defendant be compelled to respond to

their written discovery requests and that the unwarranted objections be stricken.


**Wherefore**, Plaintiff requests an order from the court ordering Defendant to fully comply

with Plaintiff's discovery requests and striking canned objections.

**RESPECTFULLY,** submitted on this the $26^{rd}$ day of May, 2006.

**EARL P. UNDERWOOD, JR.**
**JAMES D. PATTERSON**
**21 South Section Street**
**PO Box 969**
**Fairhope, Alabama 36533**
**251-990-5558 Telephone**
**251-990-0626 Facsimile**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

James D. Patterson