The Law Offices of
# Earl P. Underwood, Jr.
**Board Certified Civil Trial Lawyer**
**By National Board of Trial Advocacy**

21 South Section Street
Post Office Box 969
Fairhope, Alabama 36533-0969
(251) 990-5558

Earl P. Underwood, Jr.
James D. Patterson

April 21, 2006

Anne P. Wheeler
1901 N 6th Ave # 2900
Birmingham Al 35203

Re: Alexander v. Certegy Responses to Plaintiffs' Request for Production

Dear Anne:

    I am in receipt of Certegy's responses to our Rule 34 requests. As you know there are numerous boiler plate or canned objections made to the discovery requests and I will take up the ones that we are most concerned with below. With regard to the "General Objections" I have the following concerns:

Objection:

    1.    "Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek information protected by the attorney-client privilege or by the work product doctrine, including materials that are prepared in anticipation of litigation or are otherwise outside the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure or other applicable law."

Concerns:

    As you know FRCP 34 states in pertinent part "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The above objection is a canned objection and does not state specific reasons why any of our requests are improper. I urge you to withdraw this canned objection or state it with enough particularity that I can properly respond to it.
    Additionally there is a claim of privilege being made. Please provide us with a log of any documents being withheld as being subject to any claim of privilege.

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

Objection:

    2.    Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek the identities or information concerning the financial affairs or other matters of or concerning persons and entities that are not parties to this litigation or to whom Certegy has a duty of confidentiality.

Concerns:

    This is another canned objection. Please re-state this objection and explain to us exactly what is being objected to. What definitions are objectionable? In what requests is Certegy claiming that we are seeking confidential information about non-parties?
    In addition we have the same concerns as we have with number one above.

Objection:

    3.    Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek to impose additional duties on Certegy or seek to obtain information beyond the scope of discovery permitted or provided for under Rule 26 of the Federal Rules of Civil Procedure.

Concerns:

    Please re-state this objection and explain to us exactly what is being objected to. Which instructions is Certegy claiming are objectionable and why?

Objection:

    4.    Certegy objects to all requests for production and to the definitions and instructions that preface them to the extent they seek information or records that are proprietary in nature or that would, if produced, result in the disclosure of trade secrets or confidential or proprietary information of Certegy.

Response:

    To the extent applicable we will be willing to enter into a protective order regarding Certegy's legitimate trade secrets.

Objection:

    5.    Certegy objects to all requests for production and to the definitions and instructions that preface them as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence, for reasons including specifically but not limited to the extent to which individual requests for production seek disclosure of matters exceeding the time and jurisdictional scope and limits of the claims asserted.

Concerns:

This is another canned and meaningless objection. Please restate it and tell us what the specific objection is.

Objection:

6.  Certegy objects to all requests for production and to the definitions and instructions that preface them to the extent they misstate the law, involve interpretations of legal authorities or concepts, or depend upon erroneous statements of the law or its application to the matters at issue in this action.

Concerns:

This is another canned and meaningless objection. Please restate it and tell us what the specific objection is so we may properly respond.

Objection:

7.  Certegy objects to all requests for production and to the definitions and instructions that preface them as being unduly burdensome to the extent they purport to require Certegy to search all of its records to identify all such records that might have any reference to or concern or relate in any way to the named plaintiffs. As is made clear in Certegy's responses to plaintiffs' interrogatories, Certegy does not maintain records based on names of consumers and does not have the ability to retrieve records based solely on the names of the plaintiffs. To the extent that plaintiffs' production requests can be answered through Certegy's usual and customary search procedures and to the extent any request is not otherwise objected to by Certegy, Certegy will seek to identify and to produce the documents requested.

Concerns:

Please re-state this objection and explain to us exactly what is being objected to.

I would now like to address the objections and responses to specific requests. I will reproduce Certegy's response and state our concerns.

1. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy will produce the requested documents at a time and place to be mutually agreed upon.**

Concern: This is canned objection to a straight forward request. We are only asking for any documents that contain any of the Plaintiffs' personal identifiers. Please explain how it vague. This is a FCRA case and Certegy documents with the Plaintiffs' personal information on them are certainly relevant. I would appreciate withdrawal of the canned objection to this request.

2. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it does not possess any credit reports, credit applications, employment investigative reports, mortgage reports, or credit scoring data. Subject to and without waiver of its general and specific objections, Certegy further states that as to account information or other personal identifying information, Certegy either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.**

Concern: This is another canned objection to a straight forward request. We are only asking for any documents and consumer reports that contain any of the Plaintiffs' personal identifiers. Please explain how it vague. This is a FCRA case and Certegy documents with the Plaintiffs' personal information on them are certainly relevant. I would appreciate withdrawal of the canned objection to this request.

3. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy has already produced or will produce the requested documents at a time and place to be mutually agreed upon.**

Concern: Yet another canned objection to a straight forward request. We are only asking for any documents and correspondence that contain any of the Plaintiffs' personal identifiers. Please explain how this is vague. This is a FCRA case and documents in Certegy's possession with the Plaintiffs' personal information on them are certainly relevant. I would appreciate withdrawal of the canned objection to this request.

4. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.**

Concern: A canned objection to a straight forward request. We are only asking for any documents and correspondence that contain any of the Plaintiffs' personal identifiers. Please explain how it vague. This is a FCRA case and documents in Certegy's possession with the Plaintiffs' personal information on them are certainly relevant. I would appreciate withdrawal of the canned objection to this request.

5. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.**

Concern: This response is puzzling. We are requesting documents that are referred to and/or referenced in Certegy's interrogatory responses. Please explain how this is vague and how it can be burdensome if the documents are referenced in the interrogatory responses. I would appreciate withdrawal of this canned objection and the production of the requested documents.

7. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, seeking a legal conclusion, seeking to shift the burden of proof and production from plaintiffs to Certegy, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy refers plaintiffs to documents that have been or will be produced in this action.**

Concerns: Since this is a suit which challenges Certegy's FCRA procedures and its compliance with the statute please explain how a request for its policy and procedure manuals be "**overly broad, unduly burdensome, vague, ambiguous, irrelevant, seeking a legal conclusion, seeking to shift the burden of proof and production from plaintiffs to Certegy, and not reasonably calculated to lead to the discovery of admissible evidence**"? Please withdraw this frivolous objection.

8. Response: **Certegy objects to this request as being potentially overly broad, unduly burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking a legal conclusion, and not reflecting accurately the terms of the Fair Credit Reporting Act. Certegy further objects on the grounds that it is not required to prove a negative and that there are no documents or records in Certegy's possession which would support a conclusion**

that Certegy is a credit reporting agency, as Certegy understands that concept under the statute in question.

Concerns: This is another canned objection. If Certegy has no such documents then it should so state. If there are such documents then they should be produced.

13. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy directs the plaintiffs to its response to interrogatory 20.**

Concern: This is another canned objection. There is nothing vague about this request. Plaintiffs demand a proper response to this request.

14. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.**

Concerns: Please respond to this proper request as required by Rule 34 and withdraw the canned objection.

15. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.**

Concerns: This response does not comply with Rule 34(b) and contains frivolous and canned objections.

16. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are either proprietary or confidential or both.**

Concern: Please withdraw the canned objections and properly respond to this request as required by Rule 34.

17. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are proprietary and/or confidential.**

Concern: Please withdraw the canned objections and properly respond to this request as required by Rule 34.

18. **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are proprietary in nature.**

Concern: Please withdraw the canned objections and properly respond to this request as required by Rule 34.

19. Response: **Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.**

**Concern:** Please withdraw the canned objections and properly respond to this request as required by Rule 34.

Please consider this letter my good faith effort obtain meaningful compliance with our Rule 34 requests without court intervention. Since our motion for class certification is due soon I will file a motion to compel in seven days if meaningful compliance is not forthcoming.

Sincerely,

Earl P. Underwood, Jr.

EPUjr/dcl

```
* * * Transmission Result Report(MemoryTX) ( Apr.21. 2006 12:06PM ) * * *
                                                             1) Earl P. Underwood,Jr.
                                                             2)

Date/Time: Apr.21. 2006 12:04PM

File                                                                              Page
 No. Mode            Destination                    Pg(s)       Result       Not Sent
--------------------------------------------------------------------------------------
2740 Memory TX       12054589500                    P.  7       OK




                Reason for error
                   E.1) Hang up or line fail           E.2) Busy
                   E.3) No answer                      E.4) No facsimile connection
```

The Law Offices of
# Earl P. Underwood, Jr.
**Board Certified Civil Trial Lawyer**
By National Board of Trial Advocacy

21 South Section Street
Post Office Box 969
Fairhope, Alabama 36533-0969
(251) 990-5558

Earl P. Underwood, Jr.
James D. Patterson

April 21, 2006

Anne P. Wheeler
1901 N 6th Ave # 2900
Birmingham Al 35203

Re: Alexander v. Certegy Responses to Plaintiffs' Request for Production

Dear Anne:

    I am in receipt of Certegy's responses to our Rule 34 requests. As you know there are numerous boiler plate or canned objections made to the discovery requests and I will take up the ones that we are most concerned with below. With regard to the "General Objections" I have the following concerns:

Objection:

    1.    "Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek information protected by the attorney-client privilege or by the work product doctrine, including materials that are prepared in anticipation of litigation or are otherwise outside the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure or other applicable law."

Concerns:

    As you know FRCP 34 states in pertinent part "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The above objection is a canned objection and does not state specific reasons why any of our requests are improper. I urge you to withdraw this canned objection or state it with enough particularity that I can properly respond to it.
    Additionally there is a claim of privilege being made. Please provide us with a log of any documents being withheld as being subject to any claim of privilege.

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com