IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. ALEXANDER and BELINDA N. PITMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:05CV449-MHT ) [WO] |
| CERTEGY CHECK SERVICES, INC., | ) ) |
| Defendant. | ) |

**ORDER ON MOTION**

The plaintiffs filed a Motion to Compel on 26 May 2006 (Doc. # 31). The plaintiffs seek responses to their discovery responses, and they request that the court strike the defendant's "canned objections". Pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993, the plaintiffs have certified their good faith attempts to resolve the dispute before seeking the court's intervention. For the reasons stated herein, it is

ORDERED that the motion is GRANTED.

**DISCUSSION**

Irrespective of the nature of the objections, i.e., whether they are "canned" or unquestionably thoughtful, the untimeliness of the defendants' responses to the plaintiffs' discovery requests render the objections irrelevant.

The plaintiff served interrogatories, requests for production and requests for

admissions[1] on the defendant on 8 March 2006. The rules of procedure require that

- responses to interrogatories be provided "separately and fully in writing under oath" unless there is an objection. FED. R. CIV. PRO. 33(b)(1);

- answers to interrogatories be "signed by the person making them". FED. R. CIV. PRO. 33(b)(2);

- responses to interrogatories or objections be served "within 30 days after the serve of the interrogatories". FED. R. CIV. PRO. 33(b)(3);

- objections that are untimely are "waived unless the party's failure to object is excused by the court for good cause shown". FED. R. CIV. PRO. 33(b)(4);

- responses to a request for production or objections thereto be served in writing "within 30 days after the service of the request". FED. R. CIV. PRO. 34(b);

- the matters which are the subject of requests for admission are "admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney". FED. R. CIV. PRO.

---

[1] The plaintiffs' motion does not discuss the Requests for Admission or the defendant's response to them, nor do the plaintiffs request any relief related to admissions. The court therefore construes the motion to compel as limited to the interrogatories and requests for production. If the plaintiffs desire relief connected to their Requests for Admission, they should file an additional pleading which specifically addresses that document.

      36(a).

Moreover, Section I-G of the court's *Guidelines on Civil Discovery* provides, in pertinent part:

> The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. Those are the dates by which a lawyer should answer; he should not await a court order. If a lawyer cannot answer on time, he should move for an extension of time in which to answer, and inform opposing counsel so that in the meantime no motion to compel a response will be filed.

In the instant case, the defendant simply failed, to its detriment, to follow the deadlines set forth in the federal rules. In non-compliance with those rules, it served

- non-verified responses to the interrogatories 16 days after service;
- responses to the request for production 36 days after service;
- verified responses to the interrogatories 40 days after service;
- signed objections to interrogatories 40 days after service; and
- signed objections to the request for production 36 days after service.

The chronology of discovery requests and responses clearly established that the defendant's objections to the interrogatories and request for production were waived. In that connection, notwithstanding the plaintiffs' 34-page motion, including itemized analyses of the defendant's objections to their discovery requests, the court declines to review those analyses. Protracted expenditure of the court's limited resources for that purpose is pretermitted in this case by the simple - but long-acknowledged - force of the deadlines established in the rules.

## CONCLUSION

The defendants' verified responses and their signed objections were simply too late, and the objections are therefore waived.  Accordingly, it is ORDERED as follows:

1. On or before 12 June 2006, the defendant shall serve upon counsel for the plaintiffs full and complete responses to the interrogatories, free of objections and signed by the person answering them.

2. On or before 12 June 2006, the defendant shall serve upon counsel for the plaintiffs full and complete responses to the request for production, free of objections and accompanied by a certification signed by the person providing the documents.

3. The defendant is specifically DIRECTED to serve the *interrogatory* responses as though no previous responses were served, i.e., the defendant shall refrain from merely providing "additional" information or information not previously provided.  The responses shall be provided in a manner that indicates that they supersede any previous responses.  The defendant shall be permitted, however, to provide "additional" documents in response to *requests for production*, to the extent that it is appropriate.

4. On or before 15 June 2006, counsel for the plaintiff shall file a Notice of Compliance with the Clerk of the court attesting to the defendant's compliance or non-compliance with this order.

5. The parties are reminded of the admonition in the Guidelines to Civil

Discovery:

Because lawyers are expected to respond when the rules provide, Rule 37(a)(4) provides that if an opposing lawyer must go to court to make the recalcitrant party answer, the moving lawyer is ordinarily awarded counsel fees spent in filing (and, if necessary, arguing) the motion to compel. Rule 37 will be enforced in this district strictly according to its tenor.

Once a court order is obtained compelling discovery, unexcused failure to provide a timely response is treated by the Court with the special gravity which it deserves; violation of a court order is always serious and may be treated as contempt, or judgment may be entered, or some other appropriate and measured sanction used. (Section I-G).

DONE this 30th day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE