IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. ALEXANDER and BELINDA N. PITMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CERTEGY CHECK SERVICES, INC., | ) ) ) |
| Defendant. | ) |

Case No.: 2:05-cv-0449-WKW

**MOTION OF CERTEGY CHECK SERVICES, INC.,
TO RECONSIDER AND VACATE
ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

**AND TO STAY FURTHER CONSIDERATION OF SUCH MOTION UNTIL THE
PARTIES HAVE COMPLETED GOOD FAITH EFFORTS TO RESOLVE THE
DISCOVERY MATTERS AT ISSUE**

Comes now Certegy Check Services, Inc. ("Certegy"), and moves the Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reconsider and vacate its Order of May 30, 2006, which granted the Plaintiffs' Motion to Compel. The Court based the May 30 Order on the mistaken understanding that Certegy had waived its objections to Plaintiffs' discovery requests by failing to file those objections within the time provided by the applicable rules. As grounds for this motion, Certegy shows the Court that the Order is due to be vacated because (1) contrary to the impression given by Plaintiffs' motion, Certegy's objections *were* timely filed, (2) the Motion to Compel presented an incomplete and potentially very misleading statement of the course of discovery in this action, and (3) the parties were engaged in ongoing negotiations at the time the Motion to Compel was filed. Indeed, those negotiations are continuing at the present time, Plaintiffs having agreed to provide Certegy this week with a list of any specific discovery

requests on which Plaintiffs seek additional responses from Certegy. Because those negotiations are ongoing at this time, Certegy asks the Court also to stay consideration of the Motion to Compel until the parties have completed their ongoing, good-faith efforts to resolve any remaining discovery dispute.

1. In their Motion to Compel, Plaintiffs failed to notify the Court that (a) Plaintiffs had expressly agreed to extend the time for Certegy to respond to the discovery in question, as provided for in Fed. R. Civ. P. 29; (b) Certegy timely served objections and substantive responses to the discovery within the agreed-upon time; and (c) the parties were still engaged in negotiating the discovery dispute (and, indeed, Certegy was preparing additional supplemental responses, as Plaintiffs' counsel was well aware) at the time the Motion to Compel was filed. Because the Order granting the Motion to Compel depended upon the erroneous understanding that Certegy had waived its objections by failing to file objections in a timely manner, the Order is due to be vacated.

2. Plaintiffs further painted a potentially misleading portrait of discovery to date, making it appear that Certegy had simply ignored or stonewalled Plaintiffs' attempts at discovery. Nothing could be further from the truth. While Certegy quite properly preserved its objections to the substance and breadth of a number of Plaintiffs' requests, it did so only after having produced hundreds of pages of documents and in conjunction with providing extensive substantive responses to formal discovery. As shown in the legal authorities set out in Exhibit B hereto, the filing of objections in conjunction with providing substantive responses is entirely appropriate under the applicable rules. Further, even before the formal discovery was served, Certegy sent two Certegy representatives to Birmingham for a lengthy informal interview with Plaintiffs' counsel, during which Certegy provided full and candid responses to all of counsel's

questions, most of which were then duplicated in the formal discovery in question. (Notably, Plaintiffs' counsel have never claimed that Certegy failed to serve its objections within the time permitted by the rules and the agreement of the parties; that issue appears to have arisen from Plaintiffs' failure to recite, in the Motion to Compel, the fact of the agreement for an extension of time for Certegy to file those objections.)

3.  As is evidenced by the Underwood letters of April 21, Plaintiffs' "good faith attempts" to resolve the dispute, particularly regarding interrogatory responses, prior to filing the Motion to Compel consisted in large part of nothing more than a charge that Certegy's objections were "groundless," "canned," or "frivolous. With very limited exceptions, Plaintiffs offered no legal authority or factual basis for their argument that Certegy's objections to the interrogatories were groundless or inappropriate. (See letter from Earl Underwood, Jr., Exhibit B to Plaintiffs' Motion to Compel.)   Simply labeling an opposing party's objections as "canned" and "frivolous" does not constitute a good faith attempt to resolve a discovery dispute.

4.  Hoping that Plaintiffs' counsel would provide a more substantive basis for their position in person than had been provided in their letters, Certegy's counsel met for almost three hours with one of Plaintiffs' counsel on April 28. In the course of the discussion, Certegy's counsel explained the grounds for its objections and offered to provide supplemental responses on several items. Plaintiffs' counsel, in contrast, continued to offer no authority to support their position that Certegy's objections were groundless. At the conclusion of that meeting, Certegy's counsel had a list of the specific items on which Plaintiffs' counsel had indicated, after discussion, that Plaintiffs still believed additional discovery was due from Certegy.

5.  In the course of the April 28 meeting, Certegy's counsel explained that, with respect to one issue – Plaintiffs' request for personal identification and financial information

3

concerning non-party consumers – Certegy based its objection on its understanding that prior federal court decisions have consistently held that such information is not within the proper scope of discovery prior to class certification. Plaintiffs' counsel agreed to provide Certegy with authority to the contrary, and Certegy agreed that it would review such authorities and consider withdrawing its objection. Plaintiffs had not provided that authority at the time they filed the Motion to Compel, nor do they cite any authority in their Motion to Compel that would support their position on this issue. Certegy understands that Plaintiffs are withdrawing their request for this information, based at least in part on the fact that Certegy's sworn responses show that it has no feasible or reliable way to determine who might be included in the putative class.

6. Following the April 28 meeting, Certegy's counsel wrote a detailed letter to Plaintiffs' counsel, providing additional substantive responses and addressing each of the points that Certegy understood to be still at issue after the April 28 meeting. (See attachments to Exhibit A hereto.) In that letter, Certegy's counsel expressly stated as follows:

> I believe this covers the items on which we are due to give you a supplemental response. If your notes show additional items on which you believe we need to provide more information, please let me know. Otherwise, I will assume that this resolves your concerns regarding Certegy's discovery responses and will move forward to get the above formatted as supplemental interrogatory and production responses, arrange to have the interrogatory responses verified, and forward those to you later this week.

Plaintiffs responded to this letter with an e-mail asking that the material provided in the letter from Certegy's counsel be put in formal format. They did not identify any additional areas in which they believed further discovery was due from Certegy, making only a vague reference to "those objections we had discussed." Plaintiffs then, to Certegy's surprise, filed their Motion to Compel.

7. By failing to disclose to the Court the existence of a written agreement for a short extension of time for Certegy to respond to the discovery, Plaintiffs omitted facts crucial to the

4

Court's consideration of the Motion to Compel, which was granted without opportunity for Certegy to reply and provide "the rest of the story."  Attached at Exhibit A is a detailed chronology of events leading up to the filing of Plaintiffs' Motion to Compel, with copies of pertinent correspondence that Plaintiffs omitted from their Motion.  Attached as Exhibit B is a short memorandum of law showing that Certegy's objections were also entirely proper and demonstrating why the authorities cited in Plaintiffs' Motion are, in any event, inapposite to the matter before the Court and insufficient to support entry of an order to compel.

       8.     In its Order of May 30, the Court accepted Plaintiffs' certification that they had attempted in good faith to resolve the dispute before seeking the intervention of this Court.  Certegy submits that this certification was not accurate, as the parties had reached agreement regarding many aspects of the discovery in question (or so Certegy was led to believe by the words and actions of Plaintiffs' counsel) and were still in the process of working through the two remaining areas of disagreement at the time the Motion to Compel was filed.  In fact, the ball was in Plaintiffs', rather than Certegy's, court on at least one of those two issues, and the resolution of the second issue depended upon a decision by the Court as to whether to permit Plaintiffs to amend their Complaint. (Certegy expressly notified Plaintiffs in the letter of May 15 that if the proposed amendment were to be permitted, Certegy would review its objection to the relevance of certain document requests and produce those documents if the newly filed claims rendered them discoverable.   (See Letter of May 15 from Anne P. Wheeler to Earl Underwood, attached to Exhibit A hereto.)

       9.     The Court in its Order also noted that when lawyers must go to court because of the recalcitrance of opposing counsel, the moving lawyer "is ordinarily awarded counsel fees." (Order, p. 5)  Certegy submits that it is Certegy, and not Plaintiffs, that has attempted in good

faith to resolve this dispute. Certegy has now provided three waves of discovery to Plaintiffs and was still in the process of providing supplemental discovery when Plaintiffs filed their Motion to Compel. Plaintiffs, in contrast, (1) failed to respond to Certegy's request that Plaintiffs identify any remaining issues in dispute; (2) failed to provide authority, as promised, that would contradict the authorities relied upon by Certegy in objecting to certain of the discovery requests; (3) elected to file their Motion to Compel while the parties were still actively engaged in negotiating the discovery dispute and at a point when Plaintiffs were well aware that Certegy was in the process of supplementing its discovery responses; and, most significantly, (4) affirmatively misled the Court by failing to disclose that Certegy had served signed objections and initial substantive responses <u>within the time expressly agreed upon by Plaintiffs</u>.

   10. Plaintiffs' precipitous filing of an unnecessary and disingenuous Motion to Compel and their failure to make full disclosure to this Court of the pertinent facts, including both the agreed-upon extension of time and the ongoing nature of discovery negotiations between the parties, have caused Certegy to incur significant costs in attempting to set the record straight. In addition, the necessity of responding to a totally unnecessary and inappropriate Motion to Compel has consumed considerable time and energy that Certegy's counsel had expected to invest in providing supplemental discovery that Certegy had previously promised to Plaintiffs and in continuing settlement negotiations that had appeared to be promising. Certegy respectfully submits that, if costs are to be imposed in connection with this matter, it is Certegy that is entitled to an award of fees and costs incurred as a result of Plaintiffs' action in filing the Motion to Compel.

**WHEREFORE**, for the reasons cited above and in the attached Exhibits A and B, which are incorporated as if fully set out herein, Certegy Check Services, Inc., respectfully moves this Court to reconsider and vacate its Order granting Plaintiffs' Motion to Compel and to stay any further consideration of the Motion to Compel until the parties have completed the negotiations that were underway at the time the Motion to Compel was improvidently filed and which continue through this date.

Respectfully submitted,

/s/ Anne P. Wheeler
Anne P. Wheeler
Alabama State Bar No.: ASB 7112-R65A
awheeler@jbpp.com
Joseph W. Carlisle
Alabama State Bar No.: ASB 1197-E68C
jcarlisle@jbpp.com

Attorneys for Defendant
Certegy Check Services, Inc.

JOHNSTON BARTON
PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

OF COUNSEL

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Earl P. Underwood, Jr.
> 21 South Section Street
> P.O. Box 969
> Fairhope, Alabama 36533
>
> Jim S. Calton, Jr.
> Calton & Calton
> 226 East Broad Street
> Eufaula, Alabama 36027
>
> David R. Donaldson
> Tammy M. Stokes
> Donaldson & Guin, LLC
> 2 North 20th Street, Suite 1100
> Birmingham, AL 35203

On this, the 8th day of June, 2006.

                                                   /s/ Anne P. Wheeler
                                                   Of Counsel

W0560647.DOC