EXHIBIT A

**EXHIBIT A TO CERTEGY'S MOTION TO VACATE AND STAY**

**CHRONOLOGY OF PERTINENT DISCOVERY COMMUNICATIONS**

The details of the events described in the Motion of Certegy Check Services, Inc., to Reconsider and Vacate Order Granting Plaintiffs' Motion to Compel are as follows. Pertinent correspondence omitted from Plaintiffs' Motion to Compel are attached hereto in further support of this Motion to Reconsider and Vacate.

1.    On March 8, 2006, the Plaintiffs served Certegy by U.S. Mail with the Plaintiffs' First Interrogatories. Pursuant to Rule 33 and Rule 6 of the Federal Rules of Civil Procedure, Certegy's responses to the Plaintiffs' interrogatories were due on April 10, 2006.

2.    On March 9, 2006, the Plaintiffs served Certegy with the Plaintiffs' Requests for Production of Documents. Pursuant to Rule 34 and Rule 6 of the Federal Rules of Civil Procedure, Certegy's responses to the Plaintiffs' requests for production of documents were due on April 13, 2006.

3.    On April 7, 2006, Certegy requested a one-week extension to serve the Plaintiffs with its responses to the Plaintiffs' interrogatories and requests for production of documents. The Plaintiffs agreed to this extension. Such an agreement is expressly authorized by Rules 33 and 34 of the Federal Rules of Civil Procedure. The parties thus established that Certegy would serve the Plaintiffs with its responses by April 14, 2006. Attached is a copy of the e-mail correspondence whereby the parties agreed to the one-week extension.

4.    Certegy worked diligently to provide full and accurate responses to the Plaintiffs' interrogatories and requests for production of documents.

5.    On Friday April 14, 2006, the date agreed upon by the parties for Certegy to serve its responses, Certegy served the Plaintiffs with substantive responses to the Plaintiffs' interrogatories and to the production requests, both signed as to the objections.  Certegy was unable to provide its counsel with a signed verification in time for its counsel to include with the responses to the Plaintiffs' interrogatories served on April 14, 2006.  Rather than seek an additional extension from the Plaintiffs, Certegy's counsel served the Plaintiffs with Certegy's responses on April 14, 2006, and assured the Plaintiffs that the responses were accurate as served and that verification would be provided the following week.  Plaintiffs accepted the unverified responses and offered no objection to the short delay with respect to the verification.  A copy of the April 14, 2006, letter from Certegy's counsel to the Plaintiffs that was enclosed with Certegy's responses to the Plaintiffs' interrogatories is attached hereto.

6.    On Tuesday, April 18, 2006, Certegy served the Plaintiffs with verified responses to the Plaintiffs' interrogatories.   These responses did not differ in substance from the responses served on April 14, 2006.

7.    On Friday, April 21, 2006, the Plaintiffs sent Certegy two separate letters regarding Certegy's responses to the Plaintiffs' interrogatories and Certegy's responses to the Plaintiffs' requests for production of documents, and requested that certain objections be removed from those responses.  The Plaintiffs did not take issue with the timeliness of Certegy's responses.  With very limited exceptions, the letters did not offer any substantive basis for Plaintiffs' position that Certegy's objections were groundless or inappropriate.

8.    On Monday, April 24, 2006, the parties scheduled a telephone conference for Thursday April 27, 2006, to discuss the issues raised in the Plaintiffs' letters of April 21, 2006.

9.    On April 27, 2006, Certegy's counsel contacted the Plaintiffs' counsel to discuss the issues raised in the Plaintiffs' letters of April 21, 2006.  However, as the Plaintiffs' counsel was not in his Fairhope office and intended to be in Birmingham the following day, the parties agreed to meet in person on April 28, 2006, at the offices of Certegy's counsel.

10.    On Friday April 28, 2006, counsel met and spent almost three hours discussing the issues raised in the Plaintiffs' letters of April 21, 2006.  At this meeting, the parties narrowed the issues and areas of dispute and Certegy agreed to supplement its answers in accordance with the understandings reached at this meeting.    At the conclusion of that meeting, Certegy's counsel understood that there were only two remaining issues in dispute, with resolution of those areas being dependent upon Plaintiffs' offer to provide legal authority for its position (authority which has still not been forthcoming from Plaintiffs' counsel).

11.    On May 15, 2006, Certegy e-mailed a letter to the Plaintiffs recounting the responses the parties agreed would be supplemented and providing, in informal format, Certegy's initial supplemental responses.  In that letter, Certegy's counsel specifically asked Plaintiffs' counsel to notify Certegy if there were any other matters on which Plaintiffs sought additional discovery, so that any such issues could be addressed without the necessity of intervention by the Court.

12.    Plaintiffs' counsel responded by acknowledging the receipt of Certegy's letter and requesting that the substantive information provided in the letter be converted to formal supplemental responses.  Plaintiffs' counsel, however, did not identify any additional areas in which they considered Certegy's responses to be in any way insufficient.  A copy of the May 15, 2006, e-mail correspondence between counsel is attached hereto.

13.    On May 18, 2006, Certegy contacted the Plaintiffs to inform them that it would also supplement its responses to the Plaintiffs' request for the production of documents by providing a revised training manual. Plaintiffs' counsel requested Certegy to place this manual, which consists of hundreds of pages, on a CD/ROM to aid the Plaintiffs in their review of the document. Certegy agreed to provide the manual on a CD/ROM and informed the Plaintiffs that it would take time to complete this process.

14.    On May 23, 2006, Certegy responded to the Plaintiffs e-mail of May 20, 2006, inquiring about Certegy's progress in providing verified supplemental responses by stating that it hoped to provide these responses by the end of the week.

15.    On May 24, 2006, Plaintiffs' counsel sent Certegy's counsel an e-mail with the subject heading "Certegy manual."  In that e-mail Plaintiffs' counsel noted that they were preparing a motion, but gave no substantive response to Certegy's request to be notified of any specific areas in which Plaintiffs still thought discovery was due and gave no explanation as to why Plaintiffs were contemplating filing a Motion to Compel while the parties were still engaged in ongoing discovery negotiations and supplemental production. (Certegy's counsel, relying on the Subject heading of this e-mail and understanding the e-mail to refer to separate discussions concerning the manual that was to be produced when it became available in electronic format, did not open this e-mail until after the Motion to Compel had been filed.)

16.    On May 26, 2006, with full knowledge that Certegy was in the process of providing additional documents and the reformatted interrogatory responses, and without (a) responding to Certegy's request that Plaintiffs identify any areas in which Plaintiffs remained unsatisfied, or (b) providing the promised authority in support of their claim to be entitled to some of the information in question, Plaintiffs' counsel filed their Motion to Compel.

17.    The Plaintiffs' Motion to Compel did not accurately reflect the course of events leading up to the Plaintiffs' filing their Motion to Compel.

18.    The Plaintiffs did not inform the court of the extension of time the parties agreed to for Certegy to provide its responses.  Specifically, under the parties' agreement to extend the time for serving its responses, Certegy's response to the Plaintiffs' request for production of documents was timely served on April 14, 2006.  In addition, under the agreement to extend the time for Certegy to respond, the objections to the Plaintiffs' interrogatories were timely served on April 14, 2006.

19.    Plaintiffs have characterized Certegy's responses as evasive and incomplete, despite the fact that Certegy provided thorough and detailed responses.  Certegy did not simply object to every interrogatory or request for production of documents without providing a response.  Instead, Certegy identified and preserved its general and specific objections while also providing detailed responses.

Request and Agreement for Extension of Time
to Respond to Discovery

**From:**    Anne P. Wheeler
**To:**    epunderwood@alalaw.com
**Date:**    4/7/06 5:28PM
**Subject:**    RE: Alexander v. Certegy

Thanks.

Anne P. Wheeler
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 - 6th Avenue, North
Birmingham, Alabama 35203
Telephone:  (205) 458-9411
Facsimile:    (205) 458-9500
www.johnstonbarton.com

================================
CONFIDENTIALITY NOTICE:  This message may contain confidential
privileged information. If it has been sent
to you in error, please reply to advise the
sender of the error and then immediately
delete this message.  Thank you.

TAX ADVICE DISCLOSURE:  Any federal tax advice contained in this comunication (including
attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1)
avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

================================    *Agreement to Extension* (handwritten)
>>> "Earl P. Underwood, Jr." <epunderwood@alalaw.com> 04/07/06 13:47 PM >>>
 I think we all agree with that.

-----Original Message-----
From: Anne P. Wheeler [mailto:APW@jbpp.com]
Sent: Friday, April 07, 2006 12:49 PM
To: epunderwood@alalaw.com
Subject: RE: Alexander v. Certegy

A one-week extension through April 14th would be appreciated.

*Request for Extension of Time to Respond* (handwritten)

Anne P. Wheeler
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 - 6th Avenue, North
Birmingham, Alabama 35203
Telephone:  (205) 458-9411
Facsimile:    (205) 458-9500
www.johnstonbarton.com

================================
CONFIDENTIALITY NOTICE:  This message may contain confidential
privileged information. If it has been sent
to you in error, please reply to advise the
sender of the error and then immediately
delete this message.  Thank you.

TAX ADVICE DISCLOSURE: Any federal tax advice contained in this comunication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.


===================================

>>> "Earl P. Underwood, Jr." <epunderwood@alalaw.com> 04/07/06 10:16AM >>>
Anne:

What date are you requesting?

-----Original Message-----
From: Anne P. Wheeler [mailto:apw@jbpp.com]
Sent: Friday, April 07, 2006 9:57 AM
To: epunderwood@alalaw.com; Davidd@dglawfirm.com; tstokes@dglawfirm.com
Subject: Re: Alexander v. Certegy

Earl, David, and Tammy,

I believe that Certegy is due to respond to the plaintiffs' written discovery requests early next week. I have been out of town much of this week and am in Atlanta today and, while we have fairly substantial drafts of the responses, I may have trouble getting together with the client for final approval before the middle or end of next week. Would you be willing to give us a one-week extension of the time to respond to the interrogatories and document requests? That would certainly be a big help for my schedule. While we will necessarily be filing some objections, we are anticipating that you will be receiving substative responses, much of which will confirm the information you received during our informal meeting last fall with Certegy's representatives.

I am also looking for dates to get the depositions scheduled for the plaintiffs and for Certegy's representative. I hope to have solid information to send you on that next week. I am also hopeful that the interrogatory responses may help move us closer to working out the obstacles we have identified to settling this action on a class basis. If that is a possibility, it would certainly be better if we could get that done before incurring the costs of these depositions.

Earl, if this is spring break week for you, I hope you are having a wonderful and relaxing time. What no one tells parents of high school students is that the real down-side of the empty nest is losing that great rationale for taking off a week during the best weather of the year!

Thanks for your consideration of the above,
Anne

Anne P. Wheeler
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 - 6th Avenue, North

*[handwritten note:]* Initial Request for Extension of Time to Respond

Birmingham, Alabama 35203
Telephone: (205) 458-9411
Facsimile:    (205) 458-9500
www.johnstonbarton.com

================================
CONFIDENTIALITY NOTICE:  This message may contain confidential
privileged information. If it has been sent
to you in error, please reply to advise the
sender of the error and then immediately
delete this message.  Thank you.

TAX ADVICE DISCLOSURE:  Any federal tax advice contained in this
comunication (including attachments) was not intended or written to be used,
and it cannot be used, by you for the purpose of (1) avoiding any penalty
that may be imposed by the Internal Revenue Service or (2) promoting,
marketing or recommending to another party any transaction or matter
addressed herein.


==================================

Letter and Notice of Service of Discovery Responses
Served on April 14, 2006

# JohnstonBarton

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

Joe W. Carlisle
Telephone Number: 205-458-9458
E-mail Address: jcarlisle@jbpp.com

April 14, 2006

Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, Alabama 36533

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, Alabama 36027

David R. Donaldson
Tammy M. Stokes
Donaldson & Guin, LLC
2 North 20th Street, Suite 1100
Birmingham, AL 35203

      Re:    *Willie C. Alexander et al. v. Certegy Check Services, Inc.,*
              Civil Action No. 2:05-cv-0449-WKW

Dear Gentlemen and Ms. Stokes:

      Enclosed please find Certegy Check Services, Inc.'s responses to Plaintiffs' Interrogatories and Requests for Production. As our client is out of state, we were unable to obtain our client's signature on the Verification of the Responses to the Plaintiffs' Interrogatories prior to serving them upon you. I assure you however, that the Responses to Plaintiffs' Interrogatories were reviewed and approved by our client. As soon as we are able to obtain our client's signature on the Verification, we will forward a complete signed copy for your files.

      I appreciate your understanding. Should you have any questions or concerns, please feel free to contact me.

{W0552962.1}

Very truly yours,

*Joseph W. Carlisle*

Joseph W. Carlisle

JWC/lst
Enclosures
cc:  Anne P. Wheeler

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **WILLIE C. ALEXANDER and** | ) |
| **BELINDA N. PITMAN,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )      **Case No.: 2:05-cv-0449-WKW** |
| | ) |
| **CERTEGY CHECK SERVICES, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**NOTICE OF SERVICE OF DISCOVERY**

TO:   Ms. Debra P. Hackett
       Clerk of Court
       U.S. District Court
       One Church Street
       Montgomery, Alabama 36104

     Please take notice that defendant Certegy Check Services, Inc. has served the following discovery documents on all counsel of record in this civil action:

    (1)   Defendant Certegy Check Services, Inc.'s Response to Plaintiffs' First Interrogatories.

    (2)   Defendant Certegy Check Services, Inc.'s Response to Plaintiffs' First Requests for Production.

    This the 14th day of April, 2006.

                     s/ Joseph W. Carlisle
                     Joseph W. Carlisle
                     Alabama State Bar No.: ASB 1197-E68C
                     jcarlisle@jbpp.com
                     s/Anne P. Wheeler
                     Anne P. Wheeler
                     Alabama State Bar No.: ASB 7112-R65A
                     awheeler@jbpp.com

                     Attorneys for Defendant Certegy Check Services, Inc.

{W0552962.1}

JOHNSTON BARTON
 PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone:      (205) 458-9400
Facsimile:      (205) 458-9500

          OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Earl P. Underwood, Jr.
> 21 South Section Street
> P.O. Box 969
> Fairhope, Alabama 36533
>
> Jim S. Calton, Jr.
> Calton & Calton
> 226 East Broad Street
> Eufaula, Alabama 36027
>
> David R. Donaldson
> Tammy M. Stokes
> Donaldson & Guin, LLC
> 2 North 20th Street, Suite 1100
> Birmingham, AL 35203

On this, the 24th day of January, 2006.

> s/ Joseph W. Carlisle
> Counsel

Certegy Responses to Plaintiffs' Interrogatories
Served April 14, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

WILLIE C. ALEXANDER and          )
BELINDA N. PITMAN,               )
                                 )
    **Plaintiffs,**           )
                                 )
v.                               )          **Case No.: 2:05-cv-0449-WKW**
                                 )
CERTEGY CHECK SERVICES, INC.,    )
                                 )
    **Defendant.**            )

## DEFENDANT CERTEGY CHECK SERVICES, INC.'S RESPONSE
## TO PLAINTIFFS' FIRST INTERROGATORIES

Defendant Certegy Check Services, Inc. ("Certegy") Responds to Plaintiff's First Interrogatories to Defendant as follows:

### General Objections

The following objections are asserted with respect to all instructions, definitions, requests, and to each separate part thereof.

1.    Certegy objects to all interrogatories, and to the definitions and instructions that preface them, to the extent they seek information protected by the attorney-client privilege or by the work product doctrine, including materials that are prepared in anticipation of litigation or are otherwise outside the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure or other applicable law.

2.    Certegy objects to all interrogatories, and to the definitions and instructions that preface them, to the extent they seek the identities or information concerning the financial affairs of, or other matters concerning, persons and entities that are not parties to this litigation or to whom Certegy has a duty of confidentiality.

3.    Certegy objects to all interrogatories, and to the definitions and instructions that preface them, to the extent they seek to impose additional duties on Certegy or seek to obtain information beyond the scope of discovery permitted or provided for under Rule 26 of the Federal Rules of Civil Procedure.

4.    Certegy objects to all interrogatories to the extent they seek information or records that are proprietary in nature or that would, if produced, result in the disclosure of trade secrets or confidential or proprietary information of Certegy.

5.    Certegy objects to all interrogatories as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, for reasons including specifically but not limited to the extent to which individual interrogatories seek disclosure of matters exceeding the time and jurisdictional scope and limits of the claims asserted.

### Specific Responses

1.    Please state whether the Defendant is correctly identified in the caption of the complaint in this case, specifying in your response whether the defendant has been acquired by any other entity, has sold any portion of its business or has changed its name at any time in the past three (3) years.

**RESPONSE:** **Certegy Check Services, Inc. is correctly identified in the caption of the complaint in this case.  Certegy Check Services, Inc.'s ultimate parent company, Certegy Inc. merged with Fidelity National Information Services on February 1, 2006.**

2.    State the name, business and home address, position, job title and job description of each person responding hereto on your behalf.

2

**RESPONSE:**

Ms. Mary Wood
Team Supervisor, Customer Care
Certegy Check Services, Inc.
Ms. Wood may be contacted through Certegy's counsel of record.

3.    For the period beginning two years preceding the filing of the complaint herein and continuing until the present, state the process/procedure(s) maintained by you, whether written or by general practice, to process requests you receive for consumer files and/or consumer reports from consumers when said consumers have been subjected to an adverse action based in whole or in part on information contained the their Certegy file, detailing step by step the process/procedure from beginning to end.  In your response, please state whether, during the referenced period of time, these procedures have changed, and if so, state the date in which the change occurred, the nature of the change, and the reason for the change.

**RESPONSE: Certegy objects to Interrogatory Number 3 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence, specifically, but not exclusively, because it seeks information concerning policies and procedures that are not at issue in or in any way relevant to the claims asserted by plaintiffs in this action. Subject to and without waiver of its general and specific objections, Certegy states it is and has been Certegy's procedure to provide the information requested by the consumer.  These requests are not necessarily triggered by an "adverse action" as Certegy understands that term.  Regardless of the reason for the consumer's contacting Certegy, Certegy's policy and practice is to respond to the request in accord with applicable law.  When a consumer contacts Certegy by mail and requests his or her consumer report or consumer file, Certegy sends the requested consumer report or file. If the consumer does not provide sufficient information for Certegy to confirm the**

consumer's identify and retrieve the requested information, then Certegy will send a letter requesting the additional information needed in order for Certegy to generate and mail the requested report. In Certegy's experience, consumers who contact Certegy after having had a check transaction declined by one of Certegy's clients, frequently do not request a consumer report or consumer file but merely ask for an explanation of why their check was declined. In those cases, Certegy sends a letter to the consumer explaining the action. Again, it may be necessary for Certegy first to send a letter requesting additional identifying information from the consumer before Certegy can provide the requested explanation. If the consumer requests both a report or file and an explanation of a particular transaction, Certegy sends both the report or file and the letter of explanation.

When a consumer contacts Certegy by telephone and requests his or her consumer report or consumer file by utilizing Certegy's automated telephone system, then, if the consumer provides sufficient information to allow Certegy to validate his or her identity, the automated telephone system generates a consumer report which is mailed to the consumer. When a consumer contacts Certegy by telephone and requests his or her consumer report or consumer file by speaking to a customer care representative, the customer care representative, upon validating the consumer's identity, generates a consumer report that is mailed to the consumer. If a consumer calls and requests an explanation of why a check was rejected by a vendor (which Certegy understands to be the meaning of the phrase "adverse action" as used in this interrogatory), the customer care representative will generate and send to the consumer a letter explaining the action. If a consumer requests both a report or file and an explanation, then the customer care

representative generates and mails both to the customer, assuming the customer's identify was validated.

It is Certegy's experience that consumers who contact Certegy after having had a check declined are seeking an explanation of why the transaction was declined. At some time in the past, Certegy's customer care procedures reflected the fact that in almost every case in which a consumer contacted Certegy because he or she had had check declined by one of Certegy's customers, the consumer wanted to know why the check had bee declined. Because the consumer report or file itself does not, as a rule, provide that information, Certegy's representatives would respond to the request by sending a letter explaining why the specific transactions in which the consumer was interested had been declined, if that was what the customer wanted to know. However, if a consumer specifically requested a copy of his or her file, Certegy provided the consumer with a copy of his or her file.

As is discussed more fully in other responses below, Certegy does not have the capability to search computerized records to identify cases in which a consumer requested a consumer report or consumer file and was provided, instead, with only a letter explaining the reason that Certegy's system's had generated information to the vendor that might lead to a specific check's being declined by a vendor. It is possible that in some cases a search of paper records would uncover such isolated cases, but this is not guaranteed because records of telephone calls would not necessarily have this information. Further, there are tens of thousands of such paper records for the time at issue and they are not maintained in any way that would assist in any such search.

In any event, the procedures followed by customer care representatives were revised as of December 2004 and all customer care representatives now follow the procedures

outlined above, which assures that consumers receive a consumer report or consumer file if that is what they request, and receive a letter of explanation concerning a specific transaction, if that is what they request.

4.    Please explain exactly what Certegy does for its customers with regard to the use of personal checks in general and specifically what Certegy's role and actions were with regard to any checks presented by the named plaintiffs.

**RESPONSE:** Certegy objects to Interrogatory Number 4 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, specifically but not exclusively to the extent that it requests information concerning policies, procedures, and transactions that are not at issue in this action. Subject to and without waiver of its general and specific objections, Certegy states that it provides a check authorization and warranty service that assists Certegy's clients in assessing the risk of accepting checks for cashing or payment. In the event that Certegy's customers use the warranty service, Certegy, under certain terms and conditions, warrants its authorization of a consumer's check. In the transactions at issue in this action, Mr. Alexander presented a payroll check to Wal-Mart to be cashed. Certegy responded to Wal-Mart's query with a Code 2 Decline, indicating that this transaction fell outside of its guidelines and that it would not warrant the check. Ms. Pitman presented a check to Bed, Bath and Beyond for the payment of a purchase. Certegy responded to Bed, Bath and Beyond's query with a Code 2 Decline, indicating that this transaction fell outside of its guidelines and that it would not warrant the check.

5.    Please explain in detail the circumstance under which Certegy either denies a consumer's payment by check or recommends that its subscriber not accept a consumer's check.

6

**RESPONSE**: Certegy objects to Interrogatory Number 5 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of its general and specific objections, Certegy states that it maintains computerized files containing returned check information and information about relatively recent check transactions processed by Certegy's clients. The information in such files is limited to transactions involving Certegy customers.  For example, if a consumer had had a check returned for insufficient funds, Certegy would generally not be aware of that fact unless the payee on such check was a Certegy customer and had reported the information to Certegy.  Certegy has also developed check review guidelines aimed at helping its customers detect and avoid fraudulent check transactions. Utilizing this information and its guidelines, Certegy informs its clients of its risk assessment, allowing the client to decide whether to accept the consumer's check.

6.    Please identify by name and address every credit-reporting agency from which you have obtained any information concerning consumers in connection with your check screening during the last 5 years.

**RESPONSE**: Certegy objects to Interrogatory Number 6 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of its general and specific objections, Certegy states that it does not obtain from credit reporting agencies information concerning consumers in connection with its check authorization and warranty service.

7.    Please identify any "affiliates" you have had in the past five years.

**RESPONSE:**  Certegy objects to Interrogatory Number 7 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8.    Please identify any and all types of information that you maintain in your own records about consumers.

**RESPONSE:**  Certegy objects to Interrogatory Number 8 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of its general and specific objections, Certegy states that it receives and maintains information concerning relatively recent check transactions which have been processed by Certegy's clients.  Information in Certegy's computerized database consists solely of information referable to a consumer's transactions with one or more of Certegy's clients and consists of, among other items, the check number, check amount, MICR number and/or driver's license number.  The database does not include a consumer's name and address, or phone number.

9.    Please explain in detail the action taken and any and all reason(s) for said action regarding Mr. Willie C. Alexander's check of $375.05 presented to Wal-Mart on or about September 23, 2004, including in your response the specific "guidelines" you contend the transaction did not meet.

**RESPONSE:**  Certegy objects to Interrogatory Number 9 on the grounds that it seeks protected proprietary information, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of its general and specific objections, Certegy states any action taken with respect to Mr. Alexander's check, whether adverse or not, was taken by Wal-Mart. Certegy did not take any action

with regard to Mr. Alexander's check. Further, Certegy refers the plaintiffs to its response to Interrogatory Number 4.

10.    Please explain in detail the action taken and the reasons for taking such action regarding Ms. Belinda N. Pitman's check payment of $98.02 to Bed, Bath & Beyond on or about December 22, 2004, including in your response the specific "guidelines" you contend the transaction did not meet.

**RESPONSE: Certegy objects to Interrogatory Number 10 on the grounds that it seeks protected proprietary information and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that any action taken with respect to Ms. Pitman's check, whether adverse or not, was taken by Bed Bath & Beyond. Certegy did not take any action with regard to Ms. Pitman's check. Further, Certegy refers the plaintiffs to its response to Interrogatory Number 4.**

11.    Please state whether you have ever obtained a consumer file or report from any consumer reporting agency other than yourself and if so, please state the purpose for which you obtained the consumer file or report.

**RESPONSE: Certegy objects to Interrogatory Number 11 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

12.    Please explain in detail whether you maintain a record of the transactions in which you have taken or recommended an adverse action regarding a consumer's check and/or consumer's attempt to cash a check from a third-party. Include in your response the manner in

which any such records are maintained and the period of time for which such records have been maintained.

**RESPONSE**: Certegy objects to Interrogatory Number 12 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states as follows: Certegy does not take adverse actions against consumers. Further, Certegy states that it does not maintain a record specific to transactions in which Certegy has recommended an adverse action regarding a consumer's check and/or a consumer's attempt to cash a check from a third-party. Instead, this information is maintained as part of a consumer's file, and these records are not indexed, catalogued, or searchable on the basis of whether Certegy recommended such action. Certegy also refers plaintiffs to its response to Interrogatory Number 5.

13.    Please explain in detail whether you maintain a record of the transactions in which a consumer has requested a copy of his consumer file and/or consumer report after having had a payment by check denied or an attempt to cash a third-party check denied based in whole or in part on a Certegy report. Include in your response the manner in which any such records are maintained and the period of time for which such records have been maintained.

**RESPONSE**: Certegy objects to Interrogatory Number 13 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it does not maintain a record specific to the transactions in which a consumer has requested a copy of his/her consumer file and/or consumer report after having had a payment by check denied or an attempt to cash a third-party check denied. Instead,

Certegy maintains a record of telephone calls and correspondence received from consumers, covering a variety of inquiries and requests. These records remain current on the computer system for 90 days, after which they are archived. These records are not indexed, catalogued, or searchable on the basis of whether a consumer did or did not request a consumer report.

14.    Please identify any and all contract(s) or agreement(s) between you and Wal-Mart in effect at any time during the past three years.

**RESPONSE: Certegy objects to Interrogatory Number 14 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

15.    Please identify any and all contract(s) or agreement(s) between you and Bed, Bath and Beyond in effect at any time during the past three years.

**RESPONSE: Certegy objects to Interrogatory Number 15 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

16.    Please identify by time, date and place any contact you or any of your agents, employees or representatives have had with Mr. Willie C. Alexander and/or Belinda N. Pitman. In your response, please identify the name, address and position of each such agent, employee or representative acting on your behalf, the nature of the contact, the occasion for the contact and the contents of any conversation or remarks made during the contact, and whether there exists any record relevant or related to any such contact, and if so, the contents of the record, the name, address of the custodian thereof, or attach a copy of all such records hereto.

**RESPONSE:** Certegy objects to Interrogatory Number 16 on the grounds that it is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states as follows. According to Certegy's records, Mr. Alexander first contacted Certegy by mail, through his attorney Jim Calton on September 28, 2004. At that time Mr. Calton requested Mr. Alexander's "credit report" and the reason for Wal-Mart's decision not to cash Mr. Alexander's check. Janelle Fidalgo, an information consultant in Certegy's Customer Care Department, responded to Mr. Calton via mail on October 12, 2004 and informed Mr. Calton that Certegy did not maintain credit reports. Ms. Fidalgo also asked Mr. Calton to provide additional identification information that was necessary in order for Certegy to retrieve records relating to the transaction in question. On October 29, 2004, Certegy received the additional identification information it had requested from Mr. Calton. On November 5, 2004, Diane Bowles, a supervisor in Certegy's Customer Care Department, informed Mr. Calton, via letter, that Mr. Alexander's decline was caused by his transaction falling outside of Certegy's check approval guidelines. On November 17, 2004, Janelle Fidalgo also informed Mr. Calton, via letter, that Mr. Alexander's decline was caused by his transaction falling outside of Certegy's check approval guidelines. On December 22, 2004, Certegy received a letter from Mr. Alexander requesting information from his file and the reason for his decline. This letter did not make any reference to the earlier correspondence between Certegy and Mr. Alexander's lawyer, and did not provide any of the other identifying information that Mr. Alexander's lawyer and, presumably, Mr. Alexander knew, from the previous correspondence, was required in order for Certegy to retrieve Mr. Alexander's

information.   Because Mr. Alexander's letter did not include the necessary identifying information, Annalu Varanda, an information consultant in Certegy's Customer Care Department, sent Mr. Alexander a letter on December 22, 2004, requesting the additional identification information in order to provide the information Mr. Alexander requested. Certegy received no response to this request.

On December 22, 2004, Ms. Pitman contacted Certegy via telephone and spoke with K. Brown, a Certegy customer care representative, who explained to Ms. Pitman that the transaction she questioned fell outside of Certegy's check approval guidelines.  On December 29, 2004, Ms. Pitman contacted Certegy via mail and requested her consumer report.  On January 4, 2005, Annalu Varanda sent Ms. Pitman a letter requesting additional identification information required in order for Certegy to provide Ms. Pitman with the information she requested.  On January 17, 2005, Ms. Pitman contacted Certegy via telephone and was again informed that her transaction fell outside of Certegy's check approval guidelines.   On January 17, 2005, Certegy received, via mail, the additional identification information it had requested from Ms. Pitman on January 4, 2005. Documents relevant to this interrogatory will be produced as part of Certegy's Response to Plaintiffs' Requests for Production of Documents.

17.    Regarding each affirmative defense stated in your answer, state with detail and particularity the factual basis therefore and all evidence known to you or any person acting on your behalf which supports each such defense.

**RESPONSE:**  Subject to and without waiver of its general and specific objections, Certegy refers plaintiffs to other interrogatory responses, the documents to be produced,

and the federal statute pursuant to which plaintiffs make their claims. Because discovery has just begun, Certegy reserves the right to supplement this response at a future time.

18.    Please identify all information that you must have in order to access a consumer's file that is in your possession.

**RESPONSE:** Certegy objects to Interrogatory Number 18 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that in order to generate and disclose a consumer's file, Certegy must have the consumer's Driver's License Number and the Full MICR Number (which consists of the consumer's account number and the bank routing number). In addition, under 15 U.S.C. § 1681h(a)(1), Certegy is required to obtain proper identification from a consumer before making a disclosure. Therefore, for verification purposes and in order to protect consumers, Certegy also requires a consumer provide his/her name, address and date of birth before Certegy can provide a consumer a copy of his/her file.

19.    Please state the number of consumers who have requested since May 2003, a copy of the information in their file from you after their checks have been rejected or their attempts to cash a third-party check have been denied.

**RESPONSE:** Certegy objects to Interrogatory Number 19 on the grounds that it is overly broad, unduly burdensome, vague, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy refers plaintiffs to the response to Interrogatory Numbers 12 and 13.

20.    Please state the number of consumers to whom you have given a copy of their consumer file since May 2003. If the number of consumers is less than fifty, please identify the consumers by name and address.

**RESPONSE:** Certegy objects to Interrogatory Number 20 on the grounds that it is overly broad, unduly burdensome, vague, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects to Interrogatory Number 20 on the grounds that it seeks the identities or information concerning the financial affairs or other matters of or concerning persons and entities that are not parties to this litigation or to whom Certegy has a duty of confidentiality.

21.    Please explain the difference between your "Warranty" and "Pathways" programs including which programs the instant transactions were subject to.

**RESPONSE:** Certegy objects to Interrogatory Number 21 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it offers the "Pathways" service to some clients, whereby Certegy assists these clients in assessing the risk of accepting a check for payment based on the information contained in Certegy's files and the application of Certegy's check acceptance guidelines. This program does not include a warrant of the check. Ms. Pitman's transaction was processed under the "Pathways" program. Neither plaintiff's transaction entailed the "Warranty" program. I don't think this is correct. Mary: please confirm.(Bed Bath & Beyond is a warranty client) Ms. Pitman's transaction would fall into the warranty category Wal-mart would be a Pathways client)

22.    Please define the term "Negative Data Exchange" as it is used on page 56 of CERT/ALEX.

**RESPONSE**: Certegy objects to Interrogatory Number 22 on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of its general and specific objections, Certegy states this term refers to information a  history of checks being returned for insufficient funds.  The transactions at issue in this action do not involve such negative information concerning either plaintiff.

23.    State all dates during which "The'Consumer Report' is a letter that explains the reason for the decline," has been the definition of a consumer report used by you.

**RESPONSE**: Certegy objects to Interrogatory Number 23 on the grounds that it is overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence, and erroneously assumes that a consumer report is a letter explaining the reason for a transaction's being declined by a vendor.

24.    List the full names and job description of the person or persons who authored or contributed to your "Customer Care Operation Manual."

**RESPONSE**: Certegy objects to Interrogatory Number 24 on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of its general and specific objections, Certegy says that the manual in question is subject to frequent revision and it is not possible to identify all the individuals who may have contributed information to it.  Beginning in the spring of 2005, the person responsible for overseeing revisions and updating to the manual has been Mary Wood, Team Supervisor, Customer Care.

### VERIFICATION

STATE OF _FLORIDA_ )
COUNTY OF _PINELLAS_ )

_MARY WOOD_ , being first duly sworn upon his/her oath deposes and says that

he/she is authorized by Certegy Check Services, Inc. ("Certegy"), to make this verification on its

behalf, that he/she has read the foregoing Defendant Certegy Check Services, Inc.'s Response to

Plaintiff's First Interrogatories ("Responses") and knows the contents thereof; that there is no

single person employed by or otherwise connected with Certegy who has personal knowledge of

all the facts and information requested herein; that the Responses are based on and, therefore,

necessarily limited by the records and information still in existence, presently recollected and

thus far discovered in the course of the preparation of these Responses; that the Responses are

thus based upon corporate knowledge and that subject to the limitations set forth above, the

Responses are true to the best of his/her knowledge, information and belief.

By: _May f Wood_

Its: _Team Supervisor_

Sworn to and subscribed before me this _17th_ day of _APRIL_ 2006.

_Kathleen M. Campbell_

Kathleen M. Campbell
My Commission DD218347
Expires June 01, 2007

Notary Public: # _DD218347_
My Commission Expires: _6/01/07_

17

Signed as to objections,

*Joseph W. Carlisle*

James C. Barton, Jr. (ASB-0237-B51J)
Anne P. Wheeler (ASB-7112-R65A)
Alan D. Mathis (ASB-8922-A59M)
Joseph W. Carlisle (ASB-1197-E68C)
Attorneys for Defendant Certegy Check
Services, Inc.

**OF COUNSEL:**

**JOHNSTON BARTON**
**PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Ph:   (205) 458-9400
Fax: (205) 458-9500

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Certegy Check Services, Inc.'s Response to Plaintiff's First Interrogatories has been served on the following by placing a copy of the same in the U.S. Mail postage prepaid this the 24th day of March 2006:

Jimmy S. Calton, Jr.
Calton & Calton
PO Box 895
226 East Broad Street
Eufaula, AL 36072-0895

David R. Donaldson
 Tammy McLendon Stokes
Donaldson & Guin LLC
Two North Twentieth Building
2 North 20th Street, Suite 1100
Birmingham, AL 35203

Earl Price Underwood, Jr.
Law Offices of Earl P Underwood
PO Box 969
Fairhope, AL 36533-0959

Of Counsel

W0548677.BKA

Certegy Responses to Plaintiffs' Requests for
Production of Documents
Served April 14, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

WILLIE C. ALEXANDER and )
BELINDA N. PITMAN, )
)
    Plaintiffs, )
)
v. )    Case No.: 2:05-cv-0449-WKW
)
CERTEGY CHECK SERVICES, INC., )
)
    Defendant. )

### DEFENDANT CERTEGY CHECK SERVICES, INC.'S RESPONSE
### TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Certegy Check Services, Inc. ("Certegy") Responds to Plaintiff's Requests for Production of Documents as follows:

### General Objections

The following objections are asserted with respect to all instructions, definitions, requests, and to each separate part thereof.

1.    Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek information protected by the attorney-client privilege or by the work product doctrine, including materials that are prepared in anticipation of litigation or are otherwise outside the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure or other applicable law.

2.    Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek the identities or information concerning the financial affairs or other matters of or concerning persons and entities that are not parties to this litigation or to whom Certegy has a duty of confidentiality.

3.     Certegy objects to all requests for production, and to the definitions and instructions that preface them, to the extent they seek to impose additional duties on Certegy or seek to obtain information beyond the scope of discovery permitted or provided for under Rule 26 of the Federal Rules of Civil Procedure.

4.     Certegy objects to all requests for production and to the definitions and instructions that preface them to the extent they seek information or records that are proprietary in nature or that would, if produced, result in the disclosure of trade secrets or confidential or proprietary information of Certegy.

5.     Certegy objects to all requests for production and to the definitions and instructions that preface them as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, for reasons including specifically but not limited to the extent to which individual requests for production seek disclosure of matters exceeding the time and jurisdictional scope and limits of the claims asserted.

6.     Certegy objects to all requests for production and to the definitions and instructions that preface them to the extent they misstate the law, involve interpretations of legal authorities or concepts, or depend upon erroneous statements of the law or its application to the matters at issue in this action.

7.     Certegy objects to all requests for production and to the definitions and instructions that preface them as being unduly burdensome to the extent they purport to require Certegy to search all of its records to identify all such records that might have any reference to or concern or relate in any way to the named plaintiffs.  As is made clear in Certegy's responses to plaintiffs' interrogatories, Certegy does not maintain records based on names of consumers and does not

have the ability to retrieve records based solely on the names of the platinffs. To the extent that platiniffs' prdocution requests can be answered through Certegy's usual and customery search procedures and to the extent any request is not otherwise objected to by Certegy, Certegy will will seek to identify and to produce the documents requested.

### Specific Responses

1.     All documents in your possession which list, bear, or contain the name or personal identifiers of plaintiffs. (Please note that we are not seeking anything anywhere herein that is subject to attorney client privilege.)

**RESPONSE**: Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy will produce the requested documents at a time and place to be mutually agreed upon.

2.     All consumer credit reports, credit applications, employment investigative reports, account information, mortgage reports, credit scoring data or other personal identifying information in your possession which list, bear, or contain the name or any of the personal identifiers of plaintiffs.

**RESPONSE**: Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it does not possess any credit reports, credit applications, employment investigative reports, mortgage reports, or credit scoring data. Subject to and without waiver of its general and specific objections, Certegy further states that as to

account information or other personal identifying information, Certegy either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon..

     3.     All correspondence, of whatever form and kind, between you and any third party, in your possession, which lists, bears, or contains the name or personal identifiers of plaintiffs.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy has already produced or will produce the requested documents at a time and place to be mutually agreed upon.

     4.     Each and every document and record of communication, including any information stored in electronic form, regarding plaintiffs.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.

     5.     All documents identified in response to the interrogatories served herewith.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.

6.      All documents including any information stored in electronic form, regarding or in any way relating to plaintiffs.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.

7.      Produce all documents in your possession or control relevant to your compliance with the FCRA, including but not limited to all documents reflecting procedures designed to assure compliance with the FCRA, all training materials provided to employees pertaining to the FCRA and all correspondence (other than communication with your counsel of record during the course of this litigation) pertaining to the FCRA.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, seeking a legal conclusion, seeking to shift the burden of proof and production from plaintiffs to Certegy, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy refers plaintiffs to documents that have been or will be produced in this action.

8.      If you contend that you are not a "credit reporting agency" within the meaning of the Fair Credit Reporting Act, produce all documents in your possession or control relevant to that contention or which may lead to documents relevant to that contention.

**RESPONSE:** Certegy objects to this request as being potentially overly broad,

unduly burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking a legal conclusion, and not reflecting accurately the terms of the Fair Credit Reporting Act. Certegy further objects on the grounds that it is not required to prove a negative and that there are no documents or records in Certegy's possession which would support a conclusion that Certegy is a credit reporting agency, as Certegy understands that concept under the statute in question.

9.    Produce a list of putative class members that can be used for the purposes of class certification in the event that a class is certified in this case.

**RESPONSE:** Certegy objects to this request on the ground that it is premature, the Court having made no ruling that class certification is appropriate, and that it is vague, ambiguous, and calls for legal conclusions that are not warranted and which Certegy is not required to make under the applicable rules and law. Subject to and without waiver of its general and specific objections, Certegy denies that any such class exists or can be identified and states that no such list exists.

10.    Produce every document that you intend to introduce in connection with the class certification motion in this case.

**RESPONSE:** Certegy objects to this request on the ground that it is premature, plaintiffs having not yet filed a motion for class certification and discovery having barely begun in this action, and on the ground that it seeks work product that is not subject to production under the applicable rules. If plaintiffs file a motion for class certification, Certegy will submit both evidence and argument in opposition to class certification in accord with any scheduling order entered by the court.

11.    Produce every document that you intend to introduce in connection with the trial of this case.

**RESPONSE:    Certegy objects to this request on the ground that it requests attorney work-product and is, in any event, premature, discovery having barely begun in this action.  Subject to and without waiver of its general and specific objections, Certegy states that it will produce trial exhibits in accord with any scheduling order entered by the court.**

12.    Produce all documents pertaining to each of the persons whom you expect to call as witnesses either at the class certification hearing in this case and/or at the trial of this case and produce each expert's resume, all correspondence with each expert and copies of all reports provided by said experts.

**RESPONSE:  See response to requests number 10 and 11 above.**

13.    Produce all documents evidencing that you sent copies of consumer files to consumers upon request as described in interrogatory no. 20.

**RESPONSE:    Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of its general and specific objections, Certegy directs the plaintiffs to its response to interrogatory 20.**

14.    Produce all correspondence, computer database printouts or other documents relating to any consumers' requests for information from their consumer files since May 2003, including but not limited to both the consumers' request for such information and your response(s) to the consumers regarding such requests.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

15.    Produce copies of all documents that relate in any way to your policies and procedures you maintain for processing requests you receive for consumer files and/or credit reports from consumers when said consumers have had their checks rejected or denied in connection with a transaction with a business for which Certegy screens checks. If such policies and/or procedures have been changed at any time during the past three years, please provide copies of all documents relating to your policies and/or procedures both before and after the change and any concerning the reason for the change.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.

16.    Any and all documents related to any agreement or contract between you, Bed, Bath and Beyond and/or Wal-Mart.

**RESPONSE:** Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are either proprietary or confidential or both.

17.   Any and all documents, including any information stored in electronic form, regarding the contractual relationship between you and any entity that has reported any information to you regarding the named plaintiffs herein.

**RESPONSE: Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are proprietary and/or confidential.**

18.   Produce copies of any and all documents relating in any manner to your "V.I.P., Gold" membership or other programs relating to increased or enhanced check writing limits benefits that you have offered to consumers at any time in the past three years, including but not limited to all marketing materials, internal memoranda, financial forecasts, research or other related documents relating to any such programs.

**RESPONSE: Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Certegy further objects on the grounds that this request seeks information and documents that are proprietary in nature.**

19.   Please produce any and all references, opinions, manuals or other written documents or material used or relied upon by you for training purposes and/or to comply with federal and state laws that regulate you and the services you perform. Please note that we are requesting all editions or versions of such manuals and/or references.

**RESPONSE: Certegy objects to this request as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its general and specific**

objections, Certegy states that it either has already produced such documents or will make such documents available at a time and place to be mutually agreed upon.


*Joseph W. Carlisle*
Anne P. Wheeler (ASB-7112-R65A)
Joseph W. Carlisle (ASB-1197-E68C)

Attorneys for Defendant Certegy Check
Services, Inc.


**OF COUNSEL:**

**JOHNSTON BARTON**
**PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Ph:   (205) 458-9400
Fax: (205) 458-9500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant Certegy Check Services, Inc.'s Response to Plaintiffs' Requests for Production of Documents has been served on the following counsel of record by placing a copy of the same in the U.S. Mail, properly addressed and first-class postage prepaid

> Jimmy S. Calton, Jr.
> Calton & Calton
> PO Box 895
> 226 East Broad Street
> Eufaula, AL 36072-0895
>
> David R. Donaldson
> Tammy McLendon Stokes
> Donaldson & Guin LLC
> Two North Twentieth Building
> 2 North 20th Street, Suite 1100
> Birmingham, AL 35203
>
> Earl Price Underwood, Jr.
> Law Offices of Earl P Underwood
> PO Box 969
> Fairhope, AL 36533-0959

On this, the 14th day of April, 2006.

Of Counsel

W0550186.DOC

Letter of May 15, 2006, Providing Supplemental
Responses to Plaintiffs' Discovery and
Requesting Identification of Any Outstanding Discovery
Issues in Dispute

Anne P. Wheeler - Alexander v. Certegy

**From:**      Anne P. Wheeler
**To:**        Earl P. Underwood, Jr.
**Date:**      Mon, May 15, 2006  2:04 PM
**Subject:**   Alexander v. Certegy

Earl, I am attaching a copy of a letter that is going out to you today by regular mail, providing supplemental responses on several of the discovery items that we discussed when we met on April 28.  I have also suggested some deposition dates.  Please let me know at your earliest convenience if the dates proposed will work for you and your clients.

Thanks,
Anne

Anne P. Wheeler
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 - 6th Avenue, North
Birmingham, Alabama 35203
Telephone:  (205) 458-9411
Facsimile:    (205) 458-9500
www.johnstonbarton.com

===============================
CONFIDENTIALITY NOTICE:  This message may contain confidential
privileged information. If it has been sent
to you in error, please reply to advise the
sender of the error and then immediately
delete this message.  Thank you.

TAX ADVICE DISCLOSURE:  Any federal tax advice contained in this comunication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.


=================================


**CC:**        David Donaldson;  tstokes@dglawfirm.com

# JohnstonBarton

**Anne P. Wheeler**
Direct Dial: (205) 458-9411
E-Mail Address: awheeler@jbpp.com

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

May 15, 2006

<u>By E-Mail and U.S. Mail</u>

Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, Alabama  36533-0959

     *Re:*    *Willie C. Alexander et al. v. Certegy Check Cashing Services, Inc.,*
           Civil Action No. 2:05-cv-0449-T-M

Dear Earl:

       I am writing to follow up on our conference concerning plaintiffs' discovery to Certegy and related matters.  First, with respect to Certegy's responses to plaintiffs' interrogatories and production requests.

       1.    <u>Policy Manuals</u>.  The written manual that you were given a number of months ago was originally compiled about six years ago.  The person primarily responsible for that task was Mandy Jeffries, now Mandy Jeffries Hart.  The only changes that have been made in the hard copy manual since that time entail minor updates, such as replacing the name of a specific employee when someone left a position and a new person moved into that position.  Actual procedural changes were effected through supervisors' working with their respective personnel. My understanding is that the company has been aware for some time that portions of the printed manual were out of date, but the task of revising it to reflect actual policies and procedures was not a priority.  Where revisions were made in the actual operating policies and procedures, those changes were explained to personnel through oral training sessions and supervision, rather than through written memoranda or changes in the printed manual.

       One reason that the company has not invested staff time and effort in updating the printed manual is because the company has, for some time, been contemplating and implementing a change to an electronic manual.  I understand that this process has been effectively completed and I expect to receive a copy shortly of the revised manual, which I will send to you.  Mary Wood, whom you and David interviewed in depth last fall, was responsible for substantive portions dealing with responses to requests for consumer reports.

       2.    <u>Information available electronically</u>.  You expressed an interest in possibly traveling to Certegy's offices to conduct a manual review of any records that might be related to

Earl P. Underwood, Jr.
May 12, 2006
Page Two

your clients' claims. As we have explained on a number of occasions, and confirmed in the initial responses to your interrogatories, there is no way to search electronically for the names of individuals who requested a copy of their consumer reports. Because this seems to be a point of continuing confusion, I emphasize that this does not mean simply that an electronic search cannot show who requested <u>but did not receive their reports</u>. There is literally no way to do an electronic search to find out the names of persons who ever <u>requested</u> a report. I believe that, in our conference on April 28, you asked for Certegy to tell you the total number of people who had requested reports and the total number of reports that Certegy had sent out, suggesting that a comparison of these two numbers would provide a surrogate measure of numerosity for purposes of your motion for class certification. As I explained at that time, it is not possible to ascertain either of these numbers through an electronic search.

    3.    <u>Document storage of electronically-generated data</u>. As you know, the documents we previously produced to you concerning Mr. Alexander and Ms. Pitman included some electronically-generated forms called HEAT records. This is a print-out of the electronic document that is created when a consumer contacts Certegy by telephone and speaks with one of its customer service representatives. These records are retained on the system for 90 days and are then archived. It is my understanding that it is possible to retrieve these records from the data base for some period of time after archiving but, as noted above, it is not possible to search or sort these electronically on the basis of whether the caller requested or received a consumer report.

    It is possible, but by no means assured, that a manual search of these HEAT reports would identify some persons who had requested a copy of their consumer report, but there is no mandatory entry for that on the HEAT record, nor is it certain that the HEAT report would show whether a consumer report was mailed to the customer. As Mary Wood has explained, the vast majority of callers simply want to know why their checks were not accepted by one of Certegy's clients. It is unusual, rather than common, for a consumer who calls in and speaks with one of the Certegy representatives to request a copy of their consumer report in addition to seeking an explanation for a particular decline. Thus, while an individual search of HEAT records is possible, it is far from certain that it would yield useful results.

    4.    <u>Written requests from consumers</u>. In addition to telephone calls, Certegy does receive some written communications from consumers. Those are handled by the customer service representatives, who have been instructed and trained to send out consumer reports whenever one is requested. Written correspondence is stored chronologically from each customer service desk. Again, there is no way to sort these records to determine which writers, if any, requested a consumer report rather than making a different request, so any search would have to be by hand. As I understand it, a letter from Consumer X requesting a copy of his consumer report would simply be filed chronologically and would not be physically linked to other records reflecting the mailing of such report. Thus, assuming a manual search were to yield a handful of written requests for a consumer report, a separate search would be required to

Earl P. Underwood, Jr.
May 12, 2006
Page Three

confirm that such report had been mailed. I am not certain at this time how this latter information is recorded or how it could be tracked but will be happy to make additional inquiry of Certegy if you want to pursue this further.

5.    Volume of records. In the case of both electronic and paper records, any manual search would require a significant amount of time and effort. There are more than 1.3 million HEAT records for the period from May 1, 2003 to the present. The paper records for this period are stored in more than 130 boxes. I am not certain how many documents are in each box, but expect the total number of documents will easily exceed 50,000 and could be much higher.

6.    Agreements with customers. With respect to your request for agreements and correspondence between Certegy and its customers, we continue to believe that these are outside the scope of discovery under the rules. Whether plaintiffs' recently proffered amendment to complaint will alter this conclusion is still uncertain. If the Court allows the amendment to the complaint, we will certainly revisit this question and consider whether those documents then fall within the scope of discoverable records.

7.    Names of putative class members. You said at our meeting that you had a case that suggested that plaintiffs were entitled to discover the identities of putative class member prior to the court's acting to certify a case for class treatment. This is inconsistent with the class action cases that I have reviewed over the years. If you will provide us with that case, and any other authority you may have for the proposition that your clients are entitled to obtain this confidential, personal information relating to non-parties at this stage in the litigation, we will certainly reconsider Certegy's objection to that request.

8.    Records reflecting transaction-specific communications with customer. You asked for additional clarification concerning records of the electronic communication between Certegy and Wal-Mart or Bed, Bath & Beyond, respectively, concerning the specific checks that were declined for Mr. Alexander and Ms. Pitman. The method whereby these vendors notified Certegy of the pending transactions and received the code response was direct computer-to-computer communication. It is my understanding that the only record that is maintained of such transactions is an electronic log that is accessed by Certegy when a consumer requests a consumer report. Thus, with respect to Mr. Alexander and Ms. Pitman, the records of the transaction-specific, computer-to-computer communications that you have requested are reproduced in full in the consumer report that you received earlier.

9.    Privilege log. No documents were withheld from production on the basis of the attorney-client privilege except for correspondence between this law firm and its client that were generated after this action was filed and in connection with the defense of the action.

*Request for Plaintiffs to Identify Any Unresolved Discovery Issues*

Earl P. Underwood, Jr.
May 12, 2006
Page Four

I believe this covers the items on which we are due to give you a supplemental response. If your notes show additional items on which you believe we need to provide more information, please let me know. Otherwise, I will assume that this resolves your concerns regarding Certegy's discovery responses and will move forward to get the above formatted as supplemental interrogatory and production responses, arrange to have the interrogatory responses verified, and forward those to you later this week.

Deposition Dates.    I have previously asked you about several dates for plaintiffs' depositions.  You have asked that these be taken at your offices and indicated that you could make the plaintiffs available almost anytime.    I would like to take Mr. Alexander's and Ms. Pitman's depositions on Thursday, May 25 and Friday, May 26.  Please let me know if this is convenient for you and for your clients.  Assuming we can do these depositions that week, we could make Certegy's representative available for deposition here in our office the week of June 5.  Please let me know if you have any problem with this schedule.

I look forward to hearing from you.

Cordially,

Anne P. Wheeler

cc:    David R. Donaldson (by e-mail)
       Tammy McClendon Stokes (by e-mail)

W0556932.DOC

Plaintiffs' Response to Letter of May 15, 2006

| | |
|---|---|
| **From:** | "Earl P. Underwood, Jr." <epunderwood@alalaw.com> |
| **To:** | "'Anne P. Wheeler'" <APW@jbpp.com>, "Tammy McClendon Stokes" <Tammys@dglawfirm.com> |
| **Date:** | 5/15/06 3:37PM |
| **Subject:** | RE: Alexander v. Certegy |

Anne:

I appreciate the letter. Please put this in the form of sworn answers to the
interrogatories and give some thought to those objections that we discussed.
The week of June 5 is fine for Certegy's deposition. I will check with
Pittman and Alexander on their availability.


Earl P. Underwood, Jr.
PO Box 969
21 South Section Street
Fairhope, Alabama 36532
251-990-5558
Fax 990-0626
epunderwood@alalaw.com

-----Original Message-----
From: Anne P. Wheeler [mailto:APW@jbpp.com]
Sent: Monday, May 15, 2006 2:04 PM
To: epunderwood@alalaw.com
Cc: Davidd@dglawfirm.com; tstokes@dglawfirm.com
Subject: Alexander v. Certegy

Earl, I am attaching a copy of a letter that is going out to you today by
regular mail, providing supplemental responses on several of the discovery
items that we discussed when we met on April 28. I have also suggested some
deposition dates. Please let me know at your earliest convenience if the
dates proposed will work for you and your clients.

Thanks,
Anne

Anne P. Wheeler
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 - 6th Avenue, North
Birmingham, Alabama 35203
Telephone:  (205) 458-9411
Facsimile:    (205) 458-9500
www.johnstonbarton.com

===============================
CONFIDENTIALITY NOTICE:  This message may contain confidential privileged
information. If it has been sent to you in error, please reply to advise the
sender of the error and then immediately delete this message.  Thank you.

TAX ADVICE DISCLOSURE:  Any federal tax advice contained in this
comunication (including attachments) was not intended or written to be used,
and it cannot be used, by you for the purpose of (1) avoiding any penalty
that may be imposed by the Internal Revenue Service or (2) promoting,

marketing or recommending to another party any transaction or matter
addressed herein.

===================================

CC:          "'Jim Calton'" <caltonlaw@eufaula.rr.com>, "David Donaldson"
<DavidD@dglawfirm.com>, "'James Patterson'" <jpatterson@alalaw.com>