# EXHIBIT B

**EXHIBIT B TO CERTEGY'S MOTION TO VACATE AND STAY**

**LEGAL AUTHORITIES IN SUPPORT OF MOTION OF CERTEGY CHECK SERVICES, INC., TO RECONSIDER AND VACATE ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

I.  **Certegy served its responses and objections within the time allowed by the applicable rules.**

Rules 33 and 34 of the Federal Rules of Civil Procedure provide that "[a] shorter or longer time [to serve responses] may be... agreed to in writing by the parties, subject to Rule 29." Rule 29 of the Federal Rules of Civil Procedure provides that "the parties may by written stipulation ... (2) modify other procedures governing or limitations placed upon discovery, except that stipulations extending the time provided in Rules 33, 34 and 36 for responses to discovery may, if they would interfere with any time set for the completion of discovery, for hearing of a motion, or for trial, be made only with the approval of the court." According to the Uniform Scheduling Order issued by the court on February 22, 2006, all discovery is to be completed on or before May 16, 2007.

On March 8, 2006, the plaintiffs served Certegy Check Services, Inc. ("Certegy") by U.S. Mail with the Plaintiffs' First Interrogatories. Pursuant to Rule 33 and Rule 6 of the Federal Rules of Civil Procedure, Certegy's responses to the plaintiffs' interrogatories were due on April 10, 2006. On March 9, 2006, the plaintiffs served Certegy with the Plaintiffs' Requests for Production of Documents. Pursuant to Rule 34 and Rule 6 of the Federal Rules of Civil Procedure, Certegy's responses to the plaintiffs' requests for production of documents were due on April 13, 2006.

On April 7, 2006, pursuant to Rules 33, 34 and 29 of the Federal Rules of Civil Procedure, Certegy requested a one-week extension to serve the plaintiffs with its responses to the plaintiffs' interrogatories and requests for production of documents. The plaintiffs agreed, in writing, to this extension. The parties established that Certegy would serve the plaintiffs with its responses by April 14, 2006.

On April 14, 2006, the date agreed upon by the parties for Certegy to serve its responses, Certegy served the plaintiffs with its signed responses to the plaintiffs' requests for production of documents and its responses to the plaintiffs' interrogatories, signed as to the objections. Therefore, Certegy timely served the plaintiffs with its responses to both the plaintiffs' interrogatories and requests for production of documents within the time properly agreed to by the parties, and thus did not, as the plaintiffs assert, effectively waive its objections to either the plaintiffs' interrogatories or requests for production of documents.

## II. Certegy's objections were a proper and prudent response to plaintiffs' discovery.

The plaintiffs, in their motion to compel, appear to take exception with Certegy's having objected to portions of their interrogatories and requests for production of documents while still providing substantive answers. Certegy's inclusion of objections in its substantive, and often lengthy, responses to the plaintiffs' interrogatories and requests for production of documents is wholly appropriate and expressly provided for under the Federal Rules of Civil Procedure.

Rule 33(b)(1) states that "each interrogatory shall be answered ... unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Similarly, Rule 34(b) states that "[i]f objection is made to part of an item or category, the part shall be specified and

inspection permitted of the remaining parts." Fed. R. Civ. P. 34(b). Further, in *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, a case cited by the plaintiffs in their motion to compel, the court specifically stated that "a party may file a hybrid answer, which objects to some of the requested production, while answering the unobjectionable portions." *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) *citing* Fed. R. Civ. P. 34. Not only did Certegy provide such hybrid responses, Certegy had, in good faith, produced most of the documents requested well before the plaintiffs had even served their requests for the production of documents and had informed the plaintiffs that it was in the process of producing additional documents when the plaintiffs filed their motion to compel.

In the course of the April 28 meeting, Certegy's counsel explained that it had considered each of the Plaintiffs' discovery requests carefully and asserted only those objections which it considered prudent and appropriate. Certegy's counsel also explained that, while they considered it necessary to preserve formal objections, Certegy had, in fact, provided detailed substantive responses with the intention of providing full responses, the objections being asserted as a matter of prudent litigation procedure. In *Drexel Heritage Furnishings, Inc. et al. v. Furniture USA, Inc.*, another case cited by the plaintiffs in their motion to compel, the court held that the failure of a party to assert an objection in its discovery responses may preclude that party from subsequently asserting that objection. *Drexel Heritage Furnishings, Inc. et al. v. Furniture USA, Inc.*, 200 F.R.D. 255 (M.D. N.C. 2001). Therefore, had Certegy not stated its particular objections in its responses, Certegy would have lost the ability to assert those objections at a later date. It was thus clearly appropriate for Certegy to assert and preserve its objections in its responses to the plaintiffs' discovery requests.

**III.    Authorities relied upon by plaintiffs do not stand for the propositions for which they were asserted.**

The cases cited by the plaintiffs in support of their motion to compel are inapposite and were not placed in the proper context, and therefore do not properly support the plaintiffs' motion to compel. The contexts in which the cases were decided are materially different from the issues, events and actions involved in the present action. Specifically:

a.    The issue in *United States v. Proctor & Gamble Company* involved a request for grand jury transcripts generated in a related criminal case by the defendants in a civil anti-trust case. *United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958). Notably, the Supreme Court of the United States reversed the trial court's granting of the defendants' discovery request. *Id.*

b.    The issue in *Moore v. Armour Pharmaceutical Company* involved a third-party's motion to quash the plaintiff's Rule 45 subpoena on a non-party, and did not involve Rule 33 or 34 discovery issues. *Moore v. Armour Pharm. Co.*, 927 F.2d 1194. Notably, the Eleventh Circuit Court of Appeals affirmed the trial court's granting of the motion to quash the plaintiff's subpoena. *Id.*

c.    The issue in *Bowles v. Safeway Stores, Inc.* involved the appropriateness of the objecting party's stating seven objections "general to all the interrogatories propounded," rather than stating objections specifically directed to individual interrogatories. *Bowles v. Safeway Stores, Inc.*, 4 FRD 469 (W.D. Mo. 1945). By contrast, Certegy set forth specific objections to the individual discovery requests as well as asserting general objections with respect to privileged material and other generic categories of information or documents protected from discovery by the rules and applicable law.

d.   The issue in *Drexel Heritage Furnishings, Inc. et al. v. Furniture USA, Inc.*, involved whether a party has waived its right to assert an objection at a later date if it initially failed to assert that objection in its discovery responses. *Drexel Heritage Furnishings, Inc. et al. v. Furniture USA, Inc.*, 200 F.R.D. 255 (M.D. N.C. 2001). Unlike the defendants in *Drexel*, Certegy timely served its signed objections according to the agreement among the parties.

e.   *Momah v. Albert Einstein Medical Center*, dealt with, in part, the burden shifting involved in regard to a motion to compel and did not involve the issue of the sufficiency of objections. *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412 (E.D. Pa. 1996).

f.   The issue in *Morales v. Turman* involved the plaintiffs' request under Rule 34(a)(2) of the Federal Rules of Civil Procedure to enter the property of the defendant in order to observe the defendant's operations, and did not involve a request for the production of documents under Rule 34(a)(1). *Morales v. Turman*, 59 F.R.D. 157 (E.D. Tex. 1972).