IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIE C. ALEXANDER and BELINDA N. PITMAN, )<br><br>Plaintiffs, )<br><br>VS. )<br><br>CERTEGY CHECK SERVICES, INC., )<br><br>Defendant. ) | Case No.: 2:05-cv-00449-MHT-VPM |

### PLAINTIFFS' NOTICE OF COMPLIANCE
### WITH COURT'S ORDER OF MAY 30, 2006

NOW COMES the undersigned attorney for the plaintiffs and complies with the Court's order of May 30, 2006 and states as follows:

1.  The undersigned Plaintiffs' counsel has not received any further discovery responses from the defendant since the Court's order of May 30, 2006 even though counsel offered to limit the scope of the responses as shown in the attached letter from Stokes to Wheeler dated June 7th 2006.

2.  The defendant did serve a motion to vacate said order which appears as docket number 33 in the Court's records.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
Attorney for the Plaintiffs
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
(251) 990-5558
(251) 990-0626 (facsimile)
epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing with the Clerk of the Court on this the 15th day of June, 2006, using the CM/ECF system, which will send notification of such filing to the following:

James C. Barton, Jr.
Johnston, Barton, Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Ave N
Birmingham, AL 35203

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, AL 36027

David Donaldson
Donaldson, Guin & Slate, LLC
2 20th St. N., Ste. 1100
Birmingham AL 35203-4014


_____
Earl P. Underwood, Jr.



*Tammy M. Stokes*
tammys@dglawfirm.com

June 7, 2006

Anne P. Wheeler
JOHNSTON BARTON PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

      RE:   *Alexander v. Certegy Check Services, Inc.*

Dear Anne:

      As the parties have previously discussed, the Plaintiffs are willing to join Certegy's motion to vacate the Court's Discovery Order of May 30, 2006, subject to the fulfillment of certain conditions. The first condition is for Certegy to supplement its responses to certain discovery requests as set forth below. The second condition is for Certegy to jointly move with the Plaintiffs for an extension of the existing class certification deadline either before or simultaneously with the filing of a motion to vacate the court's discovery order.

      We have identified the following discovery requests that need to be supplemented:

<u>Plaintiffs' Interrogatories</u>:

- The Plaintiffs require supplemental responses for numbers 11, 14, 15 and 20.

- The Plaintiffs will agree to limit interrogatory number 11 to just the two named Plaintiffs.

- The Plaintiffs also will agree to limit interrogatory number 20 to just the number of consumers who were given a copy of their consumer file.

<u>Plaintiffs' Requests for Production of Documents</u>:

- The Plaintiffs require supplemental responses for numbers 2-7, 15-16, and 18-19.

- As to request numbers 2, 3, 7, Certegy's responses suggest that responsive documents may exist in addition to those that Certegy produced at the very outset of this

Mrs. Anne P. Wheeler
June 7, 2006
page 2

- litigation. If that is the case, then we would like to obtain copies of those documents; if not, then we need some written assurance that no additional responsive documents exist.

- As to request numbers 4-5, Certegy again suggests that additional responsive documents may exist, but none have been produced. For example, Plaintiffs have reason to believe based on Certegy's interrogatory responses and its Customer Care Manual that electronic records of telephone calls exist, but have not yet been produced. Such documents would be responsive to, *inter alia*, requests for production 4-5, as well as 6.

- No documents appear to have been produced in response to request number 6 regarding any information Certegy has in electronic form regarding the Plaintiffs. Based on Certegy's Customer Care Manual, the Plaintiffs have reason to believe that there are multiple computer programs and/or databases, whether current or archived, that contain electronic information about the Plaintiffs; but no computer database screen printouts such as those shown in the Customer Care Manual have been produced.

- With regard to request number 15, the only manual produced is the October 26, 2004 version of Certegy's Customer Care Manual. We still have not received a copy of the most recent version of this manual, nor any versions that existed prior to the October 2004 version. In addition, no documents concerning the reasons for the changes made to the Manual, excluding, of course, any attorney-client privileged documents, have been produced.

- Plaintiffs require the production of the documents requested in number 16, but do not object to Certegy's redaction of any pricing information.

- Plaintiffs require production of documents requested in number 18, but will agree to enter an appropriate confidentiality agreement/protective order to protect any proprietary information.

- Finally, the Plaintiffs will require the production of any and all responsive documents to request number 19, including any and all manuals and training materials for Certegy's Authorizations Department.



Mrs. Anne P. Wheeler
June 7, 2006
page 3

    Please let me know at your earliest convenience if these conditions and discovery matters meet with your approval. We also need to reach an agreement as to when Certegy's supplemental discovery will be due. I trust that we can promptly resolve this matter and move forward with the case. I look forward to hearing from you.

                                        Sincerely,

                                        Tammy M. Stokes