IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. ALEXANDER and BELINDA N. PITMAN, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) Case No.: 2:05-cv-0449-WKW ) |
| CERTEGY CHECK SERVICES, INC., | ) CLASS ACTION ) |
| *Defendant.* | ) ) ) |

**MOTION TO EXTEND DEADLINE FOR FILING
CLASS CERTIFICATION MOTION**

COME NOW the Plaintiffs in the above-styled matter and hereby move this Honorable Court to extend the deadline for submitting any motion for class certification. As grounds, the Plaintiffs state the following:

1. The Plaintiffs filed this lawsuit as a class action and intend to seek certification of a class in this case.

2. The Court's February 22, 2006 Scheduling Order ("Order") established a deadline for filing any motion for class certification of May 23, 2006. The Plaintiffs previously moved the Court to extend that deadline due to discovery disputes that had prevented the Plaintiffs from being able to obtain sufficient discovery from the Defendant for purposes of submitting their class certification motion and brief. On May 24, 2006, the Court granted the Plaintiffs' motion to extend that deadline until June 22, 2006.

3. As the Plaintiffs submitted in support of their previous motion, the Plaintiffs initiated discovery in a good faith attempt to comply with the class certification deadline set forth by the

Court's Order. The Plaintiffs promptly initiated discovery after the consecutive stays were lifted in this case, and the Plaintiffs promptly requested that the Defendant voluntarily supplement its insufficient discovery responses after the Defendant served its initial responses.

4. When the Plaintiffs were unable to obtain proper discovery responses from the Defendant, the Plaintiffs moved the Court to compel the Defendant to respond to their requests. On May 30, 2006, the Court ordered the Defendant to respond to the Plaintiffs' discovery on or before June 12, 2006 ("Order").

5. In response, the Defendant requested the Plaintiffs to join it in its efforts to have the Order vacated. The Plaintiffs indicated to the Defendant that they were willing to work with the Defendant if an agreement was reached on the outstanding discovery and the Defendant promptly produced that outstanding discovery. The Plaintiffs also informed the Defendant that an extension would have to be obtained on the class certification deadline to accommodate the Defendant's request because insufficient time would remain for depositions and briefing between the deadline set forth in the Order and the extended class certification deadline.

6. Based on, and consistent with, that understanding, the Plaintiffs agreed to Defendant's request to postpone the Defendant's deposition that had been scheduled (prior to the Court's Order, giving Defendant until June 12, 2006 to produce discovery) for June 5, 2006.

7. The Plaintiffs began working on reducing its discovery requests to the bare minimum items they had to have to complete discovery for purposes of class certification. They forwarded this list of items to Defendant's counsel on June 7, 2006. The very next day, the Defendant filed its

Motion to Vacate the Court's Order without prior discussion with the Plaintiffs.[1]

8. The Court has set a status conference on June 27, 2006 to discuss the issues raised in the Defendant's Motion to Vacate.

9. The parties' discovery dispute should be resolved during this status conference and the remaining discovery should be completed promptly thereafter. Nonetheless, once again, the deadline for the Plaintiffs' class certification motion will soon expire without Plaintiffs having received sufficient discovery from, or even a deposition of, the Defendant in sufficient time to brief class certification by the existing deadline. Because these discovery disputes will have to be resolved before the class certification motion can be fully or sufficiently briefed, the Plaintiffs will be unduly prejudiced without the Court's intervention.

For these reasons, the Plaintiffs respectfully requests the Court to grant its motion to extend the existing class certification deadline by 60 days.

    /s/ Tammy McClendon Stokes
David R. Donaldson
Tammy McClendon Stokes
DONALDSON & GUIN, LLC
505 20th Street N., Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 226-2282
Facsimile: (205) 226-2357

---

[1] The Defendant did forward Plaintiffs' counsel an email version of its motion less than five minutes before submitting its filing at 6:30 p.m. in the evening.

<u>OF COUNSEL</u>:
Earl P. Underwood
21 South Section Street
Fairhope, AL 36532
(251) 990-5558 (telephone)
(251) 990-0626 (facsimile)

Jim S. Calton, Jr.
CALTON & CALTON
226 East Broad Street
Eufaula, AL 36027

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of June, 2006, she served a copy of the foregoing by electronic mail on the following persons:

Anne P. Wheeler
Joseph Carlisle
JOHNSTON BARTON PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203


    /s/ Tammy McClendon Stokes
Of Counsel