**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **WILLIE C. ALEXANDER and BELINDA N. PITMAN,** ) ) ) **Plaintiffs,** ) ) v. ) ) **CERTEGY CHECK SERVICES, INC.,** ) ) **Defendant.** ) | Case No.: 2:05-cv-0449-WKW |

**RESPONSE OF CERTEGY CHECK SERVICES, INC.
TO PLAINTIFFS' MOTION FOR FURTHER EXTENSION OF DEADLINE
TO SUBMIT CLASS CERTIFICATION MOTION AND SUPPORTING MATERIAL**

Comes now Certegy Check Services, Inc. ("Certegy"), pursuant to this Court's Order entered on June 22, 2006, and opposes Plaintiffs' Motion for Extension of Deadline for filing its motion for class certification, with supporting evidence and argument. As grounds for this motion, Certegy shows the Court as follows.

1. This action was filed on May 16, 2004, asserting claims under the Fair Credit Reporting Act on behalf on an alleged class of persons who had requested but not received copies of their consumer reports from defendant Certegy.

2. At the parties' request, the Court entered an Order on July 30, 2005, extending the time for Certegy to file a motion to dismiss for a period of 14 days to permit the parties to pursue early settlement negotiations.

3. On August 2, 2005, the Court granted the parties' Joint Motion for Stay, staying the action for 90 days to permit the parties to pursue early settlement discussions. During this period, Certegy produced to plaintiffs hundreds of documents, including all of its plaintiff-

specific records, its policy and procedures manual, and a training manual pertinent to the issues in the case. Certegy also brought two representatives to Birmingham, at its own expense, for an open-ended meeting with plaintiffs' counsel. During that meeting, plaintiffs' counsel were invited to pose any questions they thought significant to their evaluation of the case and the feasibility and possible structure of an early settlement of the dispute. The meeting lasted several hours, during which time plaintiffs' counsel, having had a prior opportunity to review Certegy's records, including its policies and procedures manual, questioned Certegy's representatives concerning all aspects of their claims and Certegy's defenses. That meeting concluded only when they [plaintiffs' counsel] indicated that they had no more questions to ask of Certegy.[1]

4.    Although the parties were not able to resolve the dispute during the period of the extended stay, they did exchange substantial information concerning not only Certegy's procedures and policies, but also the parties' respective understandings of how the claims asserted might or might not be susceptible to certification under Fed. R. Civ. P. 23. In short, while formal discovery did not begin until the spring of 2006, essentially all of the information and documents requested by plaintiffs in their formal discovery requests, served in March of 2006, had already been provided or made available to plaintiffs some months previously in the course of the informal settlement negotiations. During those discussion, Certegy also provided plaintiffs with significant insights into the grounds for Certegy's position with respect to class treatment of plaintiffs' claims.

5.    On February 22, 2006, the Court entered a scheduling order, setting a deadline of May 23, 2006, for plaintiffs to submit their motion for class certification. That order also set a

---

[1] Because the parties believed that significant progress was being made toward an early settlement, they sought a further stay of 60 days to enable them to complete the negotiations then in progress. The Court granted that joint motion by order of November 1, 2006, and the parties continued settlement negotiations.

discovery cut-off of May 16, 2007, reflecting the court's expectation that plaintiffs would submit their class certification motion well before the completion of discovery in the case.

6.  On May 9, 2006, plaintiffs filed a motion seeking to extend for 30 days the deadline for them to file their class certification motion. As grounds for that motion, plaintiffs expressed dissatisfaction with formal discovery responses received from Certegy, but failed to inform the Court of the numerous delays created by plaintiffs in the parties' attempts to schedule depositions in a timely fashion.[2]

7.  While Certegy disagreed with plaintiffs' attempt to lay at Certegy's feet all responsibility for discovery delays, Certegy did not oppose the plaintiffs' request for this initial 30-day extension. Instead, Certegy continued to supplement its discovery responses to plaintiffs and to try to identify mutually agreeable dates for depositions of both plaintiffs and Certegy.

8.  Instead of moving forward with the ongoing discovery and providing Certegy with dates as requested by Certegy for depositions, however, plaintiffs effectively elected to halt those efforts by filing a premature and misleading motion to compel. That move required Certegy's counsel to shift their efforts from providing discovery and scheduling depositions to responding to the premature motion to compel and the order that it elicited from Magistrate Judge McPherson. (See, "Motion of Certegy Check Service, Inc., to Reconsider and Vacate Order Granting Plaintiffs' Motion to Compel and to Stay Further Consideration of Such Motion

---

[2] Certegy had sought repeatedly to schedule depositions of the two plaintiffs but encountered difficulty in arranging a date and location for the depositions, due principally to delays experienced by plaintiffs' counsel in contacting their clients to secure their presence at the dates and locations proposed for those depositions. Certegy also offered dates for plaintiffs to take a Rule 30(b)(6) deposition of Certegy, but that deposition was continued because of the problems in scheduling the plaintiffs' depositions.

3

until the Parties have Completed Good Faith Efforts to Resolve the Discovery Matters at Issue," filed on June 8, 2006.) [3]

9. Notably, much of the discovery requests that were the subject of plaintiffs' motion related not to plaintiffs' original claims, but to a claim that plaintiffs filed on the last date available under the Court's Uniform Scheduling Order for amending the pleadings. That claim is based not on any recently discovered evidence, but on the same documents that Certegy produced to plaintiffs during settlement negotiations in the fall of 2005. Thus, to the extent plaintiffs find themselves needing additional time in which to prepare their motion for class certification, they have principally their own actions to blame for that dilemma.

10. Because of the early and informal production of information to plaintiffs by Certegy, the fact that formal depositions have not yet been taken is not adequate or sufficient grounds for a further delay of 60 days in plaintiffs' deadline to file their motion for class certification with supporting evidence and argument. Plaintiffs have had in their possession for more than six months most, if not all, of the pertinent facts relevant to class certification. Further, in the course of settlement discussions, counsel for both parties have discussed a number

---

[3] In their request for the 60-day extension, plaintiffs suggest a sense of outrage that Certegy would file this motion, allegedly without prior consultation with plaintiffs' counsel. In fact, Certegy's counsel had notified plaintiffs' counsel of its intention to ask the Court to vacate the Order to compel and invited plaintiffs to join in that request. The reason was that the Order was expressed based, not on the Magistrate Judge's determination that Certegy's objections were due to be overruled on their substance, but because the way that plaintiffs had presented their motion led the Court to believe that Certegy had failed to respond to the discovery in a timely manner. Had plaintiffs informed the Court of their agreement to an extension of time, thus showing that Certegy had, in fact, served its objections and substantive responses in a timely fashion, the Court clearly would not have entered the Order that depended entirely upon a belief that Certegy had not timely responded to the requests. Certegy invited plaintiffs to join in asking the Court to vacate that Order, believing that plaintiffs shared Certegy's interest in setting the record straight. Plaintiffs declined to do that, instead seeking to use the Court's ill-founded discovery order as a bargaining chip to coerce Certegy into agreeing to the extension of time for plaintiffs to file their motion for class certification.

4

of the legal obstacles to class certification. In short, this is not a case in which plaintiffs have been unable to make substantial progress in preparing their motion for class certification package because of lack of discovery from the defendant. Certegy has been extremely cooperative in providing both formal and informal discovery to plaintiffs and has previously agreed to one 30-day extension of the deadline for filing the class certification motion. While forthcoming discovery may provide some additional material that plaintiffs might choose to include in their motion for class certification, Certegy believes the requested 60-day extension is unduly long in light of the events described above.

WHEREFORE, Certegy Check Services, Inc., respectfully opposes plaintiffs' motion to extend for yet another 60 days the deadline for plaintiffs to file their motion for class certification and supporting material.

Respectfully submitted,

/s/ Anne P. Wheeler
Anne P. Wheeler
Alabama State Bar No.: ASB 7112-R65A
awheeler@jbpp.com
Joseph W. Carlisle
Alabama State Bar No.: ASB 1197-E68C
jcarlisle@jbpp.com

Attorneys for Defendant
Certegy Check Services, Inc.

JOHNSTON BARTON
PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

OF COUNSEL

5

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Earl P. Underwood, Jr.
>21 South Section Street
>P.O. Box 969
>Fairhope, Alabama 36533
>
>Jim S. Calton, Jr.
>Calton & Calton
>226 East Broad Street
>Eufaula, Alabama 36027
>
>David R. Donaldson
>Tammy M. Stokes
>Donaldson & Guin, LLC
>2 North 20th Street, Suite 1100
>Birmingham, AL 35203

    On this, the 26th day of June, 2006.

>    /s/ Anne P. Wheeler
>    Of Counsel

W0562945.DOC