IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE C. ALEXANDER and<br>BELINDA N. PITMAN, | )<br>)<br>) | |
| *Plaintiffs,* | )<br>) | |
| v. | ) | Case No.: 2:05-cv-0449-WKW |
| CERTEGY CHECK SERVICES, INC., | )<br>) | CLASS ACTION |
| *Defendant.* | )<br>)<br>) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXTEND DEADLINE FOR FILING
CLASS CERTIFICATION MOTION**

The Plaintiffs respectfully moved this Court on June 19, 2006, to extend their deadline for filing a class certification motion by 60 days ("Motion"). The Court ordered the Defendant to show cause by June 26, 2006, as to why the Motion should not be granted. In response to the Court's order, the Defendant submitted its response opposing the Plaintiffs' Motion ("Response"). The Plaintiffs are submitting this reply because the Defendant's response inaccurately misleads the Court as to the reasons why the extension is necessitated.

The Plaintiffs' request for an extension of time is necessitated for one reason: the Defendant's obfuscatory discovery tactics.[1] While the Defendant's Response makes factually unsupported claims that Plaintiffs are the cause for the delay in filing class certification and that the

---

[1] While the Defendant accurately represents that the parties engaged in informal fact finding discovery during the early stages of this case, the Defendant ignores the obvious fact that the Defendant's employees' representations, for instance, were not recorded, nor are they admissible in court. Moreover, the informal discovery was addressed to the Defendant's standard business practices, not the specifics, for example, of how many class members there are in the putative class in this case, that remain to be obtained during depositions.

Defendant has been "extremely cooperative" regarding discovery, the truth of the matter is that the Court ordered the Defendant to produce the additional discovery requested in the Plaintiffs' Motion to Compel by June 9, 2006; and just yesterday, June 26, 2006, only a few hours before Defendant filed its Response in opposition to the Plaintiffs' Motion (and only hours before the Defendant was required to appear before the Court to defend its discovery actions) did the Defendant finally agree to produce supplemental discovery responses to the Plaintiffs. And as represented in the parties' Joint Response to the Court filed yesterday afternoon, the Defendant is not even producing those supplemental responses until July 14, 2006, nor did it agree to produce its representative for deposition until at least a week later.

Throughout the history of this litigation, Defendant has made unfulfilled promises regarding the arrival of the Defendant's supplemental discovery responses and has used the ongoing settlement negotiations that Defendant mentions in its Response, in part, as its excuse for the delay. During one meeting between the parties at defense counsel's offices, for example, defense counsel represented that she could not continue in what were seemingly fruitful class settlement negotiations and simultaneously comply with the Court's discovery order and that she needed Plaintiffs' assistance to obtain relief from the order. Consistent with those discussions and the Plaintiffs' diligent efforts to try to settle this case and in an effort to accommodate the Defendant's need for additional time, the Plaintiffs submitted the first extension for class certification (in which the Defendant refused to join).

Following that extension, Defendant continued its promises of supplemental discovery, while it simultaneously filed its Motion to Vacate the Court's Order, making inaccurate representations

about the Plaintiffs.[2]  In a similar fashion, only minutes after the parties' discovery conference call yesterday—wherein everyone agreed to supplemental discovery responses being due July 14, 2006, and the Defendant suggested deposing Plaintiffs the following week and the Defendant sometime thereafter—defense counsel emailed Plaintiffs' counsel informing them that she was only authorized to agree to a *30* day extension on class certification, which would give the Plaintiffs until July 22, 2006 to move for class certification.  Due to the parties' discovery agreement reached only minutes before, the Plaintiffs could not agree to only a 30 day extension that would still deny them the opportunity to depose the Defendant prior to moving the Court for certification of a class.  Defendant then submitted its Response to the Court again making inaccurate statements about the Plaintiffs.  Thus, in what seems to have become a pattern of behavior for the Defendant, the Defendant has once again stuck out one hand to the Plaintiffs asking for help, while simultaneously trying to stab the Plaintiffs in the back with the other hand.  While the Plaintiffs have been more than accommodating to Defendant regarding its outstanding discovery in an attempt to try to settle this case on a classwide basis and to avoid involving this Court with discovery disputes, Plaintiffs cannot allow Defendant to sabotage Plaintiffs' case with misleading representations about Plaintiffs' actions in this case. The Defendant has presented no evidence of any delay by the Plaintiffs, and its Response (when more fully elaborated upon herein) only provides additional grounds for the Plaintiffs' request for an additional 60 days to file class certification.

For these reasons, the Plaintiffs respectfully requests the Court to grant its motion to extend

---

[2]The Plaintiffs intended to file a response addressing these misrepresentations yesterday, they refrained due to defense counsel's representations that she would be ready to discuss the outstanding discovery issues yesterday afternoon, which did lead to an agreement between the parties.

the existing class certification deadline by 60 days.

    /s/ Tammy McClendon Stokes
David R. Donaldson
Tammy McClendon Stokes
DONALDSON & GUIN, LLC
505 20th Street N., Suite 1000
Birmingham, Alabama 35203
Telephone: ( 205) 226-2282
Facsimile: (205) 226-2357

OF COUNSEL:
Earl P. Underwood
21 South Section Street
Fairhope, AL 36532
(251) 990-5558 (telephone)
(251) 990-0626 (facsimile)

Jim S. Calton, Jr.
CALTON & CALTON
226 East Broad Street
Eufaula, AL 36027

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 26th day of June, 2006, she served a copy of the foregoing by electronic mail on the following persons:

Anne P. Wheeler
Joseph Carlisle
JOHNSTON BARTON PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

    /s/ Tammy McClendon Stokes
Of Counsel