IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **WILLIE C. ALEXANDER and** BELINDA N. PITMAN,  Plaintiffs,  v.  CERTEGY CHECK SERVICES, INC.,  Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.: 2:05-cv-0449-WKW<br>)<br>)<br>)<br>) |

ORDER

Upon the joint motion of the Plaintiffs and Defendant for a protective order, pursuant to Fed. R. Civ. P. 26(c), and for good cause appearing why such an order should be entered;

**IT IS HEREBY ORDERED**, **ADJUDGED** and **DECREED** that the parties shall be subject to the following conditions during the pendency of this action:

1. <u>Right to Designate Confidential Information</u>. The parties may designate as confidential ("Confidential"), in the manner set forth in this Order, discovery materials that are produced or furnished (i) which are not publicly available at the time the discovery materials are produced or furnished, and (ii) which contain financial, proprietary, competitive, or otherwise Confidential information. If any discovery materials have become "publicly available" as the result of a breach of this agreement, or as the result of some other improper or inadvertent conduct, the parties agree nonetheless to treat such discovery materials as Confidential.

2. <u>Designation of Confidential Information</u>. All documents or papers designated Confidential shall be stamped or labeled "Confidential." All deposition testimony for which Confidential status is claimed shall be so designated at the time the testimony is given or within thirty business days after receipt of the deposition transcript by designating counsel. Prior to that time, all deposition testimony shall be deemed Confidential. If any Confidential discovery materials are used in a deposition, all portions of the transcripts of such deposition which refer or relate to such Confidential discovery materials shall be treated as Confidential pursuant to the terms of this Order and shall be bound separately.

3. <u>Designation of Confidential Information Produced or Exchanged Prior to the Entry of Protective Order</u>. The parties have represented to the Court that, in a good faith effort to move this action forward, one or more parties have previously produced or exchanged documents or information that is Confidential in nature, which the parties have previously agreed to treat as Confidential under the terms of this Protective Order. Any and all documents and information produced or exchanged prior to the effective date of this Protective Order are hereby brought within the terms of this Protective Order, as fully as if they had had been produced or exchanged after the entry of this Protective Order.

4. <u>Late Designation of Confidential Information</u>. Production of documents and things for purposes of inspection and copying shall not constitute a waiver of confidentiality. When information not initially designated as Confidential is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later designated Confidential information and make reasonable efforts to obtain the agreement of persons to whom disclosure of such information may have been made to treat such information as Confidential under this Order, but no sanctions shall be imposed upon a party for any disclosure of the later designated Confidential information made prior to the party's receiving written notification of the later designation of the information as Confidential.

5. <u>Limits on Disclosure of Confidential Information</u>. All discovery materials designated Confidential, and any notes, work papers, or other documents prepared from them which contain Confidential information, shall be retained by the attorneys of record in this matter and may be disclosed only to members and employees of the firms of such attorneys of record, judicial officers and personnel (including stenographic reporters), and the parties to this action. Counsel may disclose such Confidential information to outside consultants and experts retained for the purpose of assisting in the preparation of this action for trial if, prior to disclosing any such materials to any such consultant or expert, counsel shall have obtained from such consultant or expert an agreement in writing stating that he or she has read this Order and agrees to be bound by its provisions. (A form of an agreement to respect Confidential information is attached hereto as Exhibit A and incorporated herein by reference.) Persons permitted access to Confidential discovery materials under this paragraph shall not disclose,

show, provide, or convey any such materials or information to any person, other than as provided in this Order.  No copy of any discovery materials designated Confidential shall be made other than at the express direction of such attorneys of record.

      6.      <u>Disclosure to Non-Party Witnesses</u>.  Confidential materials of the parties may be shown or provided to non-party witnesses or potential non-party witnesses only as follows:

          a.      The attorneys of record to this litigation may show or provide Confidential materials or information of its client(s) without reservation.

          b.      The attorneys of record to this litigation may show and/or provide Confidential documents of the opposing party as may be reasonably necessary to develop evidence in the course of this action if, but only if, prior to showing such material, counsel obtains from the non-party witness or potential non-party witness an agreement in writing stating that he or she has read this Order and agrees to be bound by its provisions.  (A form of an agreement to respect Confidential information is attached hereto as Exhibit A and incorporated herein by reference.)  Any party seeking protection beyond that provided by this paragraph shall be entitled to seek further relief from the Court Pursuant to Rule 26(c).

          c.      If any non-party witness refuses to sign an agreement to be bound, the parties shall make a joint motion to the appropriate court with notice to the non-party witness for appropriate relief.

      7.      <u>Depositions</u>.  No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to reveal Confidential information.  The deposition must proceed upon the following basis: prior to answering the deposition question or questions, all persons present shall be advised of the terms and conditions of this Order and, at the request of the designating party, all persons not authorized to receive Confidential information under this Order shall leave the room during the time in which this information is disclosed or discussed.  Counsel for the designating party shall either at the deposition or within 15 days after receipt of the transcript thereof, notify all other counsel either on the record or in writing, that the information disclosed has been designated Confidential under this Order.  Those portions

of a deposition that are so designated shall be filed separately and under seal with the Court. In order to facilitate such designations, all deposition transcripts shall be treated as Confidential until thirty days after receipt by designating counsel.

8. <u>Use Limited to This Litigation Only</u>. Notwithstanding the foregoing, all documents, including but not limited to Confidential documents, answers to interrogatories, deposition testimony, responses to requests for admissions, and other information (hereinafter referred to collectively as "discovery materials") discovered or obtained by or on behalf of the parties, or their officers, directors, employees, representatives, agents, and attorneys, shall be used solely for the preparation, trial, and appeal of this action and not for any other purpose.

9. <u>Limitation on Copying</u>. No copies, summaries, or abstracts of Confidential information shall be made for distribution or use by persons other than persons identified in paragraph 5.

10. <u>File Under Seal</u>. In the event that any Confidential information is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript, or other paper filed with the Court, the Confidential information shall be filed and kept under seal by the Clerk of this Court until further order of this Court; provided, however, that the paper shall be furnished to the Court and attorneys for the parties and a duplicate copy with the Confidential information deleted will be placed in the public record insofar as possible.

11. <u>Inadvertent Production</u>. Inadvertent production of documents otherwise subject to the attorney-client privilege or work product immunity shall not constitute a waiver of any privilege or immunity. Upon notification that a document or other discovery material has been inadvertently produced and that a claim of attorney-client privilege or work product is or will be made with regard to such document or discovery in any manner or form, including specifically, but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever, then such document or other discovery material shall be deemed and treated as Confidential pending a ruling on a motion seeking the return of the document or

discovery material. A hearing shall thereafter be conducted as soon as an available court date is obtained.

12. <u>Advice to Client</u>. Nothing in this Order shall bar counsel from rendering advice to his or her client with respect to this case, and, in the course thereof, referring to, relying upon, or disclosing such Confidential materials to those officers, attorneys, experts, and consultants identified in paragraph 5, provided that such disclosure is made in accordance with said paragraph 5 hereof.

13. <u>Notice of Other Court Subpoena or Order</u>. If another court or administrative agency subpoenas or orders production of information or documents stamped "Confidential" which a party has obtained under the terms of this Order, such party shall promptly notify the attorneys of record of the party or other person who designated the information or documents as Confidential of the pendency of such subpoena or order and shall furnish those attorneys of record with a copy of said subpoena or order.

14. <u>Use at Trial</u>. Nothing in this Order shall preclude the use of discovery materials designated Confidential at trial or in connection with motions. The parties agree, however, subject to the discretion of the judge, that they will request the Court to maintain the confidentially of discovery materials designated Confidential during all court proceedings, including the trial or any appeal in this action.

15. <u>Modification</u>. Any party may apply for modification of this Order upon reasonable notice to the other parties and after counsel for the party which deems itself aggrieved shall have contacted opposing counsel to attempt to resolve the issue through informal negotiation. This Order shall not be deemed a waiver by any party of its rights to object to any discovery on any of the grounds provided by the Federal Rules of Civil Procedure, including confidentiality, or otherwise. The entry of this Order shall not create any presumption that any discovery materials designated Confidential by a party are, in fact, Confidential and entitled to protection against disclosure, and this Order is without prejudice to the right of the attorney for any party to seek from the Court a release from the terms of this Order as to any discovery materials designated as

Confidential. Notice shall be given to all other parties prior to the time any such application is made to this Court.

16. <u>Privileges</u>. Nothing in this Order shall affect or alter any attorney-client privilege, work product immunity, or any other privilege or immunity.

17. <u>Return at End of Action</u>. At the conclusion of this action, all Confidential materials, including all copies, extracts and summaries thereof, and documents containing information taken therefrom (but excluding attorney work papers), shall be promptly returned to counsel for the producing party, if requested. Notwithstanding the foregoing, each counsel may retain one copy of all pleadings that might contain or refer to such Confidential materials. In addition, all parties shall serve on all counsel of record copies of all original, executed agreements signed by persons pursuant to paragraph 5 and 6 of this Order.

DONE this 13th day of July, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I have read and fully understand the Protective Order of the United States District Court for the Middle District of Alabama, issued on the ___ day of _____, 2006, in an action entitled *Willie C. Alexander et al. v. Certegy Check Cashing Services, Inc.,* Civil Action No. 2:05-cv-0449-T-M in the U.S. District Court for the Middle District of Alabama. A copy of the Protective Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all terms of the Protective Order. I understand that any unauthorized disclosure of Confidential information or documents constitutes contempt of court, and that breach of this Agreement is directly actionable by any person whose Confidential information or documents are disclosed in violation of this Protective Order. I also consent to the exercise of personal jurisdiction by the above-referenced Court with respect to this Agreement and the Protective Order.

_____
(Signature)

_____
(Name Printed)

_____
(Street Address)

_____
(City)          (State)          (Zip Code)