**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| WILLIE C. ALEXANDER and<br>BELINDA N. PITMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>CERTEGY CHECK SERVICES, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 2:05-cv-0449-T-M<br>)<br>)<br>)<br>) |

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Comes now Certegy Check Services, Inc. ("Certegy"), and answers the Plaintiffs' Amended Class Action Complaint ("Amended Complaint") as follows:

### First Defense

The Amended Complaint is due to be dismissed because (1) the claims and parties are improperly joined; (2) venue is improper as to Plaintiff Pitman; and (3) the Complaint fails to state a claim against Certegy upon which relief can be granted.

### Second Defense

Certegy answers the individually numbered or headed paragraphs of the Plaintiffs' Amended Complaint as follows:

#### Preliminary Statement

1.  Certegy denies that it violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"), and denies that it caused any damage to Plaintiffs. Certegy admits that, in their Prayer for Relief, Plaintiffs seek "statutory damages, and/or punitive damages" and "attorneys' fees and costs," but Certegy denies that Plaintiffs are entitled to

any such damages or other relief.  Certegy denies any other averments of material fact set out in paragraph 1 of the Amended Complaint and demands strict proof thereof.

### The Parties

2. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Amended Complaint and therefore demands strict proof thereof.

3. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Amended Complaint and therefore demands strict proof thereof.

4. Certegy admits that it is a corporation doing business in Alabama and incorporated under the laws of the State of Delaware.  Certegy's principal place of business is St. Petersburg, Florida.

5. Certegy admits that it is a consumer reporting agency as defined in the FCRA.  The remaining averments contained in paragraph 5 of the Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent paragraph 5 is deemed to include any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

6. Paragraph 6 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

### Jurisdiction and Venue

7. Certegy denies that it is liable to Plaintiffs pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. §§ 1601 *et seq.*, or any other

law. The remaining averments contained in paragraph 7 of the Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent paragraph 7 is deemed to include any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

8. Certegy denies that venue is proper as to Plaintiff Pitman. Certegy is without knowledge or information sufficient to form a belief at this time with respect to whether venue is proper as to Plaintiff Alexander and therefore demands strict proof thereof.

### Factual Allegations

9. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Amended Complaint and therefore demands strict proof thereof.

10. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the Amended Complaint and therefore demands strict proof thereof.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

13. In answer to paragraph 13 of the Amended Complaint, Certegy denies that it took any adverse action with respect to Plaintiff Alexander, and therefore denies the averments contained in paragraph 13.

14. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the Amended Complaint and therefore demands strict proof thereof.

15. In answer to paragraph 15, Certegy responds that the averments incorporate conclusions of law to which a response is not required. To the extent this paragraph is deemed to include averments of material fact, Certegy denies all such averments and demands strict proof thereof.

16. Certegy denies that Plaintiff Alexander contacted Certegy by mail, as alleged in paragraph 16 of the Complaint. Certegy admits that it received a letter dated September 28, 2004, signed by Jim S. Calton, Jr., in which Mr. Calton stated that Willie C. Alexander was his client and included the statement: "You are hereby put on notice that we request a copy of Mr. Alexander's credit report and the reason for the denial of this transaction under the Fair Credit Reporting Act (FCRA)." Certegy denies all other averments of material fact set out in paragraph 16 of the Amended Complaint and demands strict proof thereof.

17. Certegy admits that it sent a letter, dated October 12, 2004, to Mr. Jim S. Calton, Jr., requesting certain information concerning his client, Willie C. Alexander, including the information specified in paragraph 17 of the Amended Complaint. Certegy denies all other averments of material fact set out in paragraph 17 of the Amended Complaint and demands strict proof thereof.

18. Certegy admits that, on or about October 29, 2004, Certegy received from Mr. Calton a copy of the letter it sent to him on October 12, 2004, with information inserted in the blanks next to the categories of information requested in the original October 12 letter. Certegy denies all other averments of material fact set out in paragraph 18 of the Amended Complaint, including the accuracy and sufficiency of the information provided in such blanks, and demands strict proof thereof.

19. Certegy admits that it sent a letter, dated November 5, 2004, to Jim S. Calton, Jr., referencing Willie C. Alexander, which letter speaks for itself. To the extent that any of the averments set out in paragraph 19 of the Amended Complaint are inconsistent with such letter, Certegy denies such averments and demands strict proof thereof.

20. In answer to paragraph 20 of the Amended Complaint, Certegy admits that the language quoted in such paragraph is a portion of the language appearing in the November 5 letter (except that the punctuation is not accurately presented), but denies that the quoted portion, standing alone, constitutes an accurate reflection of the entire substance of the letter.

21. Certegy denies the material averments set out in paragraph 21 of the Amended Complaint and demands strict proof thereof.

22. Certegy denies the material averments set out in paragraph 22 of the Amended Complaint and demands strict proof thereof.

23. In answer to paragraph 23 of the Amended Complaint, Certegy admits that it has in its file an undated letter that purports to have been signed by Plaintiff Alexander. Certegy believes that this letter was received by Certegy on December 22, 2004. This

letter states in part, "Please send me all information in my file according to the Certegy receipt, and let me know why Walmart and Certegy refused to cash my paycheck." Certegy denies all averments of material fact set out in paragraph 23 of the Amended Complaint except those expressly admitted herein and demands strict proof thereof.

24. Certegy denies the material averments set out in paragraph 24 of the Amended Complaint and demands strict proof thereof.

25. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of the Amended Complaint and therefore demands strict proof thereof.

26. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of the Amended Complaint and therefore demands strict proof thereof.

27. Paragraph 27 of the Amended Complaint states a legal conclusion to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

28. Paragraph 28 of the Amended Complaint states a legal conclusion to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

29. In answer to paragraph 29 of the Amended Complaint, Certegy denies that it took any adverse action with respect to Plaintiff Pitman, and therefore denies the averments contained in paragraph 29.

30.     Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the Amended Complaint and therefore demands strict proof thereof.

31.     In answer to paragraph 31 of the Amended Complaint, Certegy admits that it has in its file a record of a telephone call from Plaintiff Pitman dated 12/22/2004, but denies that in the course of the telephone call Ms. Pitman requested a copy of her consumer report. Certegy admits that it also has a copy of a letter dated December 29, 2004, signed by a Belinda N. Pitman, requesting a "free copy of the 'Consumer Report' Certegy [*sic*] maintains on me." Certegy denies all other material averments set out in paragraph 31 and demands strict proof thereof.

32.     In answer to paragraph 32 of the Amended Complaint, Certegy admits that it sent a letter, dated January 4, 2005, to Belinda N. Pitman, requesting certain information, including the information listed in paragraph 32. Certegy denies all other material averments set out in paragraph 32 and demands strict proof thereof.

33.     In answer to paragraph 33 of the Amended Complaint, Certegy admits that it received a copy of the January 4 letter, with the requested information written in, on January 17, 2005, but does not admit to the accuracy or sufficiency of the information therein provided. Certegy denies all other material averments set out in paragraph 33 and demands strict proof thereof.

34.     In answer to paragraph 34 of the Amended Complaint, Certegy admits that it does not appear from the records presently available that a further response was sent to Plaintiff Pitman at that time. Certegy reserves the right to amend this response upon completion of its internal investigation and further discovery in this action. Certegy

denies all other material averments set out in paragraph 34 and demands strict proof thereof.

### Fair Credit Reporting Act

35. Paragraph 35 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

36. Paragraph 36 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

37. Paragraph 37 of the Amended Complaint purports to be an accurate excerpt from a federal statute. Certegy defers to the statute, which speaks for itself. To the extent the quoted language differs in any way from the official text of the federal statute in question, Certegy denies such averment and demands strict proof thereof.

38. Paragraph 38 of the Amended Complaint contains conclusions of law to which no response is required. Certegy admits that, in response to requests from Plaintiffs, Certegy did generate and provide to the respective Plaintiffs what it understands to constitute a consumer report under the referenced statute. To the extent this paragraph is deemed to make other averments of material fact, Certegy denies such averments and demands strict proof thereof.

39. Paragraph 39 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make any averments of material fact, Certegy denies such averments and demands strict proof thereof.

40. Certegy admits that it provides limited check processing services to a number of retail vendors based in the United States. Certegy notes that the web site address listed in the footnote in the Amended Complaint, when sought, did not bring up any viable web site. Certegy denies all other material averments of paragraph 40 of the Amended Complaint and demands strict proof thereof.

41. Paragraph 41 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

42. Paragraph 42 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

43. Certegy denies all material averments set out in paragraph 43 of the Amended Complaint and demands strict proof thereof.

44. To the extent that Plaintiffs intend in paragraph 44 to allege that they have not received consumer reports from Certegy, such allegations are denied and Certegy demands strict proof thereof. To the extent this paragraph is intended merely to allege intentions that Plaintiffs may have, Certegy is without knowledge or information sufficient to form a belief as to the truth of this or any other of the averments contained in paragraph 44 of the Amended Complaint and therefore demands strict proof thereof.

## Class Allegations

45. In answer to paragraph 45 of the Amended Complaint, Certegy states that the matters alleged in the Amended Complaint are not entitled to and cannot qualify for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that

9

Plaintiffs are members of any alleged class for the purpose of the matters set out in their Amended Complaint. Certegy denies all material averments set out in paragraph 45 of the Amended Complaint and demands strict proof thereof.

46. In answer to paragraph 46 of the Amended Complaint, Certegy denies that there is any class of consumers as alleged in the Amended Complaint. To the extent paragraph 46 is deemed to contain any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

47. In answer to paragraph 47 of the Amended Complaint, Certegy denies that there is any class of consumers as alleged in the Amended Complaint. To the extent paragraph 47 is deemed to contain any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

48. In answer to paragraph 48 of the Amended Complaint, Certegy denies that there is any class of consumers as alleged in the Amended Complaint. To the extent paragraph 48 is deemed to contain any other averments of material fact, Certegy denies all such averments and demands strict proof thereof.

49. Paragraph 49 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

50. Paragraph 50 of the Amended Complaint and each of its subparts contain conclusions of law to which no response is required. To the extent this paragraph or any part or subpart thereof is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

51. Paragraph 51 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

52. Paragraph 52 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

53. In answer to paragraph 53 of the Amended Complaint, Certegy denies that there is any putative class as described in the Amended Complaint and denies all material averments set out in paragraph 53 and demands strict proof thereof.

54. Paragraph 54 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

55. Paragraph 55 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

## COUNT ONE

56. Certegy denies that it willfully or negligently violated 15 U.S.C. § 1681g and § 1681j of the FCRA, or any other law. Certegy denies all material averments set out in paragraph 56 of the Amended Complaint and demands strict proof thereof.

57. In response to paragraph 57 of the Amended Complaint, Certegy adopts and incorporates its responses as set out in paragraphs 1 through 56 above.

58. Paragraph 58 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

59. Paragraph 59 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

60. Certegy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 60 of the Amended Complaint and therefore demands strict proof thereof.

61. Paragraph 61 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

## COUNT TWO

62. In response to paragraph 62 of the Amended Complaint, Certegy adopts and incorporates its responses as set out in paragraphs 1 through 61 above.

63. In response to paragraph 63 of the Amended Complaint, Certegy adopts and incorporates its responses as set out in paragraphs 11 and 27 above. Certegy denies all other material averments of this paragraph of the Amended Complaint and demands strict proof thereof.

64. Paragraph 64 of the Amended Complaint contains a conclusion of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

65. Certegy denies all material averments set out in paragraph 65 of the Amended Complaint and demands strict proof thereof.

66. Paragraph 66 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

67. Certegy denies all material averments set out in paragraph 67 of the Amended Complaint and demands strict proof thereof.

## COUNT THREE

68. In response to paragraph 68 of the Amended Complaint, Certegy adopts and incorporates its responses as set out in paragraphs 1 through 67 above.

69. Certegy denies all material averments set out in paragraph 69 of the Amended Complaint and demands strict proof thereof.

70. Paragraph 70 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

71. Paragraph 71 of the Amended Complaint contains conclusions of law to which no response is required. To the extent this paragraph is deemed to make averments of material fact, Certegy denies such averments and demands strict proof thereof.

72. Certegy denies all material averments set out in paragraph 72 of the Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

73. Certegy denies that Plaintiffs are entitled to any of the relief requested in their Prayer for relief.

### Third Defense

Certegy denies that Plaintiffs are entitled to any of the relief requested in the Amended Complaint.

### Fourth Defense

Certegy denies all material averments of material fact set out in the Amended Complaint except those expressly admitted in the Second Defense above.

### Fifth Defense

The Plaintiffs' claims may be barred by the applicable statute of limitations and/or by laches.

### Sixth Defense

The Plaintiffs have waived, released, or are otherwise estopped from asserting the claims alleged in their Amended Complaint.

### Seventh Defense

Certegy has at all material times complied fully with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and all Federal Regulations promulgated pursuant to the Fair Credit Reporting Act.

### Eighth Defense

The Plaintiffs have no private right of action against Certegy under the Fair Credit Reporting Act.

### Ninth Defense

The Plaintiffs' claims against Certegy are barred by qualified immunity under the Fair Credit Reporting Act.

## Tenth Defense

Certegy denies that the Plaintiffs have been injured, damaged, or harmed as a result of any act or omission on the part of Certegy or its agents, employees, or servants.

## Eleventh Defense

Certegy did not take any adverse action with respect to either of the Plaintiffs.

## Twelfth Defense

Any adverse action that was or may have been taken with respect to either Plaintiff was taken by a party other than Certegy.

## Thirteenth Defense

Certegy avers that there is no causal relationship between its conduct and the Plaintiffs' alleged injuries, if any, that are the basis of this lawsuit.

## Fourteenth Defense

The Plaintiffs are barred from recovery, in whole or in part, by their own contributory negligence.

## Fifteenth Defense

The Plaintiffs are barred from recovery, in whole or in part, by the doctrine of unclean hands.

## Sixteenth Defense

Certegy has acted at all times in good faith, with due care, and without malice or intent to injure the Plaintiffs.

## Seventeenth Defense

Certegy owes no legal duty to the Plaintiffs, except as may be imposed by the Fair Credit Reporting Act.

**Eighteenth Defense**

Certegy denies that it breached any duty or obligation allegedly owed to the Plaintiffs.

**Nineteenth Defense**

Certegy denies that the claims asserted by Plaintiffs in the Amended Complaint are eligible for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that there is any putative class entitled to relief on any claim asserted in the Amended Complaint. Certegy reserves the right to present evidence and argument to the Court at the appropriate time with respect to Plaintiffs' claim for class certification under Rule 23.

The parties have not yet completed discovery in this case. Certegy thus reserves the right to amend its Answer to add or supplement its affirmative defenses as may be appropriate.

/s/ Joseph W. Carlisle
Anne P. Wheeler
Alabama State Bar No.: ASB-7112-R65A
awheeler@jbpp.com

William D. Jones III
Alabama State Bar No.: ASB-3120-E57W
wjones@jbpp.com

Joseph W. Carlisle
Alabama State Bar No.: ASB-1197-E68C
jcarlisle@jbpp.com

Attorneys for Defendant
Certegy Check Services, Inc.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: 205-458-9400
Facsimile: 205-458-9500

**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

>Earl P. Underwood, Jr.
>21 South Section Street
>P.O. Box 969
>Fairhope, Alabama 36533
>
>Jim S. Calton, Jr.
>Calton & Calton
>226 East Broad Street
>Eufaula, Alabama 36027
>
>David R. Donaldson
>Tammy M. Stokes
>Donaldson & Guin, LLC
>2 North 20th Street, Suite 1100
>Birmingham, AL 35203

On this, the 14th day of July, 2006.

>/s/ Joseph W. Carlisle
>OF COUNSEL