IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. ALEXANDER and<br>BELINDA N. PITMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>CERTEGY CHECK SERVICES,<br>INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 2:05-cv-0449-WKW<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CERTEGY CHECK SERVICES, INC.'S
MOTION TO DISMISS**

Certegy Check Services, Inc. ("Certegy"), moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts Two and Three of the Plaintiffs' Amended Class Action Complaint because the statute plaintiffs claim Certegy violated does not permit a private cause of action for such alleged violations. In support of this motion, Certegy states as follows:

    1.    Plaintiffs originally filed this action on May 16, 2005, alleging that Certegy violated 15 U.S.C. §§ 1681g and j of the Fair Credit Reporting Act (FCRA) by failing to give plaintiffs copies of their consumer reports upon request. (Complaint ¶ 48).

    2.    On June 14, 2006, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint"), adding Counts Two and Three to allege that

1

Certegy violated 15 U.S.C. § 1681m(a) and 15 U.S.C. § 1681m(b) by failing to make disclosures required to be made upon the taking of an "adverse action," as defined by the statute at 15 U.S.C. § 1681a(k).

    3.    Counts Two and Three are barred by the Fair and Accurate Credit Transactions Act (FACTA), which bars private causes of action for alleged violations of the pertinent provisions of the FCRA. (*See* Section 311 of FACTA, codified at 15 U.S.C. § 1681m(h), which amended Section 615 of the FCRA, codified at 15 U.S.C. § 1681m.) This prohibition applies to claims based on actions occurring after FACTA's enactment date of December 4, 2003, when FACTA "eliminated or limited private civil liability for noncompliance" with various provisions of the FCRA. *See Crowder v. PMI Mortgage Ins. Co.*, 2006 U.S. Dist. LEXIS 35497, at * 6, n. 3 (M.D. Ala. 2006).

    4.    FACTA amended Section 1681m to include the following provision:

> (A) No civil actions
> > Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section. [1]
>
> (B) Administrative enforcement
> > This section shall be enforced exclusively under 1681s of this title by the Federal agencies and officials identified in that section.

---

[1] Sections 1681n and 1681o are the operating sections that provide a remedy for willful and negligent violations of the FCRA, such as an alleged failure to give disclosures or provide consumer reports. Thus, by barring private causes of action under these sections, FACTA effectively prohibited any private cause of action for failure to comply with such statutory mandates, placing enforcement exclusively in the hands of the appropriate federal agency.

15 U.S.C. § 1681m(h)(8).

5. In *Crowder v. PMI Mortgage Ins. Co.*, the U.S. District Court for the Middle District of Alabama dismissed the plaintiffs' claims under 15 U.S.C. § 1681m as barred by FACTA because the conduct of which the plaintiffs complained occurred after December 4, 2003, the enactment date of FACTA. *See Crowder*, 2006 U.S. Dist. LEXIS 35497, at *14.

6. As this Court noted, Section 312(f) of FACTA states:

Rule of Construction

Nothing in this section, the amendments made by this section, or any other provision of this Act shall be construed to affect any liability under section 616 or 617 of the Fair Credit Reporting Act (15 U.S.C. 1681n, 1681o) that existed on the day before the date of enactment of this act [December 3, 2003].

Accordingly, private claims pursuant to § 1681m arising after December 3, 2003, are barred by FACTA. *See Crowder*, 2006 U.S. Dist. LEXIS 35497; *see also Bonner v. Home123 Corporation,* 2006 U.S. Dist. LEXIS 37922, at *8-10 (N.D. Ind. 2006).

7. Plaintiffs may argue that the FACTA bar does not apply to plaintiff Alexander because the events on which he bases his claim occurred after enactment but before the "effective" date of FACTA. This Court in *Crowder* addressed that argument and rejected it, based on the explicit language of FACTA. In that case, this Court explained that Section 312(f)

> buttresses the conclusion that Congress did not intend for the bar to private civil lawsuits to apply to conduct giving rise to private civil liability *before 4 December 2003*. Giving Congress the benefit of any doubt about its ability to distinguish the date of enactment from the effective date, the logical inference to be drawn is that Congress intended to bar private civil actions filed *after* the relevant effective date (1 December 2004) when the conduct occurred *after 3 December 2003*. With this in mind, section 312(f) prohibits applying the bar to private enforcement to conduct giving rise to a cause of action (and, consequently, administrative enforcement as well) that occurred prior to the FACTA's enactment without regard to the effective date of the FACTA's provisions or the date on which the civil lawsuit is filed, assuming of course, it is not otherwise time barred.

*Id.* at *12, 13.

8.      The Court in *Crowder* also held that the application of § 1681m(h)(8) to the plaintiffs' claims was not impermissibly retroactive because

> when the [plaintiffs] acted, *i.e.*, filed their lawsuit, the right to a private civil action to redress noncompliance with section 1681m had long since expired. Nor does application of the bar upset the parties' reasonable expectations at the time the conduct occurred, which followed FACTA's enactment by approximately six months. In addition, applying the bar does not 'increase' either parties' liability or responsibilities.

*Id.* at *16, 19; *see also Killingsworth v. Household Bank (SB), N.A., et al.*, 2006 U.S. Dist. LEXIS 4050, at *12, 13 (N.D. Ill. 2006) (stating "because [plaintiff] filed this suit after the December 1, 2004, effective date of Section 311(a) [15 U.S.C. § 1681m(h)], the Court need not determine whether or not the statutory provision should be applied retroactively" and holding "[t]herefore, the Court must

apply the law at the time that [plaintiff] brought suit; accordingly, [plaintiff] does not have a private right of action for a Section 1681m(d) disclosure violation.").

9.    In *Crowder,* the Court explained that under FACTA's legislative scheme, a plaintiff could pursue a lawsuit on a Section 1681m claim that arose prior to December 4, 2003, so long as the lawsuit was filed prior to the effective date of December 1, 2004. *See Crowder*, 2006 U.S. Dist. LEXIS 35497, at *14. That exception is not met by the circumstances presented here, however, with respect to either plaintiff.

10.    The events forming the basis of all of Plaintiff Pitman's claims occurred on or after December 22, 2004, more than 12 months after FACTA was enacted and at least 21 days after the effective date of 15 U.S.C. § 1681m(h). (Amended Complaint ¶ 25).   Plaintiff Pitman is thus barred by 15 U.S.C. § 1681m(h)(8) from asserting claims under 15 U.S.C. § 1681m, and Counts Two and Three, as they relate to Pitman, are due to be dismissed.

11.    Similarly, the events forming the basis of all of Plaintiff Alexander's claims occurred on or after September 23, 2004, well after the FACTA enactment date of December 4, 2003.  (Amended Complaint ¶ 9).  Plaintiffs did not file the original complaint until more than 5 months after the FACTA effective date of December 4, 2004.  (The Amended Complaint that first asserted the 15 U.S.C. § 1681m claims was not filed until more than 17 months after the effective date of

15 U.S.C. § 1681m(h)(8).)  Alexander is thus barred from asserting claims under 15 U.S.C. §1681m, and Counts Two and Three, as they relate to Alexander, are due to be dismissed.

WHEREFORE, Certegy moves the Court to dismiss both Count Two and Count Three of the Amended Complaint for failure to state a claim upon which relief can be granted.

/s/Joseph W. Carlisle
Anne P. Wheeler
Alabama State Bar No.: ASB-7112-R65A
awheeler@jbpp.com
Joseph W. Carlisle
Alabama State Bar No.: ASB-1197-E68C
jcarlisle@jbpp.com

Attorneys for Defendant
Certegy Check Services, Inc.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: 205-458-9400
Facsimile: 205-458-9500

**OF COUNSEL**

6

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

>Earl P. Underwood, Jr.
>21 South Section Street
>P.O. Box 969
>Fairhope, Alabama 36533
>
>Jim S. Calton, Jr.
>Calton & Calton
>226 East Broad Street
>Eufaula, Alabama 36027
>
>David R. Donaldson
>Tammy M. Stokes
>Donaldson & Guin, LLC
>2 North 20th Street, Suite 1100
>Birmingham, AL 35203

On this, the 1st day of August, 2006.

>/s/Joseph W. Carlisle
>OF COUNSEL