IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. ALEXANDER and<br>BELINDA N. PITMAN,<br><br>      *Plaintiffs,*<br><br>v.<br><br>CERTEGY CHECK SERVICES, INC.,<br><br>      *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 2:05-cv-0449-WKW<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR AWARD OF PLAINTIFFS' COUNSEL'S
FEES AND EXPENSES**

COME NOW the Plaintiffs in the above-styled matter and hereby move this Honorable Court pursuant to Federal Rule of Civil Procedure 54(d)(2) to enter an order awarding Plaintiffs' counsel their fees and expenses in the total amount of $124,530.28. As grounds therefore, the Plaintiffs state the following:

1.    The Plaintiffs filed this lawsuit against Certegy Check Services, Inc. in May 2005, pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681m.

2.    After more than a year of litigation, on July 27, 2006, the Defendant served an Offer of Judgment on the Plaintiffs to settle this case for a payment of a specified sum to the Plaintiffs, plus "reasonable attorneys' fees to be determined by the court." *See* Offer at p.1, Ex. A.

3.    Plaintiffs accepted the Defendant's Offer of Judgment and by hand delivery, notified the Defendant of their acceptance on August 2, 2006. *See* Ex. B.

4.    The Fair Credit Reporting Act expressly provides for the recovery of "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n.

5. Plaintiffs' counsel now seek an award of their expenses and fees incurred in litigating this case over the past year pursuant to the FCRA and the parties' agreement for reasonable attorneys' fees. Specifically, Donaldson & Guin, LLC expended approximately 245.25 hours, at respective hourly rates of $275, $200 and $95, and seeks an award of fees of $52,121.25, plus $129.09 in expenses, for a total of $52,250.34. *See* Donaldson & Guin, LLC Time Records, Ex. C attached hereto. The Law Offices of Earl P. Underwood expended 206.3 hours, at respective hourly rates of $250 and $125, and seeks an award of fees of $54,625.00, plus $558.94 in expenses, for a total of $55,183.94. *See* The Law Offices of Earl P. Underwood Time Records, Ex. D attached hereto. Calton & Calton expended 85.48 hours at an hourly rate of $200 and seeks an award of fees of $17,096.00. *See* Calton & Calton Time Records, Ex. E attached hereto.

6. The total fees requested–$124,530.28–is based on the Plaintiffs' counsel's time actually spent in litigating this matter. Plaintiffs' counsel's hourly rates are reasonable market rates, and, in fact, are what hourly-basis clients currently pay Plaintiffs' counsel for their legal services. The hourly rate is also commensurate with Plaintiffs' counsel's extensive expertise in complex litigation and, particularly, with the Fair Credit Reporting Act. An award of attorneys' fees "calculated in terms of hours of service provided is the fairest and most manageable approach . . . [under] the FCRA." *Bryant v. TRW, Inc.*, 689 F.2d 72, 80 (6th Cir. 1982); *see also Hall v. Harleysville Ins. Co.*, 943 F. Supp. 536, 540 (E.D. Pa. 1996) ("The Supreme Court has held that '[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' The product of this calculation is the lodestar, and it 'is strongly presumed to yield a reasonable fee.'") (internal citations omitted).

7.  The expenses requested are the reasonable and necessary costs actually incurred in litigating this case, over one-third of which was simply the cost of filing the lawsuit in federal court. Such expenses are routinely awarded to fee applicants and are proper here. *See Hall*, 943 F. Supp. at 546 (In FCRA case, court noting "that fee applicants should generally be compensated for reasonable expenses such as ... telephone charges, [and] photocopies, as well as for reasonable costs stemming from computer research.") (internal citations omitted); *see also Waters v. International Precious Metals Corp.*, 190 F.3d 1291, (11th Cir. 1999) (Court recognizing that "plaintiffs' attorneys are entitled to reimbursement of those reasonable and necessary out-of-pocket expenses incurred in the [litigation of the case].") (internal citations omitted).

8.  Moreover, Plaintiffs' Counsel have prosecuted this case on behalf of the Plaintiffs on an entirely at-risk, contingent fee basis, for over a year, expending more than 550 hours of professional time and advancing costs and expenses of this litigation. Counsel could not have expected any compensation whatsoever -- or even return of their costs -- if the action had proved unsuccessful. Courts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award. *See Floring v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994) (Risk multiplier mandated in contingency situation). Plaintiffs' Counsel faced a significant risk at the outset of this matter that they would not be successful on the merits, particularly in light of the high standard of willfulness required to obtain an award of statutory damages for the Plaintiffs. *See* 15 U.S.C. § 1681n. It is well-established that litigation risk must be measured as of when the case is filed. *See DiFilippo v. Morizio*, 759 F.2d 231, 234 (2d Cir. 1985); *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 583 (3d Cir. 1984). Thus, Plaintiffs' Counsel risked a tremendous amount of their time and money with the knowledge that it would be lost if the

litigation proved unsuccessful.

9. The requested fee is amply justified by several other factors, including: (i) Certegy will be paying the fees, and payment thereof will not reduce the significant relief to be given to the Plaintiffs; (ii) the efforts of Counsel which assisted in achieving the settlement benefits for the Plaintiffs; (iii) the significant risks faced in the litigation, including the proof necessary to establish the Defendant's willfulness in order to obtain statutory damages for the Plaintiffs; (iv) the unique and complex nature of the litigation; (v) the cash benefits given to the Plaintiffs; (vi) the substantial non-cash benefits conferred upon the public by virtue of changes made by Certegy to its internal policies during litigation which directly addressed deficiencies of the Defendant's policies and manual under the FCRA about which Plaintiff's Counsel informed the Defendant at the outset of the litigation; and (vii) the quality of representation by Plaintiffs' Counsel.

10. The hours expended were reasonable and necessary in a case of the complexity and novelty of this litigation. The litigation was hard fought, requiring significant discovery, research, and settlement negotiations to be conducted by Plaintiffs' Counsel.

WHEREFORE, for the reasons set forth herein, Plaintiffs' Counsel respectfully request that the Court enter an order awarding them their respective attorneys' fees and expenses of $52,250.34 $55,183.94 and $17,096.00, for an aggregate amount of $124,530.28, as reasonable attorneys' fees and expenses.

**DATED:** **August 15, 2006**

Respectfully submitted,

  /s/ Tammy McClendon Stokes
David R. Donaldson
Tammy McClendon Stokes
DONALDSON & GUIN, LLC
505 20th Street N., Suite 1000
Birmingham, Alabama 35203
Telephone:  ( 205) 226-2282
Facsimile:  (205) 226-2357

OF COUNSEL:
Earl P. Underwood
21 South Section Street
Fairhope, AL 36532
(251) 990-5558 (telephone)
(251) 990-0626 (facsimile)

Jim S. Calton, Jr.
CALTON & CALTON
226 East Broad Street
Eufaula, AL 36027

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of August, 2006, she served a copy of the foregoing by electronic mail on the following persons:

Anne P. Wheeler
Joseph Carlisle
JOHNSTON BARTON PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

  /s/ Tammy McClendon Stokes
Of Counsel